1  JIVAKA CANDAPPA, (SBN 225919)
2  46 Shattuck Square, # 15
   Berkeley, CA 94704
3  Telephone: (510) 981-1808
   Facsimile: (510) 981-1817
4

5  Attorney for Plaintiffs, DEARMAND E., MICHAEL H.,
   and NICHOLAS P.
6

7

8                  UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DEARMAND E., a minor, by and through      ) Case No.:
    DEARMAND ELLIS, JR., his father/legal     )
12  guardian; MICHAEL H., a minor, by and      )
    through ONITA TUGGLES, his mother/legal    )
13  guardian; and NICHOLAS P., a minor, by and )
    through BETTINA LAWRENCE, his             ) **COMPLAINT FOR DAMAGES AND**
14  mother/legal guardian,                     ) **INJUNCTIVE AND DECLARATORY**
                                               ) **RELIEF**
15                                             )
                                               )
16           Plaintiffs,                       )
                                               )
17           vs.                               )
                                               ) **DEMAND FOR JURY TRIAL**
18  CITY OF ANTIOCH, ANTIOCH POLICE            )
    DEPARTMENT, JAMES HYDE, Chief of           )
19  Police, Antioch Police Department, in his  )
    individual and official capacities; OFFICER)
20  JAMES VINCENT (#3747), OFFICER             )
    LEROY BLOXSOM (#2083), OFFICER             )
21  PFEIFFER (#3707), OFFICER M. ZEPEDA        )
    (#4137), SERGEANT KEVIN ROGERS             )
22  (#2464), OFFICER R. SOLARI (#2372), in     )
    their individual and official capacities;  )
23  ANTIOCH UNIFIED SCHOOL DISTRICT;           )
    DEBORAH SIMS, JO ELLA ALLEN,               )
24  ROBERT BRAVO, ANDY CANNON, RON             )
    LEONE, and BUKKY OYEBADE,                  )
25  individually and in their official capacities,)
                                               )
26                                             )
                                               )
27           Defendants.                       )
                                               )
28  _____)

---

**COMPLAINT FOR DAMAGES AND**                    *DeArmand E. vs. City of Antioch et al.*
**INJUNCTIVE AND DECLARATORY**
**RELIEF**                          **-1-**

1    Plaintiffs, DEARMAND E., a minor, appearing by and through DEARMAND ELLIS,

2  JR., his father/legal guardian; and MICHAEL H. and NICHOLAS P., minors, each appearing

3  by and through their mother/legal guardian, ONITA TUGGLES and BETTINA LAWRENCE,

4  respectively, hereby allege as follows:

## INTRODUCTION

6    1.    Plaintiffs DEARMAND E, MICHAEL H. and NICHOLAS P. bring this lawsuit

7  against the CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, OFFICER JAMES

8  VINCENT, OFFICER LEROY BLOXSOM, OFFICER PFEIFFER, OFFICER M. ZEPEDA,

9  SERGEANT KEVIN ROGERS, OFFICER R. SOLARI, ANTIOCH UNIFIED SCHOOL

10  DISTRICT, DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON,

11  RON LEONE, and BUKKY OYEBADE for violating and conspiring to violate Plaintiffs' civil

12  rights under federal and state law, and for violating legal duties owed to Plaintiffs under state

13  law.  Plaintiffs seek exemplary, statutory and compensatory damages, declaratory and injunctive

14  relief, and attorney fees and costs of suit.

15    2.    On March 7, 2007, Plaintiffs MICHAEL H., NICHOLAS P, and DEARMAND

16  E., all of whom are African-American males, were racially profiled, physically attacked and

17  unlawfully arrested by officers of the Antioch Police Department.  Thereafter, in order to cover

18  up their unlawful conduct, officers of the Antioch Police Department conspired with

19  administrators of the Antioch Unified School District and Deer Valley High School to suspend

20  Plaintiffs from school and expel Plaintiffs from the school district in connection with the

21  incident.

22    3.    The conduct of the City of Antioch, Antioch Police Department, and Antioch

23  Unified School District was particularly pernicious because the school district did not have

24  jurisdiction in the matter as the incident in question occurred some thirty minutes after school at

25  a private business establishment.  Nonetheless, Plaintiffs were expelled from Deer Valley High

26  School for the remainder of the 2006-07 school year and the first semester of 2007-08 school

27  year consequent to expulsion hearings, which were replete with due process violations and other

28  legal errors.

---

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF**                          -2-                     *DeArmand E. vs. City of Antioch et al.*

1  4.  On or about August 30, 2007, Plaintiffs filed government claims against the City

2  of Antioch and the Antioch Unified School District.  In or around November 2007, the City of

3  Antioch and the Antioch Police Department retaliated against Plaintiffs for pursuing a civil suit

4  by referring Plaintiffs to the Contra Costa County District's Attorney's Office for criminal

5  prosecution.

6  5.  To vindicate their rights and to discourage such incidents of racial profiling,

7  violence against racial minorities, and unlawful race-based school discipline practices, Plaintiffs

8  bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth and Fourteenth

9  Amendments to the United States Constitutions, and the laws of the State of California.

10  **PARTIES**

11  6.  Plaintiff DEARMAND E. ("DEARMAND"), a minor, is an African-American

12  male who resides in the City of Antioch in Contra Costa County, California.  Plaintiff appears in

13  this action by and through his father, DeArmand Ellis, Jr., who is also his legal guardian.

14  DEARMAND was enrolled as a student in the Antioch Unified School District ("District") from

15  on or about January 19, 2007, until May 9, 2007, at which point he was expelled from the

16  District in connection with an incident involving officers of the Antioch Police Department that

17  occurred after school and off campus on March 7, 2007.  Plaintiff was readmitted to the District

18  on or about July 18, 2007.

19  7.  Plaintiff MICHAEL H. ("MICHAEL"), a minor, is an African-American male

20  who resides in the City of Antioch in Contra Costa County, California.  Plaintiff appears in this

21  action by and through his mother, Onita Tuggles, who is also his legal guardian.  MICHAEL

22  was enrolled as a student in the Antioch Unified School District from on or about July 5, 2005,

23  until June 14, 2007, at which point he was expelled from the District in connection with an

24  incident involving officers of the Antioch Police Department that occurred after school and off

25  campus on March 7, 2007.  Plaintiff was readmitted to the District in or around February 2008.

