JIVAKA CANDAPPA, (SBN 225919)
46 Shattuck Square, # 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Facsimile: (510) 981-1817


Attorney for Plaintiffs, DEARMAND E., MICHAEL H.,
and NICHOLAS P.


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


DEARMAND E., a minor, by and through      ) Case No.: C 08-01709 EMC
DEARMAND ELLIS, JR., his father/legal     )
guardian; MICHAEL H., a minor, by and     )
through ONITA TUGGLES, his mother/legal   )
guardian; and NICHOLAS P., a minor, by and )
through BETTINA LAWRENCE, his             ) **FIRST AMENDED COMPLAINT FOR**
mother/legal guardian,                     ) **DAMAGES AND INJUNCTIVE AND**
                                          ) **DECLARATORY RELIEF**
              Plaintiffs,                   ) **(42 U.S.C. §§ 1983, 1985, 1986, 2000d; Cal.**
                                          ) **Gov. Code §§ 815.2, 815.6, 11135; Cal. Civ.**
              vs.                           ) **Code §§ 51.7, 52.1; Cal. Ed. Code § 220;**
                                          ) **Assault and Battery, Intentional Infliction**
CITY OF ANTIOCH, ANTIOCH POLICE            ) **of Emotional Distress, Negligence, Abuse of**
DEPARTMENT, JAMES HYDE, Chief of          ) **Process, Malicious Prosecution)**
Police, Antioch Police Department, in his  )
individual and official capacities; OFFICER )
JAMES VINCENT (#3747), OFFICER             )
LEROY BLOXSOM (#2083), OFFICER            )
PFEIFFER (#3707), OFFICER M. ZEPEDA       ) **DEMAND FOR JURY TRIAL**
(#4137), SERGEANT KEVIN ROGERS            )
(#2464), OFFICER R. SOLARI (#2372), in     )
their individual and official capacities;   )
ANTIOCH UNIFIED SCHOOL DISTRICT;          )
DEBORAH SIMS, ROBERT BRAVO, RON           )
LEONE, in their individual and official     )
capacities; JO ELLA ALLEN, ANDY           )
CANNON, and BUKKY OYEBADE, in their       )
individual capacity,                        )
              Defendants.                    )

---

**FIRST AMENDED COMPLAINT FOR**                    *DeArmand E. vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**                        **CASE # C 08-01709 EMC**
**DECLARATORY RELIEF**          **-1-**

Plaintiffs, DEARMAND E., a minor, appearing by and through DEARMAND ELLIS, JR., his father/legal guardian; and MICHAEL H. and NICHOLAS P., minors, each appearing by and through their mother/legal guardian, ONITA TUGGLES and BETTINA LAWRENCE, respectively, hereby allege as follows:

## INTRODUCTION

1.       Plaintiffs DEARMAND E, MICHAEL H. and NICHOLAS P. bring this lawsuit against the CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, OFFICER JAMES VINCENT, OFFICER LEROY BLOXSOM, OFFICER PFEIFFER, OFFICER M. ZEPEDA, SERGEANT KEVIN ROGERS, OFFICER R. SOLARI, ANTIOCH UNIFIED SCHOOL DISTRICT, DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE for violating and conspiring to violate Plaintiffs' civil rights under federal and state law, and for violating legal duties owed to Plaintiffs under state law.  Plaintiffs seek exemplary, statutory and compensatory damages, declaratory and injunctive relief, attorney fees and costs of suit.

2.       On March 7, 2007, Plaintiffs MICHAEL H., NICHOLAS P, and DEARMAND E., all of whom are African-American males, were racially profiled, physically attacked and unlawfully arrested by officers of the Antioch Police Department.  Thereafter, in order to cover up their unlawful conduct, the officers of the Antioch Police Department conspired with administrators of the Antioch Unified School District and Deer Valley High School to suspend Plaintiffs from Deer Valley High School and expel Plaintiffs from the Antioch Unified School District.

3.       The conduct of the City of Antioch, Antioch Police Department, and Antioch Unified School District was particularly pernicious because the school district did not have jurisdiction in the matter as the incident in question occurred some thirty minutes after school at a private business establishment.  Nonetheless, Plaintiffs were expelled from Deer Valley High School for the remainder of the 2006-07 school year and the first semester of 2007-08 school year consequent to expulsion hearings, which were replete with due process violations and other legal errors.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF                    -2-

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

4.      To vindicate their rights and to discourage such incidents of racial profiling, violence against racial minorities, and unlawful race-based school discipline practices, Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 2000d, the First, Fourth and Fourteenth Amendments to the United States Constitutions, and the laws of the State of California.

## PARTIES

5.      Plaintiff DEARMAND E. ("DEARMAND"), a minor, is an African-American male who resides in the City of Antioch, County of Contra Costa, California.  Plaintiff appears in this action by and through his father, DeArmand Ellis, Jr., who is also his legal guardian. DEARMAND was enrolled as a student in the Antioch Unified School District ("District") from January 19, 2007, until May 9, 2007.  On or about May 9, 2007, DEARMAND was expelled from the District in connection with an incident involving officers of the Antioch Police Department that occurred after school and off campus on March 7, 2007.  Plaintiff was readmitted to the District on or about July 18, 2007.

6.      Plaintiff MICHAEL H. ("MICHAEL"), a minor, is an African-American male who resides in the City of Antioch, County of Contra Costa, California.  Plaintiff appears in this action by and through his mother, Onita Tuggles, who is also his legal guardian.  MICHAEL was enrolled as a student in the Antioch Unified School District from July 5, 2005, until June 14, 2007.  On or about June 14, 2007, MICHAEL was expelled from the District in connection with an incident involving officers of the Antioch Police Department that occurred after school and off campus on March 7, 2007.  Plaintiff was readmitted to the District in or around February 2008.

7.      Plaintiff NICHOLAS P. ("NICHOLAS"), a minor, is an African-American male who resides in the City of Antioch, County of Contra Costa, California.  Plaintiff appears in this action by and through his mother, Bettina Lawrence, who is also his legal guardian. NICHOLAS was enrolled as a student in the Antioch Unified School District from April 19, 2006, until June 14, 2007.  On or about June 14, 2007, NICHOLAS was expelled from the District in connection with an incident involving officers of the Antioch Police Department that

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          -3-

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

occurred after school and off campus on March 7, 2007. Plaintiff was readmitted to the District in or around February 2008.

8.      On information and belief, Defendant CITY OF ANTIOCH is a municipal corporation that owns, operates, and governs the ANTIOCH POLICE DEPARTMENT pursuant to the laws of the State of California.

9.      On information and belief, Defendant CHIEF JAMES HYDE ("HYDE") is the Chief of Police for the City of Antioch.

10.     On information and belief, Defendants OFFICER JAMES VINCENT (#3747), OFFICER LEROY BLOXSOM (#2083), OFFICER PFEIFFER (#3707), OFFICER M. ZEPEDA (#4137), SERGEANT KEVIN ROGERS (#2464), and OFFICER R. SOLARI (#2372) are and at all times material to this complaint were employees of Defendants CITY OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT.

