TIMOTHY P. MURPHY, ESQ. (Bar No. 120920)
DOLORES M. DONOHOE, ESQ. (Bar No. 111432)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Blvd., Ste 450
Pleasant Hill, CA 94523
Telephone: (925) 827-3300

Attorney for Defendants, ANTIOCH UNIFIED SCHOOL DISTRICT;
DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO,
ANDY CANNON, RON LEONE, and BUKKY OYEBADE,
individually and in their official capacities.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEARMAND E., a minor, by and through DEARMAND ELLIS, JR., his father/legal guardian; MICHAEL H., a minor, by and through ONITA TUGGLES, his mother/legal guardian; and NICHOLAS P., a minor, by and through BETTINA LAWRENCE, his mother/legal guardian.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, Chief of Police, Antioch Police Department, in his individual and official capacities; OFFICER JAMES VINCENT (#3747), OFFICER LEROY BLOXSOM (#2083), OFFICER PFEIFFER (#3707), OFFICER M. ZEPEDA (#4137), SERGEANT KEVIN ROGERS (#2464), OFFICER R. SOLARI (#2372), in their individual and official capacities; ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE, individually and in their official capacities.<br><br>Defendants. | CASE NO.: C08-01709 EMC<br><br>**DEFENDANTS ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE, individually and in their official capacities ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF** |

1

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

COME NOW defendants, ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANON, RON LEONNE, and BUKKY OYEBADE, individually and in their official capacities, and answer the plaintiffs' Complaint for Damages and Injunctive and Declaratory Relief, as follows:

1. Answering Paragraph 1 of the First Amended Complaint, answering defendants admit that plaintiffs brought the lawsuit against defendants and seek exemplary, statutory, compensatory damages, declaratory and injunctive relief, attorney's fees and costs of suit.

2. Answering Paragraph 2 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny that plaintiffs were racially profiled, physically attacked and unlawfully arrested by officers of the Antioch Police Department. Answering defendants deny that the officers of the Antioch Police Department conspired with administrators of the Antioch Unified School District and Deer Valley High to suspend plaintiffs from Deer Valley High School and expelled plaintiffs from the Antioch Unified School District.

3. Answering Paragraph 3 of the First Amended Complaint, answering defendants admit that plaintiffs were expelled from Deer Valley High School for the remainder of the 2006-07 school year and the first semester of 2007-08 school year consequent to expulsion hearings. Answering defendants deny the remaining allegations.

4. Answering Paragraph 4 of the First Amended Complaint, answering defendants deny that the School District's discipline practices were unlawfully raced based or that pllaintiffs' rights were violated. Answering defendants lack sufficient information at this time to either admit or deny the remaining allegations.

5. Answering Paragraph 5 of the First Amended Complaint, answering defendants admit said allegations.

//

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

6. Answering Paragraph 6 of the First Amended Complaint, answering defendants deny said allegations. admit said allegations.

7. Answering Paragraph 7 of the First Amended Complaint, answering defendants admit said allegations.

8. Answering Paragraph 8 of the First Amended Complaint, answering defendants admit said allegations.

9. Answering Paragraph 9 of the First Amended Complaint, answering admit this allegation based on information and belief.

10. Answering Paragraph 10 of the First Amended Complaint, answering admit this allegation based on information and belief.

11. Answering Paragraph 11 of the First Amended Complaint, answering admit this allegation based on information and belief.

12. Answering Paragraph 12 of the First Amended Complaint, answering defendants admit that defendant LEROY BLOXSOM was assigned to Deer Valley High School as a school resource officer. Answering defendants deny that defendant LEROY BLOXSOM was employed by or acted within the scope of his employment with defendant ANTIOCH UNIFIED SCHOOL DISTRICT. Answering defendants lack sufficient information and belief to admit or deny the remaining allegations.

13. Answering Paragraph 13 of the First Amended Complaint, answering defendants lack sufficient information at this time to admit or deny these allegations.

14. Answering Paragraph 14 of the First Amended Complaint, answering defendants admit said allegations.

15. Answering Paragraph 15 of the First Amended Complaint, answering defendants admit said allegations.

16. Answering Paragraph 16 of the First Amended Complaint, answering defendants admit said allegations.

17. Answering Paragraph 17 of the First Amended Complaint, answering defendants admit said allegations.

18. Answering Paragraph 18 of the First Amended Complaint, answering defendants admit that Defendant ALLEN was an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT and Principal of Deer Valley High School until the end of March 2007 when she resigned. Answering defendants deny the remaining allegations.

