JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT;
JAMES HYDE; OFFICER JAMES VINCENT; OFFICER
LEROY BLOXSOM; OFFICER PFEIFFER; OFFICER M.
ZEPEDA; SERGEANT KEVIN ROGERS; OFFICER R.
SOLARI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEARMAND E., a minor, by and through DEARMAND ELLIS, JR., his father/legal guardian; MICHAEL H., a minor, by and through ONITA TUGGLES, his mother/legal guardian; and NICHOLAS P., a minor, by and through BETTINA LAWRENCE, his mother/legal guardian,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT; JAMES HYDE, Chief of Police, Antioch Police Department, in his individual and official capacities; OFFICER JAMES VINCENT (#3747); OFFICER LEROY BLOXSOM (#2083); OFFICER PFEIFFER (#3707); OFFICER M. ZEPEDA (#4137); SERGEANT KEVIN ROGERS (#2464); OFFICER R. SOLARI (#2372), in their individual and official capacities; ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS; ROBERT BRAVO; RON LEONE, in their individual and official capacities; JO ELLA ALLEN; ANDY CANNON, and BUKKY OYEBADE, in their individual capacity,<br><br>Defendants. | Case No. C08-01709 EMC<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT

This pleading is being submitted by The CITY OF ANTIOCH, JAMES HYDE; CHIEF OF POLICE, CITY OF ANTIOCH, OFFICER JAMES VINCENT, OFFICER LEROY BLOXSOM, OFFICER PFEIFFER, OFFICER M. ZEPEDA, SERGEANT KEVIN ROGERS, and OFFICER R. SOLARI, hereinafter these answering Defendants. The Antioch Police Department, (erroneously sued herein) is not an entity capable of being sued.

## INTRODUCTION

1.  In answering Paragraphs 1 through 4, these answering Defendants respond as follows. These answering Defendants admit that on March 7, 2007 Plaintiffs Michael H., Nicholas P., and Dearmand E., all of whom are African-American juvenile males, were arrested by Officers of the Antioch Police Department. These answering Defendants are informed and believe that Plaintiffs were expelled from Deer Valley High School. These answering Defendants deny the remaining allegations in Paragraphs 1 through 4.

## PARTIES

2.  In answering Paragraphs 5 through 24, these answering Defendants respond as follows. The City of Antioch is a Municipal Corporation organized under the laws of the State of California. Chief James Hyde is the Chief of Police for the City of Antioch, and at all times material to the complaint, was responsible, with the City of Antioch, for the employment, training, supervision, and discipline of the other individual Defendants identified in the complaint. Sgt. Kevin Rogers, Officers James Vincent, Leroy Bloxsom, Pfeiffer, M. Zepeda, and R. Solari are employees of the City of Antioch and at all times material in the complaint were acting in the course and scope of their employment and under color of law. These answering Defendants further admit that Leroy Bloxsom was assigned to Deer Valley High School as a School Resource Officer. These answering Defendants deny the remaining allegations in Paragraphs 5 through 24.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT  2

## JURISDICTION & VENUE

3.   These answering Defendants neither admit or deny the allegations in Paragraphs 25 through 28 as they are matters of law and not appropriate for admission or denial.

## STATEMENT OF FACTS

4.   These answering Defendants respond as follows to the allegations of Paragraphs 29 through 68. These answering Defendants admit that Plaintiffs Michael H., Nicholas P., and Dearmand E. were African-American juvenile males who were arrested in the area of Deer Valley Plaza in the City of Antioch on March 7, 2007 for interfering with Antioch Police Officers in the course of the performance of their duties. These answering Defendants further admit that Michael H. and Nicholas P. were each pepper sprayed by Officer Leroy Bloxsom as Bloxsom attempted to arrest them for interfering with the Antioch Police Officers' performance of their duties. Defendants further admit that Dearmand E. was taken to the ground by Officer Zepeda and was arrested for interfering with and resisting a police officer. These answering Defendants further admit that Officer Bloxsom contacted Administrators at Deer Valley High School and reported the incident involving the three Plaintiffs. These answering Defendants further admit that Captain Steve McConnell of the Antioch Police Department did respond to press inquiries from the Contra Costa Times on or about March 9, 2007 regarding the incident that occurred with the three juveniles at Deer Valley Plaza. These answering Defendants deny the remaining allegations in Paragraphs 29 through 68.

## STATEMENT OF DAMAGES

5.   These answering Defendants deny the allegations in Paragraphs 69 through 72.

///

**FIRST CAUSE OF ACTION**
**42 U.S.C §1983**
**(Against Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

6. In answering Paragraph 73 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 72.

7. These answering Defendants deny the allegations in Paragraphs 74 through 76.

**SECOND CAUSE OF ACTION**
**42 U.S.C §1983**
**(Against Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT)**

8. In answering Paragraph 77 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 76.

9. These answering Defendants deny the allegations in Paragraphs 79 through 82.

**THIRD CAUSE OF ACTION**
**42 U.S.C §1985 (3)**
**(Against Defendants HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

10. In answering Paragraph 83 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 82.

11. These answering Defendants deny the allegations in Paragraphs 84 through 86.

**FOURTH CAUSE OF ACTION**
**42 U.S.C §1986**
**(Against Defendants HYDE, ROGERS, PFEIFFER, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