26  8.  Plaintiff NICHOLAS P. ("NICHOLAS"), a minor, is an African-American male

27  who resides in the City of Antioch in Contra Costa County, California.  Plaintiff appears in this

28  action by and through his mother, Bettina Lawrence, who is also his legal guardian.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF                    -3-

*DeArmand E. vs. City of Antioch et al.*

1   NICHOLAS was enrolled as a student in the Antioch Unified School District from on or about

2   April 19, 2006, until June 14, 2007, at which point he was expelled from the District in

3   connection with an incident involving officers of the Antioch Police Department that occurred

4   after school and off campus on March 7, 2007.  Plaintiff was readmitted to the District in or

5   around February 2008.

6       9.      On information and belief, Defendant CITY OF ANTIOCH is a municipal

7   corporation that owns, operates, and governs the ANTIOCH POLICE DEPARTMENT

8   pursuant to the laws of the State of California.

9       10.     On information and belief, Defendant CHIEF JAMES HYDE ("HYDE") is the

10  Chief of Police for the City of Antioch.

11      11.     On information and belief, Defendants OFFICER JAMES VINCENT (#3747),

12  OFFICER LEROY BLOXSOM (#2083), OFFICER PFEIFFER (#3707), OFFICER M.

13  ZEPEDA (#4137), SERGEANT KEVIN ROGERS (#2464), and OFFICER R. SOLARI

14  (#2372) are and at all times material to this complaint were employees of Defendants CITY

15  OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT.

16      12.     On information and belief, Defendants CITY OF ANTIOCH and the

17  ANTIOCH POLICE DEPARTMENT are and at all times material to this complaint were

18  responsible for the employment, training, supervision, and discipline of Defendants OFFICER

19  JAMES VINCENT ("VINCENT"), OFFICER LEROY BLOXSOM ("BLOXSOM"),

20  OFFICER PFEIFFER ("PFEIFFER"), OFFICER M. ZEPEDA ("ZEPEDA"), SERGEANT

21  KEVIN ROGERS ("ROGERS"), and OFFICER R. SOLARI ("SOLARI").

22      13.     On information and belief, Defendant LEROY BLOXSOM, sued here in his

23  individual and official capacities, is and at all times material to this complaint was duly

24  employed, appointed and acting as a sworn peace officer of the Antioch Police Department,

25  acting under color of law to wit, under color of the statutes, ordinances, regulations, policies,

26  customs and usages of the State of California and/or the City of Antioch.  At all times material

27  to this Complaint, Defendant BLOXSOM was assigned to Deer Valley High School as a

28  School Resource Officer.  At all times material to this complaint, Defendant BLOXSOM

---

**COMPLAINT FOR DAMAGES AND**
**INJUNCTIVE AND DECLARATORY**
**RELIEF**                          -4-

*DeArmand E. vs. City of Antioch et al.*

1  acted within the scope of his employment with Defendants.

2      14.    On information and belief, Defendants HYDE, VINCENT, PFEIFFER,

3  ZEPEDA, ROGERS, and SOLARI, sued here in their individual and official capacities, are

4  and at all times material to this complaint were duly employed, appointed and acting as sworn

5  peace officers of the Antioch Police Department, acting under color of law to wit, under color

6  of the statutes, ordinances, regulations, policies, customs and usages of the State of California

7  and/or the City of Antioch.  At all times material to this complaint, Defendants HYDE,

8  VINCENT, PFEIFFER, ZEPEDA, ROGERS, and SOLARI acted within the scope of their

9  employment with Defendants CITY OF ANTIOCH and the ANTIOCH POLICE

10 DEPARTMENT.

11     15.    On information and belief, Defendant ANTIOCH UNIFIED SCHOOL

12 DISTRICT is a properly incorporated school district that owns, operates, and governs Deer

13 Valley High School pursuant to the laws of the State of California.

14     16.    On information and belief, Defendant DEBORAH SIMS ("SIMS") is and at all

15 times material to this complaint was the Superintendent of the ANTIOCH UNIFIED

16 SCHOOL DISTRICT.  As Superintendent, she has overall responsibility for the

17 administration of Antioch Unified School District.  On information and belief, Defendant

18 ANTIOCH UNIFIED SCHOOL DISTRICT was the public employer of Defendant SIMS.

19     17.    On information and belief, and at all times material to this complaint,

20 Defendant ANTIOCH UNIFIED SCHOOL DISTRICT was the public employer of

21 Defendants JO ELLA ALLEN ("ALLEN"), ROBERT BRAVO ("BRAVO"), ANDY

22 CANNON ("CANNON"), RON LEONE ("LEONE"), and BUKKY OYEBADE

23 ("OYEBADE").

24     18.    On information and belief, Defendant ANTIOCH UNIFIED SCHOOL

25 DISTRICT was at all times material to this complaint responsible for the employment,

26 training, supervision, and discipline of Defendants ALLEN, BRAVO, CANNON, LEONE,

27 and OYEBADE.

28     19.    On information and belief, Defendant JO ELLA ALLEN, sued here in her

---

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF**                    -5-                    *DeArmand E. vs. City of Antioch et al.*

1  individual and official capacities, is a resident of the State of California and was employed by

2  Defendant ANTIOCH UNIFIED SCHOOL DISTRICT as Principal of Deer Valley High

3  School until around the end of March 2007, at which point she resigned from her position

4  with the Antioch Unified School District.  At all times material to this complaint, Defendant

5  ALLEN was acting under color of law and as an employee of the ANTIOCH UNIFIED

6  SCHOOL DISTRICT.

7       20.    On information and belief, Defendant ROBERT BRAVO, sued here in his

8  individual and official capacities, is a resident of the State of California and is employed by

9  Defendant ANTIOCH UNIFIED SCHOOL DISTRICT as the Associate Superintendent of

10  Secondary Education Services.  At all times material to this complaint, Defendant BRAVO was

11  acting under color of law and as an employee of the ANTIOCH UNIFIED SCHOOL

12  DISTRICT.

13       21.    On information and belief, Defendant ANDY CANNON, sued here in his

14  individual and official capacities, is a resident of the State of California and is employed by

15  Defendant ANTIOCH UNIFIED SCHOOL DISTRICT as a Vice Principal at Deer Valley

16  High School.  At all times material to this complaint, Defendant CANNON was acting under

17  color of law and as an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT.