11.     On information and belief, Defendants CITY OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT are and at all times material to this complaint were responsible for the employment, training, supervision, and discipline of Defendants OFFICER JAMES VINCENT ("VINCENT"), OFFICER LEROY BLOXSOM ("BLOXSOM"), OFFICER PFEIFFER ("PFEIFFER"), OFFICER M. ZEPEDA ("ZEPEDA"), SERGEANT KEVIN ROGERS ("ROGERS"), and OFFICER R. SOLARI ("SOLARI").

12.     On information and belief, Defendant LEROY BLOXSOM, sued here in his individual and official capacities, is and at all times material to this complaint was duly employed, appointed and acting as a sworn peace officer of the Antioch Police Department, acting under color of law to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and/or the City of Antioch. At all times material to this Complaint, Defendant BLOXSOM was assigned to Deer Valley High School as a School Resource Officer. At all times material to this complaint, Defendant BLOXSOM acted within the scope of his employment with Defendants.

13.     On information and belief, Defendants HYDE, VINCENT, PFEIFFER, ZEPEDA, ROGERS, and SOLARI, sued here in their individual and official capacities, are

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF            -4-

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

1    and at all times material to this complaint were duly employed, appointed and acting as sworn

2    peace officers of the Antioch Police Department, acting under color of law to wit, under color

3    of the statutes, ordinances, regulations, policies, customs and usages of the State of California

4    and/or the City of Antioch.  At all times material to this complaint, Defendants HYDE,

5    VINCENT, PFEIFFER, ZEPEDA, ROGERS, and SOLARI acted within the scope of their

6    employment with Defendants CITY OF ANTIOCH and the ANTIOCH POLICE

7    DEPARTMENT.

8         14.    On information and belief, Defendant ANTIOCH UNIFIED SCHOOL

9    DISTRICT is a properly incorporated school district that owns, operates, and governs Deer

10   Valley High School pursuant to the laws of the State of California.

11        15.    On information and belief, Defendant DEBORAH SIMS ("SIMS"), sued here

12   in her individual and official capacities, is and at all times material to this complaint was the

13   Superintendent of the ANTIOCH UNIFIED SCHOOL DISTRICT.  As Superintendent, she

14   has overall responsibility for the administration of Antioch Unified School District.  On

15   information and belief, Defendant ANTIOCH UNIFIED SCHOOL DISTRICT was the public

16   employer of Defendant SIMS.

17        16.    On information and belief, and at all times material to this complaint,

18   Defendant ANTIOCH UNIFIED SCHOOL DISTRICT was the public employer of

19   Defendants JO ELLA ALLEN ("ALLEN"), ROBERT BRAVO ("BRAVO"), ANDY

20   CANNON ("CANNON"), RON LEONE ("LEONE"), and BUKKY OYEBADE

21   ("OYEBADE").

22        17.    On information and belief, Defendant ANTIOCH UNIFIED SCHOOL

23   DISTRICT was at all times material to this complaint responsible for the employment,

24   training, supervision, and discipline of Defendants ALLEN, BRAVO, CANNON, LEONE,

25   and OYEBADE.

26        18.    On information and belief, Defendant JO ELLA ALLEN, sued here in her

27   individual capacity, is a resident of the State of California and was employed by Defendant

28   ANTIOCH UNIFIED SCHOOL DISTRICT as Principal of Deer Valley High School until

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**     **-5-**

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

1  around the end of March 2007 when she resigned from her position with the Antioch Unified

2  School District.  At all times material to this complaint, Defendant ALLEN was acting under

3  color of law and as an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT.

4       19.    On information and belief, Defendant ROBERT BRAVO, sued here in his

5  individual and official capacities, is a resident of the State of California and is employed by

6  Defendant ANTIOCH UNIFIED SCHOOL DISTRICT as the Associate Superintendent of

7  Secondary Education Services.  At all times material to this complaint, Defendant BRAVO was

8  acting under color of law and as an employee of the ANTIOCH UNIFIED SCHOOL

9  DISTRICT.

10      20.    On information and belief, Defendant ANDY CANNON, sued here in his

11  individual capacity, is a resident of the State of California and is employed by Defendant

12  ANTIOCH UNIFIED SCHOOL DISTRICT as a Vice Principal at Deer Valley High School.

13  At all times material to this complaint, Defendant CANNON was acting under color of law

14  and as an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT.

15      21.    On information and belief, Defendant RON LEONE, sued here in his

16  individual and official capacities, is a resident of the State of California and was employed by

17  Defendant ANTIOCH UNIFIED SCHOOL DISTRICT as its Coordinator of Child Welfare

18  and Attendance, and is now employed by the District as its Director of Student Support

19  Services.  At all times material to this complaint, Defendant LEONE was acting under color

20  of law and as an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT.

21      22.    On information and belief, Defendant BUKKY OYEBADE, sued here in her

22  individual capacity, is a resident of the State of California and was employed by Defendant

23  ANTIOCH UNIFIED SCHOOL DISTRICT as a Vice Principal at Deer Valley High School,

24  and is now employed by the District as a Vice Principal at Antioch High School.  At all times

25  material to this complaint, Defendant OYEBADE was acting under color of law and as an

26  employee of the ANTIOCH UNIFIED SCHOOL DISTRICT.

27      23.    Plaintiffs are informed and believe that each Defendant was the agent or

28  employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed

---

**FIRST AMENDED COMPLAINT FOR**          *DeArmand E. vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**            **CASE # C 08-01709 EMC**
**DECLARATORY RELIEF**          **-6-**

1    in this complaint, acted within the scope of such agency or employment, or ratified the acts of

2    the other.

3          24.      Plaintiffs are informed and believe that each of the Defendants caused, and is

4    responsible for the below-described unlawful conduct and resulting injuries in that each of the

5    Defendants participated in the unlawful conduct or acted jointly with others who did so;

6    authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take

7    action to prevent the unlawful conduct; failed and refused with deliberate indifference to

8    Plaintiffs' rights to initiate and maintain adequate training and supervision; failed to prevent

9    further harm to Plaintiffs; and/or ratified the unlawful conduct and actions by employees and

10   agents under Defendants' direction and control, including failure to take remedial action.

11                              **JURISDICTION AND VENUE**

12         25.      This Court has subject matter jurisdiction over the parties and this action

13   pursuant to 28 U.S.C. §§ 1331 and 1343.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court

14   had jurisdiction to declare the rights of the parties and to grant all further relief deemed

15   necessary and proper.

16         26.      Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

17   the state claims brought in this action, which arise from a common nucleus of operative facts

18   and from the same transactions and occurrences raised in Plaintiffs' federal causes of action.

19         27.      Venue lies in United States District Court for the Northern District of

20   California pursuant to 28 U.S.C. §§ 84 and 1391 because a substantial part of the events that

21   gave rise to the claims alleged in this complaint arose in the County of Contra Costa and one

22   or more defendants reside in the County of Contra Costa or conduct business in the County of

23   Contra Costa.

24                              **INTRADISTRICT ASSIGNMENT**

25         28.      The claims alleged herein arose in the County of Contra Costa.  This action is

26   properly assigned to the Oakland or San Francisco Division of the United States District Court

27   for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

28   / . / . / /

---

**STATEMENT OF FACTS**

29.     On March 7, 2007, Plaintiffs MICHAEL H. and NICHOLAS P., and Victor F., all of whom are African-American juvenile males, were walking through the parking lot of Deer Valley Plaza ("Plaza"), a shopping center in the City of Antioch, to get something to eat at one of the fast food restaurants located within the Plaza when they were harassed by Defendant JAMES VINCENT of the Antioch Police Department who falsely accused them of blocking traffic in the Plaza.