19. Answering Paragraph 19 of the First Amended Complaint, answering defendants admit that Defendant BRAVO was an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT and Assistant Superintendent of Secondary Education Services. Answering defendants deny the remaining allegations.

20. Answering Paragraph 20 of the First Amended Complaint, answering defendants admit that Defendant CANNON was an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT and Vice Principal of Deer Valley High School. Answering defendants deny the remaining allegations.

21. Answering Paragraph 21 of the First Amended Complaint, answering defendants admit that Defendant LEONE was an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT and Coordinator of Child Welfare and Attendance and now as Director of Student Support Services. Answering defendants deny the remaining allegations.

22. Answering Paragraph 22 of the First Amended Complaint, answering defendants admit that Defendant OYEBADE was an employee of the ANTIOCH UNIFIED SCHOOL DISTRICT and a teacher on special assignment. Answering defendants deny the remaining allegations.

4

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

23. Answering Paragraph 23 of the First Amended Complaint, answering defendants deny said allegations.

24. Answering Paragraph 24 of the First Amended Complaint, answering deny said allegations.

25. Answering Paragraph 25 of the First Amended Complaint, answering defendants admit that based on plaintiffs' allegations, this Court has jurisdiction.

26. Answering Paragraph 26 of the First Amended Complaint, answering defendants admit that based on plaintiffs' allegations, this Court has jurisdiction.

27. Answering Paragraph 27 of the First Amended Complaint, answering defendants admit that based on plaintiffs' allegations, this Court is the proper venue.

28. Answering Paragraph 28 of the First Amended Complaint, answering defendants admit that based on plaintiffs' allegations, the action is properly assigned to the Oakland or San Francisco Division of the U.S. District Court for the Northern District of California.

29. Answering Paragraph 29 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

30. Answering Paragraph 30 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

31. Answering Paragraph 31 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

32. Answering Paragraph 32 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

33. Answering Paragraph 33 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

34. Answering Paragraph 34 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

35. Answering Paragraph 35 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

36. Answering Paragraph 36 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

37. Answering Paragraph 37 of the First Amended Complaint, answering defendants lack sufficient information at this time to either admit or deny these allegations.

38. Answering Paragraph 38 of the First Amended Complaint, answering defendants admit these allegations.

39. Answering Paragraph 39 of the First Amended Complaint, answering defendants lack sufficient information upon which to admit or deny these allegations.

40. Answering Paragraph 40 of the First Amended Complaint, answering defendants lack sufficient information upon which to admit or deny these allegations.

41. Answering Paragraph 41 of the First Amended Complaint, answering defendants deny these allegations.

42. Answering Paragraph 42 of the First Amended Complaint, answering defendants admit that SIMS became involved in the matter. Answering defendant deny the remaining allegations.

43. Answering Paragraph 43 of the First Amended Complaint, answering defendants admit that the March 14, 2007 memorandum was prepared by ALLEN and admit the remaining allegations with the exception that answering defendants deny that the District implicitly dropped the section 48900.4 allegation against Plaintiffs by not pursuing it at their expulsion hearings.

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

44. Answering Paragraph 44 of the First Amended Complaint, answering defendants admit said allegations with the exception that answering defendants deny that ISADORE is a defendant and that he had been offered and had accepted a position as Co-principal of DVHS by the time of Nicholas' hearing.

45. Answering Paragraph 45 of the First Amended Complaint, answering defendants admit said allegations.

46. Answering Paragraph 46 of the First Amended Complaint, answering defendants deny said allegations.

47. Answering Paragraph 47 of the First Amended Complaint, answering defendants Admit that LEONE was the hearing facilitator and deny the remaining allegations.

48. Answering Paragraph 48 of the First Amended Complaint, answering defendants admit that LEONE presided over the hearings, ruled on objections, determined the admissibility of evidence, was represented by the attorney representing the District and deny the remaining allegations.

49. Answering Paragraph 49 of the First Amended Complaint, answering defendants admit that LEONE met with the City Attorney to discuss the police officers' involvement in the hearing and deny the remaining allegations.