12. In answering Paragraph 87 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 86.

13. Defendants Hyde, Rogers, Pfeiffer and Scolari deny the allegations in Paragraphs 88 and 89.

///

### FIFTH CAUSE OF ACTION
### 42 U.S.C §2000d
### (Against Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT)

14. In answering Paragraph 90 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 89.

15. The City of Antioch denies the allegations in Paragraphs 91 through 93.

### SIXTH CAUSE OF ACTION
### California Government Code § 815.6 – Breach of Mandatory Duty
### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)

16. In answering Paragraph 94 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 93.

17. These answering Defendants deny the allegations in Paragraphs 95 through 96.

### SEVENTH CAUSE OF ACTION
### California Government Code § 815.2 – Respondeat Superior Liability
### (Against Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT)

18. In answering Paragraph 97 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 96.

19. The City of Antioch denies the allegations in Paragraphs 98 through 100.

### EIGHTH CAUSE OF ACTION
### Assault and Battery
### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BLOXSOM, VINCENT, PFEIFFER, ROGERS, SOLARI, and ZEPEDA

20. In answering Paragraph 101 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 100.

21. These answering Defendants deny the allegations in Paragraphs 102 through 103.

///

///

///

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

22. In answering Paragraph 104 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 103.

23. These answering Defendants deny the allegations in Paragraphs 105 through 106.

## TENTH CAUSE OF ACTION
### Violation of California Civil Code § 52.1
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

24. In answering Paragraph 107 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 106.

25. These answering Defendants deny the allegations in Paragraphs 108 through 110.

## ELEVENTH CAUSE OF ACTION
### Violation of California Civil Code § 51.7
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BLOXSOM, VINCENT, PFEIFFER, ROGERS, SOLARI, and ZEPEDA**

26. In answering Paragraph 111 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 110.

27. These answering Defendants deny the allegations in Paragraphs 112 through 113.

## TWELFTH CAUSE OF ACTION
### Negligence and Negligence Per Se
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)**

28. In answering Paragraph 114 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 113.

29. These answering Defendants deny the allegations in Paragraphs 115 through 119.

///

### THIRTEENTH CAUSE OF ACTION
Abuse of Process
(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BLOXSOM, and VINCENT in their official and individual capacities, and SIMS, ALLEN, BRAVO, and LEONE in their individual capacity only)

30. In answering Paragraph 120 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 119.

31. These answering Defendants deny the allegations in Paragraphs 121 through 122.

### FOURTEENTH CAUSE OF ACTION
Malicious Prosecution
(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)

32. In answering Paragraph 123 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 122.

33. These answering Defendants deny the allegations in Paragraphs 124 through 127.

### FIFTEENTH CAUSE OF ACTION
Violation of California Education Code § 220
(Against Defendants SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)

34. In answering Paragraph 128 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 127.

35. These answering Defendants lack information and belief to allow them to answer the allegations in Paragraphs 129 through 131.

### SIXTEENTH CAUSE OF ACTION
Violation of California Government Code § 11135 – Race Discrimination
(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, VINCENT, BLOXSOM, PFEIFFER, ZEPEDA, ROGERS, and SOLARI in their official and individual capacities, and SIMS, ALLEN, BRAVO, CANNON, LEONE, and OYEBADE in their individual capacity only)

36. In answering Paragraph 132 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 131.

37. These answering Defendants deny the allegations in Paragraphs 133 through 134.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT           7

### SEVENTEENTH CAUSE OF ACTION
### 28 U.S.C. §§ 2201, 2202 – Injunctive and Declaratory Relief
### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, ANTIOCH UNIFIED SCHOOL DISTRICT, SIMS, BRAVO, CANNON, and LEONE)

38. In answering Paragraph 135 Defendants respond as follows. These answering Defendants incorporate their responses to Paragraphs 1 through 134.

39. These answering Defendants deny the allegations in Paragraphs 136 through 144.

### JURY TRIAL DEMAND

40. Therese answering Defendants hereby request a jury trial in this action.

### AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiffs' Complaint herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiffs failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances. The Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' own negligence in and about the matters alleged in their Complaint herein was the sole proximate cause of the happening of the accident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs bars recovery to Plaintiffs or, in the alternative, that said Plaintiffs' negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said

negligence on the part of Plaintiffs requires that any damages awarded Plaintiffs shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiffs.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiffs was the negligence and fault of others than these answering Defendants or on the part of any person or entity for whose acts or omissions these answering Defendants are legally or otherwise responsible.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

8.. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' unclean hands preclude any recovery by Plaintiffs.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiffs by virtue of their own conduct and omissions have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs as a result of the acts or omissions complained of herein.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times mentioned in the Complaint herein, they were not the agent, servant, or employee of any of the remaining Defendants and did not do any of the things alleged by Plaintiffs within the scope and course of any such agency, servitude, or employment.

11. AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiffs, if committed by Defendants, were consented to by Plaintiffs.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint and each cause of action therein is barred by reason of Plaintiffs' failure to file a timely claim within the meaning of California Government Code Sections 901, 911.2, 911.4, 945.4 and 945.6.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are not liable for exemplary or punitive damages pursuant to California Government Code Section 818.

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officers' reasonable cause to believe that the Plaintiffs had committed a misdemeanor in the officers' presence and the officers used reasonable force to effect the arrest, prevent the escape or overcome the resistance of said Plaintiffs; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiffs.

18. AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" doctrine.

19. AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiffs take nothing by way of their Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: May 22, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT; JAMES HYDE; OFFICER JAMES VINCENT; OFFICER LEROY BLOXSOM; OFFICER PFEIFFER; OFFICER M. ZEPEDA; SERGEANT KEVIN ROGERS; OFFICER R. SOLARI