18       22.    On information and belief, Defendant RON LEONE, sued here in his

19  individual and official capacities, is a resident of the State of California and was employed by

20  Defendant ANTIOCH UNIFIED SCHOOL DISTRICT as its Coordinator of Child Welfare

21  and Attendance, and is now employed by the District as its Director of Student Support

22  Services.  At all times material to this complaint, Defendant LEONE was acting under color

23  of law and as an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT.

24       23.    On information and belief, Defendant BUKKY OYEBADE, sued here in her

25  individual and official capacities, is a resident of the State of California and was employed by

26  Defendant ANTIOCH UNIFIED SCHOOL DISTRICT as a Vice Principal at Deer Valley

27  High School, and is now employed by the District as a Vice Principal at Antioch High School.

28  At all times material to this complaint, Defendant OYEBADE was acting under color of law

---

COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF                          -6-

*DeArmand E. vs. City of Antioch et al.*

1    and as an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT.

2        24.      Plaintiffs are informed and believe that each Defendant was the agent or

3 employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed

4 in this complaint, acted within the scope of such agency or employment, or ratified the acts of

5 the other.

6        25.      Plaintiffs are informed and believe that each of the Defendants caused, and is

7 responsible for the below-described unlawful conduct and resulting injuries in that each of the

8 Defendants participated in the unlawful conduct or acted jointly with others who did so;

9 authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take

10 action to prevent the unlawful conduct; failed and refused with deliberate indifference to

11 Plaintiffs' rights to initiate and maintain adequate training and supervision; failed to prevent

12 further harm to Plaintiffs; and/or ratified the unlawful conduct and actions by employees and

13 agents under Defendants' direction and control, including failure to take remedial action.

## JURISDICTION AND VENUE

15        26.      This Court has subject matter jurisdiction over the parties and this action

16 pursuant to 28 U.S.C. §§ 1331 and 1343.

17        27.      Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

18 the state claims brought in this action, which arise from a common nucleus of operative facts

19 and from the same transactions and occurrences raised in Plaintiffs' federal causes of action.

20        28.      Venue lies in United States District Court for the Northern District of

21 California pursuant to 28 U.S.C. §§ 84 and 1391 because a substantial part of the events that

22 gave rise to the claims alleged in this complaint arose in the County of Contra Costa and one

23 or more defendants reside in the County of Contra Costa or conduct business in the County of

24 Contra Costa.

## INTRADISTRICT ASSIGNMENT

26        29.      The claims alleged herein arose in the County of Contra Costa.  This action is

27 properly assigned to the Oakland or San Francisco Division of the United States District Court

28 for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

1

**STATEMENT OF FACTS**

2      30.      On March 7, 2007, Plaintiffs MICHAEL H. and NICHOLAS P., and Victor F.,

3   all of whom are African-American, were walking through the parking lot of Deer Valley Plaza

4   ("Plaza"), a shopping center in the City of Antioch, to get something to eat at one of the fast

5   food restaurants located within the Plaza when they were harassed by Defendant JAMES

6   VINCENT of the Antioch Police Department who falsely accused them of blocking traffic in

7   the Plaza.

8      31.      After their initial encounter with Officer VINCENT, Plaintiffs walked to

9   McDonald's, which was located in the Plaza.  Officer VINCENT followed Plaintiffs and

10   commanded them not to enter the premises of McDonald's.  Plaintiffs complied and walked to

11   the Taco Bell restaurant, which was also located in the Plaza.  As Plaintiffs were about to enter

12   Taco Bell, Officer VINCENT confronted Plaintiffs and prevented them from entering the

13   restaurant.  Officer VINCENT walked towards MICHAEL who was standing on the curb near

14   Taco Bell.  MICHAEL, on seeing Officer VINCENT approach him holding his canister of

15   pepper spray, ran away.  Officer VINCENT gave chase.  MICHAEL ran across the street

16   towards a neighboring business establishment known as "Gas City," a gas station and

17   convenience store.  NICHOLAS followed MICHAEL to Gas City.

18      32.      As MICHAEL and NICHOLAS entered Gas City, a second police officer,

19   Defendant LEROY BLOXSOM of the Antioch Police Department, caught up with MICHAEL.

20   Officer BLOXSOM pepper sprayed MICHAEL and physically slammed him to the ground.

21   NICHOLAS was also pepper sprayed by Officer BLOXSOM as he entered Gas City.  Because

22   he had been pepper sprayed in the face, NICHOLAS was blinded by the assault and staggered

23   away from Officer BLOXSOM.  Defendant PFEIFFER of the Antioch Police Department then

24   walked up to NICHOLAS and escorted him back toward Officer BLOXSOM, who pepper

25   sprayed NICHOLAS a second time, even though Plaintiff NICHOLAS had already been

26   physically restrained by Officer PFEIFFER.

27      33.      After pepper spraying NICHOLAS a second time, Officer BLOXSOM pepper

28   sprayed a third African-American student who was observing the incident.  When that young

---

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF**                          -8-

*DeArmand E. vs. City of Antioch et al.*

1   man turned away from the pepper spray, he was tackled from behind by a baton wielding

2   Antioch Police Department officer.  Meanwhile, Victor F. was tackled to the ground and

3   arrested by another Antioch Police Department officer.

4       34.    As the police assault on the students unfolded, a small group of observers began

5   to gather around the public sidewalk on the periphery of Gas City.  Cameron Jones, a minor,

6   recorded part of the incident using his digital camera.  The video from his camera shows the

7   Antioch Police Department officers pepper-spraying several students and throwing one to the

8   ground.

9       35.    Plaintiff DEARMAND E. was part of the small group of observers who

10  witnessed the Gas City incident from the public sidewalk on the periphery of Gas City.  Shortly

11  after the arrest of Plaintiffs MICHAEL, NICHOLAS and others, one of the Antioch Police

12  Department officers who had responded to Gas City directed his attention towards the small

13  group that was gathered on the periphery of Gas City.  The officer, Defendant SOLARI, pointed

14  towards the group and directed another officer, Defendant ZEPEDA, to apprehend an

15  unidentified person.  Plaintiffs are informed and believe that Officer SOLARI directed Officer

16  ZEPEDA to arrest eye witness Cameron Jones who was recording the police attack on the

17  African-American boys.

18      36.    Officer ZEPEDA walked towards the group holding his canister of pepper spray.