30.     After their initial encounter with Officer VINCENT, Plaintiffs walked to McDonald's, which was located in the Plaza.  Officer VINCENT followed Plaintiffs and commanded them not to enter the premises of McDonald's.  Plaintiffs complied and walked to the Taco Bell restaurant, which was also located in the Plaza.  As Plaintiffs were about to enter Taco Bell, Officer VINCENT confronted Plaintiffs and prevented them from entering the restaurant.  When Officer VINCENT walked towards MICHAEL holding his canister of pepper spray, MICHAEL ran away.  Officer VINCENT gave chase.  MICHAEL ran across the street towards a neighboring business establishment known as "Gas City," a gas station and convenience store.  NICHOLAS followed MICHAEL to Gas City.

31.     As MICHAEL and NICHOLAS entered Gas City, a second police officer, Defendant LEROY BLOXSOM of the Antioch Police Department, caught up with MICHAEL.  Officer BLOXSOM pepper sprayed MICHAEL and physically slammed him to the ground.  NICHOLAS was also pepper sprayed by Officer BLOXSOM as he entered Gas City.  Because he had been pepper sprayed in the face, NICHOLAS was blinded by the assault and staggered away from Officer BLOXSOM.  Defendant PFEIFFER of the Antioch Police Department then walked up to NICHOLAS and escorted him back toward Officer BLOXSOM, who pepper sprayed NICHOLAS a second time, even though Plaintiff NICHOLAS had already been physically restrained by Officer PFEIFFER.

32.     After pepper spraying NICHOLAS a second time, Officer BLOXSOM pepper sprayed a third African-American student who was observing the incident.  When that young man turned away from the pepper spray, he was tackled from behind by a baton wielding

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF            -8-

*DeArmand E. vs. City of Antioch et al.*
CASE # C 08-01709 EMC

1    Antioch Police Department officer. Meanwhile, Victor F. was tackled to the ground and

2    arrested by another Antioch Police Department officer.

3        33.    As the police assault on the students unfolded, a small group of observers began

4    to gather around the public sidewalk on the periphery of Gas City. Cameron Jones, a minor,

5    recorded part of the incident using his digital camera. The video from his camera shows the

6    Antioch Police Department officers pepper-spraying several students and throwing one to the

7    ground.

8        34.    Plaintiff DEARMAND E. was part of the small group of observers who

9    witnessed the Gas City incident from the public sidewalk on the periphery of Gas City. Shortly

10   after the arrest of Plaintiffs MICHAEL, NICHOLAS and others, one of the Antioch Police

11   Department officers who had responded to Gas City directed his attention towards the small

12   group that was gathered on the periphery of Gas City. The officer, Defendant SOLARI, pointed

13   towards the group and directed another officer, Defendant ZEPEDA, to apprehend an

14   unidentified person. Plaintiffs are informed and believe that Officer SOLARI directed Officer

15   ZEPEDA to arrest eye witness Cameron Jones who was recording the police attack on the

16   African-American boys.

17       35.    Officer ZEPEDA walked towards the group holding his canister of pepper spray.

18   As Officer ZEPEDA walked towards the group, DEARMAND started to back away and crossed

19   the street fearing that he would be pepper sprayed by Officer ZEPEDA. Officer ZEPEDA on

20   seeing DEARMAND back away chased after him. DEARMAND ran a short distance and

21   stopped. Nonetheless, Officer ZEPEDA pursued DEARMAND, tackled him to the ground and

22   arrested him without lawful justification.

23       36.    Plaintiffs DEARMAND, MICHAEL and NICHOLAS, and at least four other

24   minors were arrested in connection with the Gas City incident. All of the arrestees were

25   African-American. MICHAEL suffered a shoulder separation as a result of the police assault,

26   and was denied emergency medical attention by the police to treat that injury and the effects of

27   the pepper spray. NICHOLAS was also denied emergency medical attention to treat the effects

28   of the pepper spray.

37.     The arrestees were transported to the Antioch Police Department, interrogated, booked and charged with violating California Penal Code section 148(a)(1) - delaying and obstructing a peace officer.  Plaintiffs were released several hours after their arrest.

38.     After the incident at Gas City, Officer BLOXSOM, who is a regular-duty officer of the Antioch City Police and the "school resource officer" assigned to Deer Valley High School ("DVHS"), contacted administrators at DVHS and reported the incident.

39.     In order to cover up their misconduct, the involved police officers made numerous false statements in their incident reports.  The officers contended that Plaintiffs had blocked traffic, incited the crowd, that a crowd in excess of 50 chased the officers, and that the crowd encroached on the officers in an apparent attempt to free the arrestees.

40.     Additionally, officers of the Antioch Police Department made numerous false statements to the press.  Captain Steve McConnell of the Antioch Police Department was quoted as saying in the Contra Costa Times of March 9, 2007, that the officers had to deal with a violent mob and a large crowd of angry adolescents.  The press report also quoted the Antioch Police as stating that one of MICHAEL'S friends tried to free him from police custody, another grabbed for an officer's taser, and a third tried to punch an officer.  However, the surveillance tapes from Gas City, which the Antioch Police secured as evidence and the video taken by Cameron Jones disprove the officers' version of events.

41.     When DVHS principal, Defendant JO ELLA ALLEN, learned of the Gas City incident, she met with school administrators and decided to suspend Plaintiffs despite the fact that DVHS did not have jurisdiction in the matter and despite witness statements and visual evidence disproving the police version of events.  Consequently, on March 8, 2007, Defendant CANNON suspended MICHAEL and NICHOLAS, and Defendant OYEBADE suspended DEARMAND.

42.     Defendant JAMES HYDE, Chief of Police for the City of Antioch, and Defendant DEBORAH SIMS, Superintendent of the Antioch Unified School District became involved in the matter.  On information and belief, Defendant SIMS conspired with Defendant HYDE and Antioch Unified School District personnel, including Defendants BRAVO and

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF            -10-

*DeArmand E. vs. City of Antioch et al.*
CASE # C 08-01709 EMC

LEONE, to expel Plaintiffs from the District.  Defendant LEONE was designated as the District's principal investigator, and met with DVHS personnel and the parents of the students who were facing expulsion.  On information and belief, Defendant LEONE advised one or more key administrators at DVHS that the District had decided to expel all students who were involved in the Gas City incident despite the fact that the District did not have jurisdiction in the matter and despite the evidence exonerating the students.  And, the District decided prior to Plaintiffs' expulsion hearings to expel Plaintiffs from the District for the remainder of the 2006-07 school year and the first semester of the 2007-08 school year.