50. Answering Paragraph 50 of the First Amended Complaint, answering defendants admit that the police officers only authenticated their incident reports and deny the remaining allegations.

51. Answering Paragraph 51 of the First Amended Complaint, answering defendants lack sufficient information to admit or deny said allegations.

52. Answering Paragraph 52 of the First Amended Complaint, answering defendants deny said allegations.

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

53. Answering Paragraph 53 of the First Amended Complaint, answering defendants deny said allegations.

54. Answering Paragraph 54 of the First Amended Complaint, answering defendants admit Plaintiffs called several eye-witnesses and deny the remaining allegations.

55. Answering Paragraph 55 of the First Amended Complaint, answering defendants admit said allegations.

56. Answering Paragraph 56 of the First Amended Complaint, answering defendants admit said allegations.

57. Answering Paragraph 57 of the First Amended Complaint, answering defendants admit that appeals filed by defendants MICHAEL and NICHOLAS were heard by the County Board the following month on August 8, 2007 and the County Board voted to affirm the District's decision to expel MICHAEL and NICHOLAS finding that the Court had jurisdiction in the matter and that there was substantial evidence to support the expulsions. Answering defendants deny the remaining allegations.

58. Answering Paragraph 58 of the First Amended Complaint, answering defendants answering defendants admit said allegations.

59. Answering Paragraph 59 of the First Amended Complaint, answering defendants answering defendants admit said allegations.

60. Answering Paragraph 60 of the First Amended Complaint, answering defendants deny the District retaliated against Plaintiffs and lack sufficient information at this time to either admit or deny the remaining allegations.

61. Answering Paragraph 61 of the First Amended Complaint, answering defendants deny said allegations.

8

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

62. Answering Paragraph 62 of the First Amended Complaint, answering defendants lack sufficient information to admit or deny said allegations.

63. Answering Paragraph 63 of the First Amended Complaint, answering defendants deny said allegations that African American students are subjects to disparate treatment and are disparately impacted in matters pertaining to enforcement and application of school discipline and lack sufficient information at this time to either admit or deny the remaining allegations.

64. Answering Paragraph 64 of the First Amended Complaint, answering defendants deny said allegations.

65. Answering Paragraph 65 of the First Amended Complaint, answering defendants answering defendants lack sufficient information at this time to either admit or deny these allegations.

66. Answering Paragraph 66 of the First Amended Complaint, answering defendants answering defendants lack sufficient information at this time to either admit or deny these allegations.

67. Answering Paragraph 67 of the First Amended Complaint, answering defendants answering defendants lack sufficient information at this time to either admit or deny these allegations.

68. Answering Paragraph 68 of the First Amended Complaint, answering defendants answering defendants lack sufficient information at this time to either admit or deny these allegations.

69. Answering Paragraph 69 of the First Amended Complaint, answering defendants deny that plaintiffs were suspended and expelled from their high school without lawful jurisdiction and that they sustained injuries described therein. Answering defendants lack sufficient information upon which to admit or deny the remaining allegations.

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

70. Answering Paragraph 70 of the First Amended Complaint, answering defendants deny said allegations

71. Answering Paragraph 71 of the First Amended Complaint, answering defendants deny said allegations.

72. Answering Paragraph 72 of the First Amended Complaint, answering defendants deny said allegations.

73. Answering Paragraph 73 of the First Amended Complaint, answering defendants incorporate herein their responses to Paragraphs 1 through 72 of the First Amended Complaint.

74. Answering Paragraph 74 of the First Amended Complaint, answering defendants deny these allegations.

75. Answering Paragraph 75 of the First Amended Complaint, answering defendants admit said allegations.

76. Answering Paragraph 76 of the First Amended Complaint, answering defendants deny their conduct was unlawful or that plaintiffs have suffered and will continue to suffer damages.

77. – 82. Answering Paragraphs 77 through 82 of the First Amended Complaint, the Second Cause of Action is not against these answering defendants, therefore, no answer is necessary to these paragraphs.