19  As Officer ZEPEDA walked towards the group, DEARMAND started to back away and crossed

20  the street fearing that he would be pepper sprayed by Officer ZEPEDA.  Officer ZEPEDA on

21  seeing DEARMAND back away chased after him.  DEARMAND ran a short distance and

22  stopped.  Nonetheless, Officer ZEPEDA pursued DEARMAND, tackled him to the ground and

23  arrested him without lawful justification.

24      37.    Plaintiffs DEARMAND, MICHAEL and NICHOLAS, and at least four other

25  minors were arrested in connection with the Gas City incident.  All of the arrestees were

26  African-American.  MICHAEL suffered a shoulder separation as a result of the police assault,

27  and was denied emergency medical attention by the police to treat that injury and the effects of

28

---

COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF                                -9-

*DeArmand E. vs. City of Antioch et al.*

1   the pepper spray.  NICHOLAS was also denied emergency medical attention to treat the effects

2   of the pepper spray.

3       38.    The arrestees were transported to the Antioch Police Department, interrogated,

4   booked and charged with violating California Penal Code section 148(a)(1) - delaying and

5   obstructing a peace officer.  Plaintiffs were released several hours after their arrest.

6       39.    After the incident at Gas City, Officer BLOXSOM, who is a regular-duty officer

7   of the Antioch City Police and the "school resource officer" assigned to Deer Valley High

8   School ("DVHS"), contacted administrators at DVHS and reported the incident.

9       40.    In order to cover up their misconduct, the involved police officers made false

10  statements in their incident reports.  The officers contended that Plaintiffs had blocked traffic,

11  incited the crowd, that a crowd in excess of 50 chased the officers, and that the crowd

12  encroached on the officers in an apparent attempt to free the arrestees.

13      41.    Additionally, officers of the Antioch Police Department made numerous false

14  statements to the press.  Captain Steve McConnell of the Antioch Police Department was

15  quoted as saying in the Contra Costa Times of March 9, 2007, that the officers had to deal with

16  a violent mob and a large crowd of angry adolescents.  The press report also quoted the Antioch

17  Police as stating that one of MICHAEL'S friends tried to free him from police custody, another

18  grabbed for an officer's taser, and a third tried to punch an officer.  However, the surveillance

19  tapes from Gas City, which the Antioch Police secured as evidence and the video taken by

20  Cameron Jones impeach the officers' version of events.

21      42.    When DVHS principal, Defendant JO ELLA ALLEN, learned of the Gas City

22  incident, she met with school administrators and decided to suspend Plaintiffs despite the fact

23  that DVHS did not have jurisdiction in the matter and despite witness statements and visual

24  evidence disproving the police version of events.  Consequently, on March 8, 2007, Defendant

25  CANNON suspended MICHAEL and NICHOLAS, and Defendant OYEBADE suspended

26  DEARMAND.

27      43.    Chief of Police for the City of Antioch, Defendant JAMES HYDE, and the

28  Superintendent of the Antioch Unified School District, Defendant DEBORAH SIMS, became

---

1    involved in the matter.  On information and belief, Defendant SIMS conspired with Defendant

2    HYDE and Antioch Unified School District personnel, including Defendants BRAVO and

3    LEONE, to expel Plaintiffs from the District.  Defendant LEONE was designated as the

4    District's principal investigator, and met with DVHS personnel and the parents of the students

5    who were facing expulsion.  On information and belief, Defendant LEONE advised one or more

6    key administrators at DVHS that the District had decided to expel all students who were

7    involved in the Gas City incident regardless of the jurisdictional issue and evidence exonerating

8    the students.  The expulsion was to run for the remainder of the 2006-07 school year and the

9    first semester of the 2007-08 school year.

10        44.    Subsequently, by memorandum dated March 14, 2007, DVHS Principal,

11   Defendant ALLEN, recommended Plaintiffs' expulsion from DVHS.  ALLEN recommended

12   that Plaintiffs be expelled for the remainder of the 2006-07 school year and the first semester of

13   the 2007-08 school year.

14        45.    The District appointed a three-member hearing panel to conduct the expulsion

15   hearings.  Significantly, one of the hearing panel members, Defendant CLARENCE ISADORE,

16   was being considered for the position of Principal of DVHS, which became open after

17   Defendant ALLEN resigned as Principal of DVHS shortly after the Gas City incident.  By the

18   time of NICHOLAS' hearing, Defendant ISADORE had been offered and had accepted a

19   position as Co-principal of DVHS.

20        46.    The District held separate expulsion hearings for each of the students who were

21   facing expulsion.  All of the expulsion hearings were held before the same three panel members,

22   however.

23        47.    DEARMAND'S expulsion hearing was held on May 2, 2007.  MICHAEL'S

24   expulsion hearing began on May 3, 2007, and concluded on May 22, 2007.  NICHOLAS'

25   hearing began on May 23, 2007, and concluded on June 8, 2007.

26        48.    Despite the convening of a three-member hearing panel comprised of District

27   employees, the hearings were presided over by a hearing officer, Defendant LEONE, in

28   violation of section 48918 of the California Education Code.  Rather than retaining a neutral

1   hearing officer through the county or the California Office of Administrative Hearings as

2   required by law, the District appointed its own Coordinator for Child Welfare and Attendance,

3   Defendant LEONE, as the hearing officer.  Defendant LEONE had served as the District's

4   principal investigator with respect to the incident at Gas City, was involved in the District's

5   decision to expel Plaintiffs, and had conveyed the District's decision regarding expulsion of

6   Plaintiffs to one or more key DVHS personnel.

7       49.    At Plaintiffs' expulsion hearings, Defendant LEONE served as the District's

8   principal witness and presided over the hearings, ruling on objections and making

9   determinations about the admissibility of evidence even during and with respect to his own

10  testimony.  Defendant LEONE served as the hearing officer notwithstanding the fact that he

11  acknowledged that he, as a District employee, was represented by the attorney representing the

12  District in the expulsion proceedings.  And, the District's attorney played multiple roles during

13  the hearing, including representing the District and the Hearing Officer, Defendant LEONE.

14      50.    The District called the involved police officers only to authenticate their incident

15  reports.  Defendant Officers BLOXSOM, VINCENT and PFEIFFER had been instructed by

16  their superiors not to testify to anything beyond the authenticity of their police reports and

17  thereby not be subject to cross-examination by counsel for Plaintiffs.  Consequently, although

18  the officers were called as witnesses, Plaintiffs were denied the opportunity to cross-examine

19  the police officers about their recollections regarding the Gas City incident or the contents of

20  their incident reports in what were clear violations of the specific confrontation provision in the

21  California Education Code and Plaintiffs' right to due process under the federal and state

22  constitutions.  Instead, the officers merely authenticated their police reports and were thereafter

23  excused by the hearing officer, Defendant LEONE.