43.     Subsequently, by memorandum dated March 14, 2007, DVHS Principal, Defendant ALLEN, recommended Plaintiffs' expulsion from DVHS.  ALLEN recommended that Plaintiffs be expelled for the remainder of the 2006-07 school year and the first semester of the 2007-08 school year for violating Education Code sections 48900(a)(1)-causing, attempting to cause or threatening to cause physical injury to another person; 48900(k)-disrupting school activities or otherwise willfully defying the valid authority of supervisors, teachers, administrators, school officials or other school personnel engaged in the performance of their duties; and 48900.4-intentionally engaging in severe or pervasive harassment, threats or intimidation directed against school district personnel or pupils.  Later, the District implicitly dropped the section 48900.4 allegation against Plaintiffs by not pursuing it at their expulsion hearings.

44.     The District appointed a three-member hearing panel to conduct the expulsion hearings.  One of the hearing panel members, Defendant CLARENCE ISADORE, was being considered for the position of Principal of DVHS, which became open after Defendant ALLEN resigned as Principal of DVHS shortly after the Gas City incident.  By the time of NICHOLAS' hearing, Defendant ISADORE had been offered and had accepted a position as Co-principal of DVHS.

45.     The District held separate expulsion hearings for each of the students who were facing expulsion.  All of the expulsion hearings were held before the same three panel members, however.

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF            **-11-**

*DeArmand E. vs. City of Antioch et al.*
CASE # C 08-01709 EMC

46.    DEARMAND'S expulsion hearing was held on May 2, 2007.  MICHAEL'S expulsion hearing began on May 3, 2007, and concluded on May 22, 2007.  NICHOLAS' hearing began on May 23, 2007, and concluded on June 8, 2007.

47.    Despite the convening of a three-member hearing panel comprised of District employees, the hearings were presided over by a hearing officer, Defendant LEONE, in violation of section 48918 of the California Education Code.  Rather than retaining a neutral hearing officer through the county or the California Office of Administrative Hearings as required by law, the District appointed its own Coordinator for Child Welfare and Attendance, Defendant LEONE, as the hearing officer.  Defendant LEONE had served as the District's principal investigator with respect to the incident at Gas City, was involved in the District's decision to expel Plaintiffs, and had conveyed the District's decision regarding Plaintiffs' expulsions to one or more key DVHS personnel.

48.    At Plaintiffs' expulsion hearings, Defendant LEONE served as the District's principal witness and presided over the hearings, ruling on objections and making determinations about the admissibility of evidence even during and with respect to his own testimony.  Defendant LEONE served as the hearing officer notwithstanding the fact that he acknowledged that he, as a District employee, was represented by the attorney representing the District in the expulsion proceedings.  And, the District's attorney played multiple roles during the hearing, including representing the District and the hearing officer, Defendant LEONE.

49.    Plaintiffs are informed and believe that Defendants SIMS, LEONE and BRAVO met with the City Attorney for the CITY OF ANTIOCH prior to Plaintiffs' expulsion hearings to discuss the involved police officers' participation at the expulsion hearings.  Plaintiffs are informed and believe that Defendants SIMS, LEONE and BRAVO and the City Attorney for the CITY OF ANTIOCH agreed prior to Plaintiffs' expulsion hearings that the involved police officers would only authenticate their incident reports and that Plaintiffs would not be permitted to cross-examine the police officers.

50.    Consequently, the District called the involved police officers only to authenticate their incident reports.  Although the officers were called as witnesses, Plaintiffs were denied the

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF        -12-

*DeArmand E. vs. City of Antioch et al.*
CASE # C 08-01709 EMC

1  opportunity to cross-examine the police officers about their recollections regarding the Gas City

2  incident or the contents of their incident reports in what were clear violations of the specific

3  confrontation provision in the California Education Code and Plaintiffs' right to due process

4  under the federal and state constitutions.  Plaintiffs were further denied the opportunity to cross-

5  examine the officers on matters pertaining to the officers' credibility.  Instead, the officers

6  merely authenticated their police reports and were thereafter excused by the hearing officer,

7  Defendant LEONE.

8        51.     Plaintiffs are informed and believe that the District did not obtain the juvenile

9  court's permission to copy and disseminate the police reports for purposes of Plaintiffs'

10  expulsion proceedings.  California Welfare and Institutions Code section 827, which governs

11  the confidentiality of juvenile records, while permitting specifically enumerated parties,

12  including the superintendent of a school district, to inspect juvenile court records, nonetheless

13  prohibits copying or dissemination of such files or any portion thereof or information therein

14  without prior approval from the juvenile court.  And, Plaintiffs were not given notice and the

15  opportunity to be heard concerning the copying and dissemination of such records pursuant to

16  the relevant provisions of the California Welfare and Institutions Code and Rules of Court.

17        52.     The District also withheld exculpatory evidence from Plaintiffs, including a

18  statement authored by witness Cameron Jones and the Gas City surveillance tapes.

19        53.     The District's case in support of Plaintiffs' expulsions was comprised entirely of

20  hearsay evidence, namely the testimony of Defendant LEONE regarding people with whom he

21  had spoken to during his investigation of the Gas City incident and the incident reports of the

22  police officers as to what occurred when the students were arrested.

23        54.     By contrast, Plaintiffs called several eye-witnesses to the Gas City incident, each

24  of whom testified and were subject to cross-examination.  The testimony of the eye witnesses

25  established that Plaintiffs did not physically injure, attempt to injure, or threaten to cause

26  physical injury to any of the officers.  The eye-witness testimony further established that the

27  incident occurred off campus, after school hours, and did not involve school personnel engaged

28  in the performance of their duties.

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF      **-13-**

*DeArmand E. vs. City of Antioch et al.*
CASE # C 08-01709 EMC

55.     After the hearings, the administrative hearing panel issued written decisions in which it found that Plaintiffs had violated sections 48900(a)(1) and 48900(k) of the Education Code.  The panel recommended that Plaintiffs be expelled for the remainder of the 2006-07 school year and the first semester of the 2007-08 school year.  The governing board of the Antioch Unified School District adopted the administrative hearing panel's recommendations and expelled Plaintiffs.

56.     Plaintiffs appealed their expulsions to the Contra Costa County Office of Education ("County Board").  DEARMAND'S appeal was heard on July 18, 2007.  The County Board reversed the District's ruling as to DEARMAND finding that the District did not have jurisdiction in the matter and that the District abused its discretion in expelling DEARMAND because the evidence did not show that DEARMAND violated sections 48900(a)(1) and 48900(k) of the Education Code.

57.     The appeals filed by MICHAEL and NICHOLAS were heard by the County Board the following month on August 8, 2007.  There, the County Board voted to affirm the District's decision to expel MICHAEL and NICHOLAS finding that the District had jurisdiction in the matter and that there was substantial evidence to support the expulsions notwithstanding the overwhelming evidence documenting the numerous statutory and due process violations that infected Plaintiffs' expulsion hearings.