83. Answering Paragraph 83 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 82 set forth above.

84. Answering Paragraph 84 of the First Amended Complaint, answering defendants deny these allegations.

85. Answering Paragraph 85 of the First Amended Complaint, answering defendants deny these allegations.

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

86. Answering Paragraph 86 of the First Amended Complaint, answering defendants deny these allegations.

87. Answering Paragraph 87 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 86, set forth above.

88. Answering Paragraph 88 of the First Amended Complaint, answering defendants deny said allegations.

89. Answering Paragraph 89 of the First Amended Complaint, answering defendants deny said allegations.

90. - 93. Answering Paragraphs 90 through 93 of the First Amended Complaint, the Fifth Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

94. Answering Paragraph 94 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 93, set forth above.

95. Answering Paragraph 95 of the First Amended Complaint, answering defendants deny said allegations.

96. Answering Paragraph 96 of the First Amended Complaint, answering defendants deny said allegations.

97. – 100. Answering Paragraph 97 through 100 of the First Amended Complaint, the Seventh Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

101. – 103. Answering Paragraphs 101 through 103 of the First Amended Complaint, the Eighth Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

//

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

1   104. Answering Paragraph 104 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 103, set forth above.

105. Answering Paragraph 105 of the First Amended Complaint, answering defendants deny said allegations.

106. Answering Paragraph 106 of the First Amended Complaint, answering defendants deny said allegations.

107. Answering Paragraph 107 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 106, set forth above.

108. Answering Paragraph 108 of the First Amended Complaint, answering defendants deny said allegations.

109. Answering Paragraph 109 of the First Amended Complaint, answering defendants deny said allegations.

110. Answering Paragraph 110 of the First Amended Complaint, answering defendants deny said allegations.

111. Answering Paragraph 111 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 110, set forth above.

112. Answering Paragraph 112 of the First Amended Complaint, answering defendants deny said allegations.

113. Answering Paragraph 113 of the First Amended Complaint, answering defendants deny said allegations.

114. Answering Paragraph 114 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 113, set forth above.

//

//

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

115. Answering Paragraph 115 of the First Amended Complaint, answering defendants deny said allegations as they relate to answering defendants. Answering defendants lack sufficient information and belief as to the remaining allegations.

116. Answering Paragraph 116 of the First Amended Complaint, answering defendants deny said allegations as they relate to answering defendants. Answering defendants lack sufficient information and belief as to the remaining allegations.

117. Answering Paragraph 117 of the First Amended Complaint, answering defendants lack sufficient information and belief as to the duties owed by by the City of Antioch or the Antioch Police Department.

118. Answering Paragraph 118 of the First Amended Complaint, answering defendants deny said allegations.

119. Answering Paragraph 119 of the First Amended Complaint, answering defendants deny said allegations.

120. Answering Paragraph 120 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 119, set forth above.

121. Answering Paragraph 121 of the First Amended Complaint, answering defendants deny said allegations.

122. Answering Paragraph 122 of the First Amended Complaint, answering defendants deny said allegations.

123. Answering Paragraph 123 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 122, set forth above.

124. Answering Paragraph 124 of the First Amended Complaint, answering defendants deny said allegations.

//

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

125. Answering Paragraph 125 of the First Amended Complaint, answering defendants admit said allegations.

126. Answering Paragraph 126 of the First Amended Complaint, answering defendants admit said allegations.

127. Answering Paragraph 127 of the First Amended Complaint, answering defendants deny said allegations.

128. Answering Paragraph 128 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 127, set forth above.

129. Answering Paragraph 129 of the First Amended Complaint, answering defendants deny said allegations.

130. Answering Paragraph 130 of the First Amended Complaint, answering defendants admit said allegations.

131. Answering Paragraph 131 of the First Amended Complaint, answering defendants admit said allegations.

132. Answering Paragraph 132 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 131, set forth above.

133. Answering Paragraph 133 of the First Amended Complaint, answering defendants deny said allegations.

134. Answering Paragraph 134 of the First Amended Complaint, answering defendants deny said allegations.

135. Answering Paragraph 135 of the First Amended Complaint, answering defendants incorporate by reference their responses to Paragraphs 1 through 134, set forth above.