24      51.    Plaintiffs are informed and believe that the District did not obtain the juvenile

25  court's permission to copy and disseminate the police reports for purposes of Plaintiffs'

26  expulsion proceedings.  California Welfare and Institutions Code section 827, which governs

27  the confidentiality of juvenile records, while permitting specifically enumerated parties,

28  including the superintendent of a school district, to inspect juvenile court records, nonetheless

---

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF**                    **-12-**

*DeArmand E. vs. City of Antioch et al.*

1   prohibits copying or dissemination of such files or any portion thereof or information therein

2   without prior approval from the juvenile court.  And, Plaintiffs were not given notice and the

3   opportunity to be heard concerning the copying and dissemination of such records pursuant to

4   the relevant provisions of the California Welfare and Institutions Code and Rules of Court.

5          52.    The District also withheld exculpatory evidence from Plaintiffs, including a

6   statement authored by witness Cameron Jones and the Gas City surveillance tapes.

7          53.    The District's case in support of Plaintiffs' expulsions was comprised entirely of

8   hearsay evidence, namely the testimony of Defendant LEONE regarding people with whom he

9   had spoken to during his investigation of the Gas City incident and the reports of the police

10  officers as to what occurred when the students were arrested.

11         54.    By contrast, Plaintiffs called several eye-witnesses to the Gas City incident, each

12  of whom testified and were subject to cross-examination.  The testimony of the eye witnesses

13  established that Plaintiffs did not physically injure, attempt to injure, or threaten to cause

14  physical injury to any of the officers.  The eye-witness testimony further established that the

15  incident occurred off campus, after school hours, and did not involve school personnel engaged

16  in the performance of their duties.

17         55.    After the hearings, the administrative panel issued written decisions in which it

18  found that Plaintiffs had violated sections 48900(a)(1) and 48900(k) of the Education Code.

19  The panel recommended that Plaintiffs be expelled for the remainder of the 2006-07 school year

20  and the first semester of the 2007-08 school year.  The School Board adopted the panel's

21  recommendations and expelled Plaintiffs.

22         56.    Plaintiffs appealed their expulsions to the Contra Costa County Office of

23  Education ("County Board").  DEARMAND'S appeal was heard on July 18, 2007.  The County

24  Board reversed the District's ruling finding that the District did not have jurisdiction in the

25  matter and that the District abused its discretion in expelling DEARMAND because the

26  evidence did not show that DEARMAND violated sections 48900(a)(1) and 48900(k) of the

27  Education Code.

28

---

57.    The appeals filed by MICHAEL and NICHOLAS were heard by the County Board the following month on August 8, 2007.  In a remarkable about face, the County Board voted to affirm the District's decision to expel MICHAEL and NICHOLAS finding that the District had jurisdiction in the matter and that there was substantial evidence to support the expulsions notwithstanding the overwhelming evidence documenting the numerous statutory and due process violations that infected Plaintiffs' expulsion hearings.

58.    MICHAEL and NICHOLAS filed writs of mandate in the Contra County Superior Court appealing the County Board's decisions.  The Contra County Superior Court has not ruled on their writs as yet.

59.    Plaintiffs timely filed their Government Claims notices against the Antioch Unified School District and the City of Antioch.  The Antioch Unified School District and the City of Antioch rejected Plaintiffs' claims.

60.    In or around November 2007, two months after Plaintiffs filed their Government Claims against the Antioch Unified School District and the City of Antioch, the Antioch Police Department, in retaliation, referred Plaintiffs to the Contra Costa County District Attorney's Office for criminal prosecution.

61.    The Antioch Unified School District has engaged in a pattern and practice of discriminating against students of color, including African-American students.  The Antioch Unified School District has developed, maintained, authorized, ratified and applied policies, practices, customs, usages, and procedures that exhibit deliberate indifference to the legal rights of students of color, including African-American students, who attend Antioch Unified School District.

62.    On information and belief, 31% of the student population enrolled in the Antioch Unified School District is White and 19% is African-American.  On information and belief, approximately 25% of the student population at Deer Valley High School is White and 26% is African-American.

63.    Plaintiffs are informed and believe that African-American students are subject to disparate treatment in matters pertaining to enforcement and application of school discipline.

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**                    -14-

*DeArmand E. vs. City of Antioch et al.*

On information and belief, 55% of the students expelled from Deer Valley High School in the period 2004 though 2007 were African American while 18% of White students were expelled during that same period. Statistics indicate that African-American students are expelled at over twice the rate in relation to their proportionate numbers in the student population.

64.     Further, the Antioch Unified School District and Deer Valley High School in collaboration with the City of Antioch and the Antioch Police Department instituted and maintained a program, policy or practice, which unlawfully profiled juveniles and students of color who frequented Deer Valley Plaza in the City of Antioch. Consequently, African-American juveniles were targeted for harassment, and unlawful searches and seizures by the City of Antioch and the Antioch Police Department, and Deer Valley High School students in particular were targeted for disciplinary action by the Antioch Unified School District.

65.     The City of Antioch and the Antioch Police Department improperly developed, maintained, authorized, ratified or applied policies, practices, customs, usages, or procedures that exhibited deliberate indifference to the legal rights of African-Americans in the provision of law enforcement services. Such discrimination includes racial profiling, unlawful home entries and searches under color of law, disparate treatment, and use of excessive force.

66.     According to the United States Census of 2006, African-Americans constituted approximately 16% of the population in the City of Antioch. However, the detention and arrest of African-Americans by officers of the Antioch Police Department far exceeds their proportionate numbers in the population. Plaintiffs are informed and believe that in the period June 2004 through January 2008, 46% of the persons arrested by the Antioch Police Department for a violation of California Penal Code section 148(a)(1) - delaying or obstructing a peace officer - were African-American; and 60% of juveniles arrested for a violation of California Penal Code section 148(a)(1) were African-American. Plaintiffs are informed and believe that in the period December 2004 through November 2007, 49% of all juveniles arrested or cited by the Antioch Police Department were African-American while 23% were White; and 54% of all juveniles arrested and booked by the Antioch Police Department were African-American while 22% were White.

67.     Plaintiffs are informed and believe that approximately 75% of the police force in the City of Antioch is White, and 5% is African-American.  Plaintiffs are informed and believe that of the twenty eight (28) sworn officers serving in a supervisory capacity in the Antioch Police Department only one (1) is African-American.

68.     As a matter of custom, policy and practice, the Antioch Police Department inadequately and improperly investigates complaints of police misconduct.  As a matter of custom, policy and practice, the Antioch Police Department inadequately and improperly supervises and trains its police officers, including the officers identified herein, thereby failing to adequately discourage further constitutional violations on the part of its officers.  As a matter of custom, policy and practice, the City of Antioch and the Antioch Police Department authorize and/or ratify the unlawful and discriminatory conduct and behavior of Antioch City police officers especially when such unlawful and discriminatory conduct and behavior is directed at African-American citizens.

## STATEMENT OF DAMAGES

69.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs were unlawfully detained, searched, battered, arrested, and imprisoned.  Plaintiffs were suspended and expelled from their high school without lawful justification.  As a result of Defendants' acts and omissions, Plaintiffs sustained pain and suffering, emotional distress, fear, humiliation, loss of security, anxiety, loss of physical liberty and loss of property interest.

70.     Defendants and each of them is liable for Plaintiffs' injuries and damages pursuant to Title 42 United States Code sections 1983, 1985 and 1986; California Government Code sections 815.2, 815.6 and 820; and California Civil Code sections 51.7 and 52.1 as set forth below.

71.     Defendants' acts and omissions were intentional, willful, malicious, reckless, and in conscious disregard of Plaintiffs' protected rights.  As such and to deter future similar conduct by Defendants, Plaintiffs are entitled to an award of punitive damages against Defendants.

1    72.    Plaintiffs are further entitled to statutory damages and penalties pursuant to
2  California Civil Code sections 52(b) and 52.1(b); and attorney fees and costs pursuant to 42
3  U.S.C. section 1988 and California Civil Code sections 52(b) and 52.1(h), and other applicable
4  statutes.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA,**
**ROGERS, and SOLARI in their official and individual capacities, and**
**SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE**
**in their individual capacities only)**

9    73.    Plaintiffs incorporate by reference the allegations set forth above and below.
10    74.    Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS,
11  SOLARI, SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE acted under color of
12  law, and conspired to deprive, and acting jointly and in concert with one another did deprive
13  Plaintiffs of their constitutional rights, which include, but are not limited to, the following:

(a)    the right to freedom of expression, assembly and association;

(b)    the right to be free from unreasonable detentions, searches, and seizures;

(c)    the right to be free from unlawful arrests, imprisonment, and malicious prosecution;

(d)    the right to equal protection of the laws;

(e)    the right not to be deprived of liberty without due process of law;

(f)    the right not to be deprived of a property interest without due process of law;

(g)    the right not to be subject to unreasonable and unjustified force against one's person.

75.    The rights set forth above are embodied in clearly established constitutional law pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution.

76.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Defendants CITY OF ANTIOCH and**
**ANTIOCH POLICE DEPARTMENT)**

77.    Plaintiffs incorporate by reference the allegations set forth above and below.

78.    On information and belief, the unlawful conduct of Defendants VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI was pursuant to and made possible by the customs, policies, practices, and/or procedures of the CITY OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT, which include, but are not limited to, the following:

(a)    engaging in, condoning, and/or failing to properly investigate or discipline racial discrimination and other equal protection violations;

(b)    engaging in, condoning, and/or failing to properly investigate or discipline unreasonable detentions, searches and seizures, use of excessive, unreasonable and unjustified force, false arrests, malicious prosecutions, and due process violations;

(c)    inadequately training and supervising officers, and failing to adopt and/or enforce policies and procedures for the proper training, and supervision of officers;

(d)    inadequately investigating and failing to adopt and/or enforce rules, regulations, policies, and procedures for the proper investigation of and response to citizen complaints about officer misconduct.

79.    The rights set forth above are embodied in clearly established constitutional law pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution.

80.    As a result of the customs, policies, practices, and/or procedures listed above, Defendants VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI believed that their actions would not be monitored, investigated, or result in disciplinary action by their supervisors and would instead be tolerated and/or condoned.

81.    The foregoing customs, policies, practices, and/or procedures constitute deliberate indifference on the part of Defendants CITY OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT to Plaintiffs' constitutional rights.

82.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1985(3)
**(Against Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE and OYEBADE in their individual capacities only)**

83.     Plaintiffs incorporate by reference the allegations set forth above and below.

84.     On information and belief, Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, SOLARI, SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE acted under color of law and conspired with one another and deprived Plaintiffs of their constitutional right to equal protection of the laws.

85.     Defendants' conduct was motivated by racial animus.

86.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1986
**(Against Defendants HYDE, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE and OYEBADE in their individual capacities only)**

87.     Plaintiffs incorporate by reference the allegations set forth above and below.

88.     On information and belief, Defendants HYDE, ROGERS, SOLARI, SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE knew of the wrongs conspired to be done in violation of 42. U.S.C. section 1985 and further knew that such wrongs were about to be committed against Plaintiffs, but nonetheless failed, neglected, refused to prevent or aid in preventing the commission of such wrongs against Plaintiffs despite having the power to do so.

---

89.    As a result of Defendants' negligent conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 2000d**
**(Against Defendants CITY OF ANTIOCH and**
**ANTIOCH POLICE DEPARTMENT)**

90.    Plaintiffs incorporate by reference the allegations set forth above and below.

91.    Defendants discriminated against Plaintiffs in the provision of law enforcement services on the basis of Plaintiffs' actual or perceived race.

92.    On information and belief, Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT receive federal financial assistance to provide law enforcement services.

93.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**SIXTH CAUSE OF ACTION**
**California Government Code § 815.6 - Breach of Mandatory Duty**
**(Against All Defendants)**

94.    Plaintiffs incorporate by reference the allegations set forth above and below.

95.    Defendants violated Plaintiffs clearly established rights enacted pursuant to United States and California law, which include, but are not limited to, the following:

(a)    First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution - right to freedom of expression, assembly and association;

(b)    Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution - right to be free from unreasonable detentions, searches, and seizures;

(c)    Fourteenth Amendment to the United States Constitution and Article I, Section

7 of the California Constitution - right to due process and equal protection of the laws;

(d)    Article IX, Sections 1 and 5 of the California Constitution – fundamental right to education;

(e)    Civil Code Section 43 - right of protection from bodily restraint or harm, from personal insult, and from defamation;

(f)    Civil Code Section 51.7 - right to freedom from violence;

(g)    California Civil Code Section 52.1 (b) - right to exercise civil rights;

(h)    California Education Code Section 220 - right to be free from discrimination on the basis of race, color, or ethnic group identification in any program or activity that receives or benefits from state financial assistance;

(i)    California Government Code Section 11135 - right to be free from discrimination on the basis of race, color, or ethnic group identification in any program or activity that receives or benefits from state financial assistance.

96.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SEVENTH CAUSE OF ACTION
**California Government Code § 815.2 - *Respondeat Superior* Liability**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, and ANTIOCH UNIFIED SCHOOL DISTRICT)**

97.    Plaintiffs incorporate by reference the allegations set forth above and below.

98.    Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, and ANTIOCH UNIFIED SCHOOL DISTRICT are liable for injuries to Plaintiffs proximately caused by the acts and omission of their employees within the scope of their employment.

99.    On information and belief, Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS and SOLARI are and at all times material to this complaint were employed by the CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT, and the wrongful conduct attributed to said Defendants were caused by their acts or omissions in

---

1  the scope of their employment with the CITY OF ANTIOCH and ANTIOCH POLICE
2  DEPARTMENT.

3     100.    On information and belief, Defendants SIMS, ALLEN, BRAVO, CANNON,
4  LEONE, and OYEBADE were at all times material to this complaint employed by the
5  ANTIOCH UNIFIED SCHOOL DISTRICT, and the wrongful conduct attributed to said
6  Defendants were caused by their acts or omissions in the scope of their employment with the
7  ANTIOCH UNIFIED SCHOOL DISTRICT.

8     101.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have
9  suffered, and will continue to suffer, the above stated damages in an amount according to
10  proof, including attorney fees and costs, to remedy the unlawful conduct.

11     WHEREFORE, Plaintiffs pray for relief as set forth herein.

12                      **EIGHTH CAUSE OF ACTION**
                          **Assault and Battery**
13             **(Against Defendants BLOXSOM, VINCENT, PFEIFFER,**
                   **ROGERS, SOLARI and ZEPEDA)**
14

15     102.    Plaintiffs incorporate by reference the allegations set forth above and below.

16     103.    Defendants BLOXSOM, VINCENT, PFEIFFER, ROGERS, SOLARI and
17  ZEPEDA assaulted and battered Plaintiffs.  Defendants' conduct was intentional,
18  nonconsensual, harmful, offensive and without lawful justification.  Further, Defendants'
19  conduct caused Plaintiffs to be placed in fear of personal harm.

20     104.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have
21  suffered, and will continue to suffer, the above stated damages in an amount according to proof,
22  including attorney fees and costs, to remedy the unlawful conduct.

23     WHEREFORE, Plaintiffs pray for relief as set forth herein.

24                      **NINTH CAUSE OF ACTION**
              **Intentional Infliction of Emotional Distress**
25                      **(Against All Defendants)**

26     105.    Plaintiffs incorporate by reference the allegations set forth above and below.

27

28

---

COMPLAINT FOR DAMAGES AND                    *DeArmand E. vs. City of Antioch et al.*
INJUNCTIVE AND DECLARATORY
RELIEF                       **-22-**

106.    The conduct of Defendants was outrageous and directed at Plaintiffs. Defendants' conduct was intended to cause injury or was in reckless disregard of the probability of causing injury to Plaintiffs and did in fact cause Plaintiffs serious emotional distress.

107.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### TENTH CAUSE OF ACTION
**Violation of Civil Code Section 52.1(b)**
**(Against Defendants VINCENT, BLOXSOM, PFEIFFER, ZEPEDA,**
**ROGERS, SOLARI, SIMS, ALLEN, BRAVO, CANNON,**
**LEONE and OYEBADE)**

108.    Plaintiffs incorporate by reference the allegations set forth above and below.

109.    Defendants VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, SOLARI, SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE interfered with the exercise and enjoyment of Plaintiffs' clearly established rights under United States and California law, which include, but are not limited to, the following:

(a)    First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution - right to freedom of expression, assembly and association;

(b)    Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution - right to be free from unreasonable detentions, searches, and seizures;

(c)    Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution - right to due process and equal protection of the laws;

(d)    Article IX, Sections 1 and 5 of the California Constitution - fundamental right to education;

(e)    Civil Code Section 43 - right of protection from bodily restraint or harm, from personal insult, and from defamation;

(f)    Civil Code Section 51.7 - right to freedom from violence;

(g)    California Education Code Section 220 - right to be free from discrimination on the basis of race, color, or ethnic group identification in any program or activity that receives or benefits from state financial assistance;

(h)    California Government Code Section 11135 - right to be free from discrimination on the basis of race, color, or ethnic group identification in any program or activity that receives or benefits from state financial assistance.

110.    Defendants violated Plaintiffs' clearly established rights under United States and California law by threats, intimidation and coercion.

111.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## ELEVENTH CAUSE OF ACTION
### Violation of Civil Code Section 51.7
### (Against Defendants BLOXSOM, VINCENT, PFEIFFER, ROGERS, SOLARI and ZEPEDA)

112.    Plaintiffs incorporate by reference the allegations set forth above and below.

113.    Defendants violated Plaintiffs' right to be free from violence, threat of violence or intimidation by threat of violence on the basis of Plaintiffs' race or color.

114.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## TWELFTH CAUSE OF ACTION
### Negligence and Negligence Per Se
### (Against All Defendants)

115.    Plaintiffs incorporate by reference the allegations set forth above and below.

116.    At all relevant times, Defendants owed Plaintiffs the duty to act with reasonable care and to refrain from:

(a)    violating the right to freedom of expression, assembly and association;

---

COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF                          -24-

*DeArmand E. vs. City of Antioch et al.*

(b)    conducting unlawful arrests and malicious prosecutions;

(c)    violating the right to equal protection of the laws;

(d)    violating the right to due process;

(e)    discriminating on the basis of race, or color;

(f)    denying the right to education;

(g)    violating the provisions of section 43 of the California Civil Code.

117.    Defendants also owed Plaintiffs the duty to adequately train and supervise Defendants' employees, and to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of Defendants' employees.

118.    By their acts and omissions, Defendants breached each of the foregoing duties owed to Plaintiffs.  Further, it was reasonably foreseeable that such breaches of duty would cause Plaintiffs physical and/or emotional harm.

119.    As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRTEENTH CAUSE OF ACTION
**Abuse of Process**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BLOXSOM, VINCENT, PFEIFFER, ZEPEDA ANTIOCH UNIFIED SCHOOL DISTRICT, SIMS and LEONE)**

120.    Plaintiffs incorporate by reference the allegations set forth above and below.

121.    Defendants willfully and improperly commenced expulsion proceedings against Plaintiffs despite the fact that Defendants did not have jurisdiction under the California Education Code to expel Plaintiffs.  Defendants' conduct in commencing expulsion proceedings against Plaintiffs and thereafter the manner of Defendants' prosecution of the case to expel Plaintiffs was motivated by an improper purpose and to perpetrate an injustice.

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**          -25-          *DeArmand E. vs. City of Antioch et al.*

122.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FOURTEENTH CAUSE OF ACTION
**Malicious Prosecution**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, ZEPEDA, ANTIOCH UNIFIED SCHOOL DISTRICT, SIMS, ALLEN and LEONE)**

123.    Plaintiff DEARMAND E. incorporates by reference the allegations set forth above and below.

124.    Defendants maliciously commenced and pursued school expulsion proceedings against DEARMAND E. without lawful justification for the wrongful purpose of injuring him.

125.    DEARMAND E. was acquitted of all wrongdoing by the County Board of Education, which ruled that the District did not have jurisdiction in the matter and that the District abused its discretion in expelling him.

126.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney's fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FIFTEENTH CAUSE OF ACTION
**Injunctive and Declaratory Relief**
**(Against Defendants ANTIOCH UNIFIED SCHOOL DISTRICT, SIMS and LEONE)**

127.    Plaintiffs incorporate by reference the allegations set forth above and below.

128.    An actual and substantial controversy now exists between Plaintiffs and Defendants as to whether Defendants may expel students for conduct that occurs after school hours at private business establishments.

129.    An actual and substantial controversy also exists between Plaintiffs and Defendants as to whether a School Resource Officer is a school official, and acts within his

---

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF**                                    **-26-**                *DeArmand E. vs. City of Antioch et al.*

1    scope of duty when he provides assistance to law enforcement officers in connection with

2    incidents that occur after school and off campus involving students enrolled in the District.

3        130.    An actual and substantial controversy also exists between Plaintiffs and

4    Defendants as to whether Defendants may appoint a hearing officer and a three-member hearing

5    panel to conduct expulsion hearings despite the plain text of the California Education Code,

6    which provides that a school district must choose between one of the two options.

7        131.    An actual and substantial controversy also exists between Plaintiffs and

8    Defendants as to whether Defendants' practice of copying and disseminating police reports

9    pertaining to students enrolled in the District without approval of the juvenile court, and notice

10    to students or their parents violates the Family Educational Rights and Privacy Act and section

11    827 *et seq*. of the California Welfare and Institutions Code.

12        132.    In addition to violating the foregoing statutes, Defendants' conduct violates 42

13    U.S.C. section 1983, and the First, Fourth and Fourteenth Amendments to the United States

14    Constitution.  Defendants' conduct also violates Title VI of the Civil Rights Act of 1964, 42

15    U.S.C. section 2000d, which prohibits recipients of federal funding from discriminating against

16    individuals on the basis of race or national origin.  And, Defendants' conduct violates California

17    Government Code section 11135 and Education Code section 220, which prohibit

18    discrimination against individuals on the basis of race or national origin in or under any

19    program or activity conducted, operated or administered by the state or state agency.

20        133.    Unless the Court issues an appropriate declaration of rights, the parties will not

21    know whether Defendants' policies and practices comply with the law.

22        134.    Further, if not enjoined, Defendants will continue to expel students for conduct

23    that occurs after school hours at private business establishments, and with respect to any and all

24    incidents involving school resource officers and students.  If not enjoined, Defendants will

25    continue to appoint a hearing officer in addition to a three-member hearing panel to conduct

26    expulsion proceedings and expel students without just cause.  And, Defendants will continue to

27    copy and disseminate confidential information pertaining to students without obtaining the

28    permission of the juvenile court and without proper notice to students or their parents.

135.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## JURY TRIAL DEMAND

136.    Plaintiffs hereby request a jury trial in this action.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

1.    Compensatory damages according to proof against all defendants;

2.    Special damages according to proof against all defendants;

3.    Statutory damages and penalties pursuant to California Civil Code sections 52(b) and 52.1(b);

4.    Punitive damages in an amount according to proof against all defendants;

5.    Declaratory judgment that the policies and practices of the Antioch Unified School District violate Plaintiffs' rights as guaranteed under 42 U.S.C. section 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. section 2000d, California Government Code section 11135, California Education Code sections 220 and 48918, and California Welfare and Institutions Code section 827 *et seq.*;

6.    Permanent injunction enjoining the Antioch Unified School District and its personnel from appointing District employees as administrative hearing panel members or as hearing officers in the conduct of school expulsion hearings, and further ordering the District and its personnel to appoint an impartial hearing officer from the County or State Office of Administrative Hearings as set forth in section 48918(d) of the Education Code;

7.    Permanent injunction ordering the Antioch Unified School District and its personnel not to copy or disseminate juvenile police reports and case information about students without approval of the juvenile court and notice to students or their parents;

8.    Permanent injunction ordering the Antioch Unified School District not to expel students for conduct that occurs after school at private business establishments;

---

COMPLAINT FOR DAMAGES AND                    *DeArmand E. vs. City of Antioch et al.*
INJUNCTIVE AND DECLARATORY
RELIEF                              **-28-**

1   9.  Attorney fees and costs pursuant to 42 U.S.C. section 1988;

2   10.  Attorney fees and costs pursuant to California Civil Code sections 52(b) and

3 52.1(h); and

4   11.  Such other relief as the Court finds just and proper.

5

6 DATED:  March 28, 2008

7

8

9         By: ___/s/ Jivaka Candappa_____

10          JIVAKA CANDAPPA, for Plaintiffs,
           DEARMAND E., MICHAEL H.
           and NICHOLAS P.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE AND DECLARATORY
RELIEF**        **-29-**       *DeArmand E. vs. City of Antioch et al.*