58.     On or about November 2, 2007, MICHAEL and NICHOLAS filed writs of mandate in the Superior Court of Contra Costa County appealing the County Board's decisions. On April 18, 2008, the Superior Court of Contra Costa County overturned the expulsions of MICHAEL and NICHOLAS.  The court ruled that MICHAEL and NICHOLAS did not violate either section 48900(a)(1) or section 48900(k) of the California Education Code.  The Court found that MICHAEL and NICHOLAS did not cause, attempt to cause or threaten to cause physical injury to others, and therefore did not violate section 48900(a)(1) of the California Education Code.  The court also found that the school resource officer, Defendant BLOXSOM, did not qualify as a "school official" or "school personnel" under section 48900(k) of the

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          **-14-**

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

1    Education Code, and the District therefore improperly expelled Plaintiffs MICHAEL and

2    NICHOLAS for willfully defying a school official.

3        59.    Plaintiffs timely filed their Government Claims notices against the Antioch

4    Unified School District and the City of Antioch.  The Antioch Unified School District and the

5    City of Antioch rejected Plaintiffs' claims.

6        60.    In or around November 2007, two months after Plaintiffs filed their Government

7    Claims against the Antioch Unified School District and the City of Antioch, the Antioch Police

8    Department retaliated against Plaintiffs by referring Plaintiffs to the District Attorney's Office

9    of Contra Costa County for prosecution under the juvenile delinquency laws of the State of

10   California.  The retaliatory nature of Defendants' conduct was particularly obvious because

11   typically the Antioch Police Department refers juvenile delinquency incidents for prosecution

12   within a few weeks after the occurrence of such incidents whereas here the referral to the

13   District Attorney's Office was made almost eight months after the incident in question and only

14   when it became evident that Plaintiffs had taken steps to pursue legal action against Defendants

15   by filing their notices of government claim.

16       61.    Plaintiffs are informed and believe that the Antioch Unified School District has

17   engaged in a pattern and practice of discriminating against students of color, including African-

18   American students.  The Antioch Unified School District has developed, maintained,

19   authorized, ratified and applied policies, practices, customs, usages, and procedures that exhibit

20   deliberate indifference to the legal rights of students of color, including African-American

21   students, who attend Antioch Unified School District.

22       62.    On information and belief, 31% of the student population enrolled in the Antioch

23   Unified School District is White and 19% is African-American.  On information and belief,

24   approximately 25% of the student population at Deer Valley High School is White and 26% is

25   African-American.

26       63.    Plaintiffs are informed and believe that African-American students are subject to

27   disparate treatment and are disparately impacted in matters pertaining to enforcement and

28   application of school discipline.  On information and belief, 55% of the students expelled from

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          -15-

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

Deer Valley High School in the period 2004 though 2007 were African American while 18% of White students were expelled during that same period.  African-American students are expelled at over twice the rate in relation to their proportionate numbers in the Deer Valley High School student population.

64.     Further, the Antioch Unified School District and Deer Valley High School in collaboration with the City of Antioch and the Antioch Police Department instituted and maintained a program, policy or practice, which unlawfully profiled juveniles and students of color who frequented business establishments near Deer Valley High School, including Deer Valley Plaza and the Burger King restaurant located at 4620 Lone Tree Way in the City of Antioch.  Consequently, African-American juveniles were targeted for harassment, and unlawful searches and seizures by the City of Antioch and the Antioch Police Department, and Antioch Unified School District students were targeted for disciplinary action by the Antioch Unified School District.

65.     Plaintiffs are informed and believe that the City of Antioch and the Antioch Police Department improperly developed, maintained, authorized, ratified or applied policies, practices, customs, usages, or procedures that exhibited deliberate indifference to the legal rights of African-Americans in the provision of law enforcement services.  Such discrimination includes racial profiling, unlawful home entries and searches under color of law, disparate treatment, and use of excessive force.

66.     According to the United States Census of 2006, African-Americans constitute approximately 16% of the population in the City of Antioch.  However, the detention and arrest of African-Americans by officers of the Antioch Police Department far exceeds their proportionate numbers in the population.  Plaintiffs are informed and believe that in the period June 2004 through January 2008, 46% of the persons arrested by the Antioch Police Department for a violation of California Penal Code section 148(a)(1) - delaying or obstructing a peace officer - were African-American; and 60% of juveniles arrested for a violation of California Penal Code section 148(a)(1) were African-American.  Plaintiffs are informed and believe that in the period December 2004 through November 2007, 49% of all juveniles arrested or cited by

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**          **-16-**

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

1  the Antioch Police Department were African-American while 23% were White; and 54% of all

2  juveniles arrested and booked by the Antioch Police Department were African-American while

3  22% were White.

4          67.    Plaintiffs are informed and believe that approximately 75% of the police force in

5  the City of Antioch is White, and 5% is African-American.  Plaintiffs are informed and believe

6  that of the twenty eight (28) sworn officers serving in a supervisory capacity in the Antioch

7  Police Department only one (1) is African-American.

8          68.    As a matter of custom, policy and practice, the Antioch Police Department

9  inadequately and improperly investigates complaints of police misconduct.  As a matter of

10  custom, policy and practice, the Antioch Police Department inadequately and improperly

11  supervises and trains its police officers, including the officers identified herein, thereby failing

12  to adequately discourage further constitutional violations on the part of its officers.  As a matter

13  of custom, policy and practice, the City of Antioch and the Antioch Police Department

14  authorize and/or ratify the unlawful and discriminatory conduct and behavior of Antioch City

15  police officers especially when such unlawful and discriminatory conduct and behavior is

16  directed at African-American citizens.

17                          **STATEMENT OF DAMAGES**

18          69.    As a direct and proximate result of Defendants' acts and omissions, Plaintiffs

19  were unlawfully detained, searched, battered, arrested, and imprisoned.  Plaintiffs were

20  suspended and expelled from their high school without lawful justification.  As a result of

21  Defendants' acts and omissions, Plaintiffs sustained pain and suffering, emotional distress, fear,

22  humiliation, loss of security, anxiety, loss of physical liberty and loss of property interest.

23          70.    Defendants and each of them is liable for Plaintiffs' injuries and damages

24  pursuant to Title 42 United States Code sections 1983, 1985, 1986, 2000d; California

25  Government Code sections 815.2, 815.6, 820, 820.8; California Civil Code sections 51.7, 52.1;

26  California Education Code section 220; and California Government Code section 11135 as set

27  forth below.

28

71.     Defendants' acts and omissions were intentional, willful, malicious, reckless, and in conscious disregard of Plaintiffs' protected rights.  As such and to deter future similar conduct by Defendants, Plaintiffs are entitled to an award of punitive damages against Defendants.

72.     Plaintiffs are further entitled to statutory damages and penalties pursuant to California Civil Code sections 52(b) and 52.1(b); and attorney fees and costs pursuant to 42 U.S.C. section 1988, California Civil Code sections 52(b) and 52.1(h), California Government Code section 11139, and other applicable statutes.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA,**
**ROGERS, and SOLARI in their official and individual capacities, and**
**SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE**
**in their individual capacity only)**

73.     Plaintiffs incorporate by reference the allegations set forth above and below.

74.     Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, SOLARI, SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE acted under color of law, and conspired to deprive, and acting jointly and in concert with one another did deprive Plaintiffs of their constitutional rights, which include, but are not limited to, the following:

(a)     the right to freedom of expression, assembly and association;

(b)     the right to be free from unreasonable detentions, searches, and seizures;

(c)     the right to be free from unlawful arrests, imprisonment, and malicious prosecution;

(d)     the right to be free from arbitrary, capricious or excessive governmental action;

(e)     the right to equal protection of the laws;

(f)     the right not to be deprived of liberty without due process of law;

(g)     the right not to be deprived of property or an interest in property without due process of law;

(h)     the right not to be subject to unreasonable and unjustified force against one's person.

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF                    -18-

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

75.     The rights set forth above are embodied in clearly established constitutional law pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution.

76.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Against Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT)

77.     Plaintiffs incorporate by reference the allegations set forth above and below.

78.     On information and belief, the unlawful conduct of Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI was pursuant to and made possible by the customs, policies, practices, and/or procedures of the CITY OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT, which include, but are not limited to, the following:

(a)     engaging in, condoning, and/or failing to properly investigate or discipline racial discrimination and other equal protection violations;

(b)     engaging in, condoning, and/or failing to properly investigate or discipline unreasonable detentions, searches and seizures, use of excessive, unreasonable and unjustified force, false arrests, malicious prosecutions, and due process violations;

(c)     improperly hiring, and improperly and inadequately training and supervising officers, and failing to adopt and/or enforce policies and procedures for the proper training, and supervision of officers;

(d)     inadequately investigating and failing to adopt and/or enforce rules, regulations, policies, and procedures for the proper investigation of and response to citizen complaints about officer misconduct.

79.     The rights set forth above are embodied in clearly established constitutional law pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution.

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**          **-19-**

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

80.     As a result of the customs, policies, practices, and/or procedures listed above, Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI believed that their actions would not be monitored, investigated, or result in disciplinary action by their supervisors and would instead be tolerated and/or condoned.

81.     The foregoing customs, policies, practices, and/or procedures constitute deliberate indifference on the part of Defendants CITY OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT to Plaintiffs' constitutional rights.

82.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1985(3)**
**(Against Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA,**
**ROGERS, and SOLARI in their official and individual capacities, and**
**SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE**
**in their individual capacity only)**

83.     Plaintiffs incorporate by reference the allegations set forth above and below.

84.     On information and belief, Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, SOLARI, SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE acted under color of law and conspired with one another and deprived Plaintiffs of their constitutional right to equal protection of the laws.

85.     Defendants' conduct was motivated by racial animus.

86.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

/ . / . /

/ . / . /

/ . / . /

---

FIRST AMENDED COMPLAINT FOR                    *DeArmand E. vs. City of Antioch et al.*
DAMAGES AND INJUNCTIVE AND                         **CASE # C 08-01709 EMC**
DECLARATORY RELIEF                    **-20-**

1

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1986
**(Against Defendants HYDE, ROGERS, PFEIFFER, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

2

3

4

5      87.      Plaintiffs incorporate by reference the allegations set forth above and below.

6      88.      On information and belief, Defendants HYDE, ROGERS, SOLARI, SIMS,

7   ALLEN, BRAVO, CANNON, LEONE, and OYEBADE knew of the wrongs conspired to be

8   done in violation of 42. U.S.C. section 1985 and further knew that such wrongs were about to

9   be committed against Plaintiffs, but nonetheless failed, neglected, refused to prevent or aid in

10  preventing the commission of such wrongs against Plaintiffs despite having the power to do so.

11     89.      As a result of Defendants' negligent conduct as alleged herein, Plaintiffs have

12  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

13  including attorney fees and costs, to remedy the unlawful conduct.

14     WHEREFORE, Plaintiffs pray for relief as set forth herein.

15

### FIFTH CAUSE OF ACTION
### 42 U.S.C. § 2000d
**(Against Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT)**

16

17     90.      Plaintiffs incorporate by reference the allegations set forth above and below.

18     91.      Defendants discriminated against Plaintiffs in the provision of law enforcement

19  services on the basis of Plaintiffs' actual or perceived race.

20     92.      On information and belief, Defendants CITY OF ANTIOCH and ANTIOCH

21  POLICE DEPARTMENT receive federal financial assistance to provide law enforcement

22  services.

23     93.      As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

24  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

25  including attorney's fees and costs, to remedy the unlawful conduct.

26     WHEREFORE, Plaintiffs pray for relief as set forth herein.

27  / . / . /

28  / . / . /

---

**FIRST AMENDED COMPLAINT FOR**          *DeArmand E. vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**                   **CASE # C 08-01709 EMC**
**DECLARATORY RELIEF**          **-21-**

**SIXTH CAUSE OF ACTION**
**California Government Code § 815.6 - Breach of Mandatory Duty**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,**
**HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI**
**in their official and individual capacities, and SIMS, ALLEN, BRAVO,**
**CANNON, LEONE, and OYEBADE in their individual capacity only)**

94.    Plaintiffs incorporate by reference the allegations set forth above and below.

95.    Defendants violated Plaintiffs clearly established rights enacted pursuant to United States and California law, which include, but are not limited to, the following:

(a)    First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution - right to freedom of expression, assembly and association;

(b)    Fourth Amendment to the United States Constitution and Article I, Section 13 of the California Constitution - right to be free from unreasonable detentions, searches, and seizures;

(c)    Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution - right to due process and equal protection of the laws;

(d)    Article IX, Sections 1 and 5 of the California Constitution - fundamental right to education;

(e)    Civil Code Section 43 - right of protection from bodily restraint or harm, from personal insult, and from defamation;

(f)    Civil Code Section 51.7 - right to freedom from violence;

(g)    California Civil Code Section 52.1 - right to exercise civil rights;

(h)    California Education Code Section 220 - right to be free from discrimination on the basis of race, color, or ethnic group identification in any program or activity conducted by an educational institution that receives or benefits from state financial assistance;

(i)    California Government Code Section 11135 - right to be free from discrimination on the basis of race, color, or ethnic group identification in any program or activity that receives or benefits from state financial assistance.

96.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof,

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF                    -22-

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

1    including attorney fees and costs, to remedy the unlawful conduct.

2    WHEREFORE, Plaintiffs pray for relief as set forth herein.

3    ### SEVENTH CAUSE OF ACTION
**California Government Code § 815.2 - *Respondeat Superior* Liability**
4    **(Against Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT)**

5    97.    Plaintiffs incorporate by reference the allegations set forth above and below.

6    98.    Defendants are liable for injuries to Plaintiffs proximately caused by the acts and

7    omission of their employees within the scope of their employment.

8    99.    On information and belief, Defendants HYDE, VINCENT, BLOXSOM,

9    PFEIFFER, ZEPEDA, ROGERS and SOLARI are and at all times material to this complaint

10   were employed by the CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT, and

11   the wrongful conduct attributed to said Defendants were caused by their acts or omissions in

12   the scope of their employment with the CITY OF ANTIOCH and ANTIOCH POLICE

13   DEPARTMENT.

14   100.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

15   suffered, and will continue to suffer, the above stated damages in an amount according to

16   proof, including attorney fees and costs, to remedy the unlawful conduct.

17   WHEREFORE, Plaintiffs pray for relief as set forth herein.

18   ### EIGHTH CAUSE OF ACTION
**Assault and Battery**
19   **(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,**
20   **HYDE, BLOXSOM, VINCENT, PFEIFFER, ROGERS, SOLARI, and ZEPEDA)**

21   101.    Plaintiffs incorporate by reference the allegations set forth above and below.

22   102.    Defendants assaulted and battered Plaintiffs.  Defendants' conduct was

23   intentional, nonconsensual, harmful, offensive and without lawful justification.  Further,

24   Defendants' conduct caused Plaintiffs to be placed in fear of personal harm.

25   103.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

26   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

27   including attorney fees and costs, to remedy the unlawful conduct.

28   WHEREFORE, Plaintiffs pray for relief as set forth herein.

---

1

**NINTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,**
**HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI**
**in their official and individual capacities, and SIMS, ALLEN, BRAVO,**
**CANNON, LEONE, and OYEBADE in their individual capacity only)**

2

3

4

5        104.    Plaintiffs incorporate by reference the allegations set forth above and below.

6        105.    The conduct of Defendants was outrageous and directed at Plaintiffs.

7   Defendants' conduct was intended to cause injury or was in reckless disregard of the probability

8   of causing injury to Plaintiffs and did in fact cause Plaintiffs serious emotional distress.

9        106.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

10  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

11  including attorney fees and costs, to remedy the unlawful conduct.

12       WHEREFORE, Plaintiffs pray for relief as set forth below.

13

**TENTH CAUSE OF ACTION**
**Violation of California Civil Code § 52.1**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,**
**HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI**
**in their official and individual capacities, and SIMS, ALLEN, BRAVO,**
**CANNON, LEONE, and OYEBADE in their individual capacity only)**

14

15

16

17       107.    Plaintiffs incorporate by reference the allegations set forth above and below.

18       108.    Defendants interfered with the exercise and enjoyment of Plaintiffs' clearly

19  established rights under United States and California law, which include, but are not limited to,

20  the following:

21       (a)     First Amendment to the United States Constitution and Article I, Section 2 of the

22  California Constitution - right to freedom of expression, assembly and association;

23       (b)     Fourth Amendment to the United States Constitution and Article I, Section 13 of

24  the California Constitution - right to be free from unreasonable detentions, searches, and

25  seizures;

26       (c)     Fourteenth Amendment to the United States Constitution and Article I, Section

27  7 of the California Constitution - right to due process and equal protection of the laws;

28       (d)     Article IX, Sections 1 and 5 of the California Constitution - fundamental right

---

**FIRST AMENDED COMPLAINT FOR**                    *DeArmand E. vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**                          **CASE # C 08-01709 EMC**
**DECLARATORY RELIEF**            **-24-**

1    to education;

2         (e)    Civil Code Section 43 - right of protection from bodily restraint or harm, from

3    personal insult, and from defamation;

4         (f)    Civil Code Section 51.7 - right to freedom from violence;

5         (g)    California Education Code Section 220 - right to be free from discrimination on

6    the basis of race, color, or ethnic group identification in any program or activity conducted by

7    an educational institution that receives or benefits from state financial assistance;

8         (h)    California Government Code Section 11135 - right to be free from

9    discrimination on the basis of race, color, or ethnic group identification in any program or

10   activity that receives or benefits from state financial assistance.

11        109.    Defendants violated Plaintiffs' clearly established rights under United States and

12   California law by threats, intimidation and coercion.

13        110.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

14   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

15   including attorney fees and costs, to remedy the unlawful conduct.

16        WHEREFORE, Plaintiffs pray for relief as set forth herein.

17              **ELEVENTH CAUSE OF ACTION**
                **Violation of California Civil Code § 51.7**
18       **(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,**
         **HYDE, BLOXSOM, VINCENT, PFEIFFER, ROGERS, SOLARI, and ZEPEDA)**
19

20        111.    Plaintiffs incorporate by reference the allegations set forth above and below.

21        112.    Defendants violated Plaintiffs' right to be free from violence, threat of violence

22   or intimidation by threat of violence on the basis of Plaintiffs' race or color.

23        113.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

24   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

25   including attorney fees and costs, to remedy the unlawful conduct.

26        WHEREFORE, Plaintiffs pray for relief as set forth herein.

27   /././

28   /././

---

**FIRST AMENDED COMPLAINT FOR**               *DeArmand E. vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**                      **CASE # C 08-01709 EMC**
**DECLARATORY RELIEF**          **-25-**

1

## TWELFTH CAUSE OF ACTION
### Negligence and Negligence Per Se
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,
HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI
in their official and individual capacities, and SIMS, ALLEN, BRAVO,
CANNON, LEONE, and OYEBADE in their individual capacity only)**

114.    Plaintiffs incorporate by reference the allegations set forth above and below.

115.    At all relevant times, Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, SOLARI SIMS, ALLEN, BRAVO CANNON, LEONE, and OYEBADE owed Plaintiffs the legal duty to act with reasonable care and not cause injury or harm to Plaintiffs, and loss of or damage to Plaintiffs' property or interest in property.

116.    At all relevant times, Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, SOLARI SIMS, ALLEN, BRAVO CANNON, LEONE, and OYEBADE owed Plaintiffs the legal duty to act with reasonable care and to refrain from:

(a)    violating the right to freedom of expression, assembly and association;

(b)    conducting unlawful arrests and malicious prosecutions;

(c)    violating the right to equal protection of the laws;

(d)    violating the right to due process;

(e)    discriminating on the basis of race, or color;

(f)    denying the right to education;

(g)    violating the provisions of section 43 of the California Civil Code, which provides in pertinent part that every person has the right of protection from bodily restraint or harm, from personal insult, and from defamation.

117.    Further, Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT owed Plaintiffs the legal duty to adequately train and supervise their employees, and to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of their employees.

**FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF**        **-26-**

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

118.    By their acts and omissions, Defendants breached each of the foregoing duties owed to Plaintiffs.  Further, it was reasonably foreseeable that such breaches of duty would cause Plaintiffs physical and/or emotional harm, and loss of or damage to property or an interest in property.

119.    As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## THIRTEENTH CAUSE OF ACTION
### Abuse of Process
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BLOXSOM, and VINCENT in their official and individual capacities, and SIMS, ALLEN, BRAVO, and LEONE in their individual capacity only)**

120.    Plaintiffs incorporate by reference the allegations set forth above and below.

121.    Defendants willfully and improperly suspended and expelled Plaintiffs despite the fact that Defendants did not have jurisdiction to do so under the California Education Code, and despite evidence, which clearly showed that Plaintiffs had not violated any provisions of the Education Code.  Defendants misused and abused laws providing for lawful suspension and expulsion of students.  Defendants' conduct in suspending and expelling Plaintiffs was motivated by an improper purpose and to perpetrate an injustice.

122.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## FOURTEENTH CAUSE OF ACTION
### Malicious Prosecution
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

123.    Plaintiffs incorporate by reference the allegations set forth above and below.

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**            **-27-**

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

124.   Defendants maliciously commenced and pursued school expulsion proceedings against Plaintiffs without lawful justification for the wrongful purpose of injuring them.

125.   Plaintiff DEARMAND'S expulsion was overturned by the County Board of Education, which ruled that the District did not have jurisdiction in the matter and that the District abused its discretion in expelling him.

126.   The expulsions of Plaintiffs MICHAEL and NICHOLAS were overturned by the Superior Court of Contra Costa County, which ruled that Plaintiffs did not violate sections 48900(a)(1) and 48900(k) of the Education Code.

127.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FIFTEENTH CAUSE OF ACTION
#### Violation of California Education Code § 220
**(Against Defendants SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

128.   Plaintiffs incorporate by reference the allegations set forth above and below.

129.   Defendants discriminated against Plaintiffs on the basis of Plaintiffs' actual or perceived race or color.

130.   At all times material to this complaint, Plaintiffs were enrolled as students in the Antioch Unified School District, which receives or benefits from state financial assistance.

131.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

/ . / . /

/ . / . /

/ . / . /

/ . / . /

---

**FIRST AMENDED COMPLAINT FOR**                    *DeArmand E. vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**                    **CASE # C 08-01709 EMC**
**DECLARATORY RELIEF**          **-28-**

1

**SIXTEENTH CAUSE OF ACTION**
**Violation of California Government Code § 11135 - Race Discrimination**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,**
**HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI**
**in their official and individual capacities, and SIMS, ALLEN, BRAVO,**
**CANNON, LEONE, and OYEBADE in their individual capacity only)**

2

3

4

5       132.    Plaintiffs incorporate by reference the allegations set forth above and below.

6       133.    Defendants' conduct violated Plaintiffs' rights guaranteed under Government

7   Code section 11135, which prohibits discrimination against individuals on the basis of race in or

8   under any program or activity that receives or benefits from state financial assistance.

9       134.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

10  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

11  including attorney fees and costs, to remedy the unlawful conduct.

12      WHEREFORE, Plaintiffs pray for relief as set forth herein.

13

**SEVENTEENTH CAUSE OF ACTION**
**28 U.S.C. §§ 2201, 2202 - Injunctive and Declaratory Relief**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE**
**DEPARTMENT, HYDE, ANTIOCH UNIFIED SCHOOL**
**DISTRICT, SIMS, BRAVO, CANNON, and LEONE)**

14

15

16

17      135.    Plaintiffs incorporate by reference the allegations set forth above and below.

18      136.    An actual and substantial controversy now exists between Plaintiffs and

19  Defendants whether the ANTIOCH UNIFIED SCHOOL DISTRICT and Deer Valley High

20  School may collaborate with the CITY OF ANTIOCH and the ANTIOCH POLICE

21  DEPARTMENT and maintain a program, policy or practice, which unlawfully profiles

22  juveniles and students of color who attend Antioch Unified School District and who patronize

23  business establishments near Deer Valley High School, including Deer Valley Plaza and the

24  Burger King restaurant located at 4620 Lone Tree Way in the City of Antioch.

25      137.    An actual and substantial controversy now exists between Plaintiffs and

26  Defendants as to whether African-American juveniles who are targeted for harassment, and

27  unlawful searches and seizures by the CITY OF ANTIOCH and the ANTIOCH POLICE

28

---

DEPARTMENT may be disciplined by the ANTIOCH UNIFIED SCHOOL DISTRICT consequent to such unlawful searches and seizures.

138.    An actual and substantial controversy now exists between Plaintiffs and Defendants as to whether Defendants may expel students for conduct that occurs after school hours at private business establishments.

139.    An actual and substantial controversy exists between Plaintiffs and Defendants as to whether a school resource officer is a school official, and acts within his or her scope of duty when providing assistance to law enforcement officers in connection with incidents that occur after school and off campus involving students enrolled in the District.

140.    Unless the Court issues an appropriate declaration of rights, the parties will not know whether Defendants' policies and practices comply with the law, and Plaintiffs will likely be subject to adverse action on the basis of Defendants' conduct as set forth above.

141.    Defendants' conduct violates 42 U.S.C. section 1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution.  Defendants' conduct violates 42 U.S.C. section 1985(3).  Defendants' conduct violates 20 U.S.C. section 7101 *et seq.*, which provides funding for school resource officer programs and defines the scope of duties of a school resource officer.  Defendants' conduct also violates 42 U.S.C. section 2000d, which prohibits recipients of federal funding from discriminating against individuals on the basis of race or national origin.  And, Defendants' conduct violates California Government Code section 11135, which prohibits discrimination against individuals on the basis of race or national origin in or under any program or activity conducted, operated or administered by the state or state agency or recipient of state funding.

142.    Further, if not enjoined, Defendants will continue to racially profile students, particularly African-American students, and detain, search, seize and assault students of color who patronize or attempt to patronize business establishments near Deer Valley High School, including Deer Valley Plaza and the Burger King restaurant on Lone Tree Way in the City of Antioch.  If not enjoined, Plaintiffs will likely be subject to adverse action on the basis of Defendants' conduct as set forth above.

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF                    -30-

*DeArmand E. vs. City of Antioch et al.*
CASE # C 08-01709 EMC

143.    Further, if not enjoined, Defendants will continue to suspend and expel students for conduct that occurs after school hours at private business establishments, and with respect to any and all incidents involving school resource officers and students.  If not enjoined, Plaintiffs will likely be subject to adverse action on the basis of Defendants' conduct as set forth above.

144.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## JURY TRIAL DEMAND

145.    Plaintiffs hereby request a jury trial in this action.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

1.    Compensatory damages according to proof against all defendants;

2.    Special damages according to proof against all defendants;

3.    Statutory damages and penalties pursuant to California Civil Code sections 52(b) and 52.1(b);

4.    Punitive damages in an amount according to proof against all defendants;

5.    Declaratory judgment that Defendants' policies and practices violate Plaintiffs' rights as guaranteed under 42 U.S.C. section 1983 and the First, Fourth and Fourteenth Amendments to the United States Constitution;

6.    Declaratory judgment that Defendants' policies and practices violate Plaintiffs' rights as guaranteed under 42 U.S.C. 1985(3), 42 U.S.C. section 2000d, 20 U.S. C. 7101 *et seq.*, and California Government Code section 11135;

7.    Declaratory judgment that a school resource officer is not a school official and does not act within the scope of his duty when he or she provides assistance to law enforcement officers in connection with incidents that occur after school and off campus;

8.    Permanent injunction ordering Defendants to cease all racial profiling of students of Antioch Unified School District who patronize or attempt to patronize business

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          **-31-**

*DeArmand E. vs. City of Antioch et al.*
**CASE # C 08-01709 EMC**

1  establishments located in Deer Valley Plaza, and the Burger King restaurant located at 4620

2  Lone Tree Way in the City of Antioch;

3          9.      Attorney fees and costs pursuant to 42 U.S.C. section 1988;

4          10.     Attorney fees and costs pursuant to California Civil Code sections 52(b) and

5  52.1(h), California Government Code section 11139, and other applicable law; and

6          11.     Such other relief as the Court finds just and proper.

7

8  DATED:  April 25, 2008                   By:_____/s/ Jivaka Candappa_____
                                            JIVAKA CANDAPPA, for Plaintiffs,
9                                           DEARMAND E., MICHAEL H.
10                                          and NICHOLAS P.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28