136. Answering Paragraph 136 of the First Amended Complaint, answering defendants deny said allegations.

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

137. Answering Paragraph 137 of the First Amended Complaint, answering defendants deny said allegations.

138. Answering Paragraph 138 of the First Amended Complaint, answering defendants deny said allegations.

139. Answering Paragraph 139 of the First Amended Complaint, answering defendants said allegations.

140. Answering Paragraph 140 of the First Amended Complaint, answering defendants deny said allegations.

141. Answering Paragraph 141 of the First Amended Complaint, answering defendants deny said allegations.

142. Answering Paragraph 142 of the First Amended Complaint, answering defendants deny said allegations.

143. Answering Paragraph 143 of the First Amended Complaint, answering defendants deny said allegations.

144. Answering Paragraph 144 of the First Amended Complaint, answering defendants deny said allegations.

## JURY TRIAL DEMANDS

145. Answering defendants hereby request the jury trial in this action.

## AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that plaintiff's Complaint fails to state a cause of action.

//

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

## QUALIFIED IMMUNITY

AS AND FOR A SEPARATE AFFIRMATIVE DEFENSE to the First Amended Complaint and the causes of action asserted therein, answering defendants allege that the individual employees are immune under the common law doctrine of qualified immunity.

## STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that plaintiffs' causes of action are barred by applicable statute of limitations under the California Code of Civil Procedure and federal law.

## PLAINTIFFS' COMPARATIVE NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants deny any wrongdoing, negligence, or liability on its part. However, should it be determined that defendants are liable, then defendants further allege that plaintiffs also contributed to their own injuries and losses, if any there were, and by virtue of the decision in the case of Nga Li v. Yellow Cab Company (1975) 13 C3d 804, defendant asks that any judgment entered against them be proportionally reduced to the extent that plaintiffs' own negligence or willful conduct proximately contributed to their own injuries and/or losses, if any there were.

## FAILURE TO MITIGATE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that plaintiffs were bound to exercise reasonable care and diligence to avoid loss and to minimize their damages, if any there were, and that the plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their part or by expenditures that they might reasonably have made.

//

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

## GOVERNMENT CODE SECTION 905

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that plaintiffs' state causes of actions are barred to the extent that plaintiffs have failed to comply with Government Code Section 905.

## GOVERNMENT CODE SECTION 900, ET SEQ.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that plaintiffs' stated causes of action exceed the scope of their claims, both in respect to parties, theories of liability asserted and to injuries and damages claimed. They are therefore barred pursuant to Government Code Section 900, et seq.

## PRIVILEGED ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that the acts set forth in the First Amended Complaint are privileged.

## PUNITIVE DAMAGES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendant ANTIOCH UNIFIED SCHOOL DISTRICT is immune from claims for punitive damages, pursuant to California Government Code Section 818, and under federal law.

## NO VIOLATION OF CONSTITUTIONAL RIGHTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that plaintiffs have not been deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

//

17

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

## CALIFORNIA GOVERNMENT CODE IMMUNITIES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that all defendants are immune from suit herein under applicable California immunity statutes, including, but not limited to, California Government Code sections 815.2, 818, 818.2, 818.4, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8, and 822.2

## RES JUDICATA/COLLATERAL ESTOPPEL

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants allege that plaintiffs are barred from using any prior decision by either the County Board or the Superior Court as referenced in paragraphs 56 and 58 as evidence in this case.

## NO MALICE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants assert that they did not act with malicious intent to deprive any person of any constitutional right or to cause any other injury and therefore not liable.

## NO BREACH OF DUTY

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants assert they did not breach any duty owed to plaintiffs.

## DISCRETIONARY IMMUNITY

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants assert they are not liable for any injury or damages, if there were any, caused by an exercise of discretion.

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

## FAILURE TO JOIN

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the First Amended Complaint, answering defendants assert that plaintiffs failed to join all necessary parties to this action.

## PRAYER

WHEREFORE, defendants pray for relief as follows:

1. That plaintiffs take nothing by this action;

2. That plaintiffs' prayer for expenses, costs and attorneys fees be denied;

3. That plaintiffs be required to pay defendants' reasonable attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

DATED: May 22, 2008

EDRINGTON, SCHIRMER & MURPHY

By _/s/ Dolores M. Donohoe_
Dolores M. Donohoe, ESQ.
Attorneys for Defendants
ANTIOCH UNIFIED SCHOOL DISTRICT;
DEBORAH SIMS, JO ELLA ALLEN,
ROBERT BRAVO, ANDY CANNON,
RON LEONE, and BUKKY OYEBADE,
individually and in their official capacities.

19

ANSWER TO FIRST AMEMDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF