| | |
|---|---|
| Alan L. Schlosser (SBN 49957)<br>aschlosser@aclunc.org<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA<br>39 Drumm St.<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br>Facsimile: (415) 255-8437 | Brad Seligman (State Bar No. 083838)<br>bseligman@impactfund.org<br>Jocelyn D. Larkin (SBN 110817)<br>Alvaro D. Soria (SBN 247532)<br>IMPACT FUND<br>125 University Ave., Suite 102<br>Berkeley, CA 94710<br>Telephone: (510) 845-3473<br>Facsimile: (510) 845-3654 |
| Oren M. Sellstrom (SBN 161074)<br>osellstrom@lccr.com<br>Kendra Fox-Davis (SBN 248757)<br>Charles Forster (SBN 252826)<br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA<br>131 Steuart St., Suite 400<br>San Francisco, CA 94105<br>Telephone: (415) 543-9444<br>Facsimile: (415) 543-0296 | Richard A. Marcantonio (SBN 139619)<br>Rmarcantonio@publicadvocates.org<br>Michelle Natividad Rodriguez (SBN 226683)<br>PUBLIC ADVOCATES, INC.<br>131 Steuart St., Suite 300<br>San Francisco, CA 94105<br>Telephone: (415) 431-7430<br>Facsimile: (415) 431-1048 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEARMAND E., a minor, by and through DEARMAND ELLIS, JR., his father/legal guardian; MICHAEL H., a minor, by and through ONITA TUGGLES, his mother/legal guardian; and NICHOLAS P., a minor, by and through BETTINA LAWRENCE, his mother/legal guardian,<br><br>    Plaintiffs,<br><br>  vs.<br><br>CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, Chief of Police, Antioch Police Department, in his individual and official capacities; OFFICER JAMES VINCENT (#3747), OFFICER LEROY BLOXSOM (#2083), OFFICER PFEIFFER (#3707), OFFICER M. ZEPEDA (#4137), SERGEANT KEVIN ROGERS (#2464), OFFICER R. SOLARI (#2372), in their individual and official capacities; ANTIOCH UNIFIED SCHOOL DISTRICT; | Case No.: C 08-01709 SI<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12) |

RELATED CASES MOTION – C 08-01709  1

| | |
|---|---|
| 1<br>2<br>3<br>4 | DEBORAH SIMS, ROBERT BRAVO, RON LEONE, in their individual and official capacities; JO ELLA ALLEN, ANDY CANNON, and BUKKY OYEBADE, in their individual capacity,<br>              Defendants. |

Plaintiffs in the case of *Williams v. City of Antioch* (No. 08-02301 SBA)[1] believe that their action, originally filed on May 2, 2008, may be related to the earlier filed case of *DeArmand E. v. City of Antioch* (filed March 28, 2008), and the subsequently filed *Tuggles v. City of Antioch* (No. 08-01914 JCS) (filed April 10, 2008).

Plaintiffs believe the cases are related as defined in Civil Local Rule 3-12(a) for the following reasons.

Nature of the Actions: All three cases allege racially discriminatory and otherwise unconstitutional and unlawful police misconduct by the Antioch Police Department that violates, *inter alia*, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and California Civ. Code § 52.1. All three actions also "concern substantially the same parties." Civil L.R. 3-12(a)(1). Each case names the same defendant, the City of Antioch, and each alleges that the Chief of Police was responsible for the supervision, training and discipline of Antioch police officers. The cases further allege, *inter alia*, that the failure of the Chief of Police to adequately supervise, train, and discipline Antioch police officers resulted in violations of the above laws. All three actions seek damages and injunctive relief.

---

[1] The case was originally filed on May 2, 2008 as *Antioch Section 8 Families for Fair Housing v. City of Antioch*. Plaintiffs subsequently obtained new counsel and filed a First Amended Complaint on July 16, 2008 which changed the case name. Defendant City of Antioch was served on July 17, 2008.

RELATED CASES MOTION – C 08-01709     2

While each case has differing individual facts pertaining to the named plaintiffs, all three actions allege policies and practices of racially motivated profiling, and a broad pattern and practice of race discrimination by the Antioch police, which has been adopted, ratified and implemented by the City and its Chief of Police.  Thus *DeArmand E.* alleges that "[t]he City of Antioch and the Antioch Police Department improperly developed [and] maintained . . . policies [and] practices . . . that exhibited deliberate indifference to the legal rights of African-Americans in the provision of law enforcement services." (First Am. Compl. for Damages and Injunctive and Declaratory Relief ¶ 66.)

Similarly, *Williams* alleges that the City of Antioch has "a policy, pattern and practice of discrimination, harassment and coercion against African-American Section 8 households and African-Americans whom Defendant erroneously believes to be part of Section 8 households. The conduct of Defendant has a disproportionate adverse impact upon African-Americans in Antioch that is not justified by necessity." (First Am. Compl. ¶ 56.)[2]  The Amended Complaint in *Williams* further alleges that the City and its Police Department "authorize and/or ratify the unlawful and discriminatory conduct and behavior of Antioch police officers especially when such unlawful and discriminatory conduct and behavior is directed at African-American citizens."  (*Id.* ¶ 57.)

Each case also alleges a policy, pattern and practice of unlawful home searches.  Thus, *DeArmand E.* alleges that "[s]uch discrimination includes racial profiling, unlawful home entries and searches under color of law." (First Am. Compl. for Damages and Injunctive and Declaratory Relief ¶ 66.)  Likewise, the Amended Complaint in *Williams* also alleges a policy, pattern and practice of unlawful home searches.  (First Am. Compl. ¶ 51.)

---

[2] In addition to conduct by the Antioch Police Department's Community Action Team, the First Amended Complaint alleges that the discriminatory conduct is not confined to this unit, but pervades the department as a whole. (*See* First Am. Compl. ¶¶ 39, 49, 50, 57.)

While *DeArmand E.* addresses treatment of African-American students and *Tuggles* and *Williams* address treatment of African-American tenants in the federally-subsidized Section 8 rental assistance program, the three cases share a common allegation that the City and its police department have engaged in intentional discrimination.  Thus, each case alleges, and will seek to prove general patterns of discriminatory conduct, as well as the historical background and the specific sequence of events leading to the discriminatory conduct.  *See*, *e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977).

Overlapping Discovery:  If these cases are heard before different Judges, "there will be unduly burdensome duplication of labor and expense" because common issues will mean a significant overlap in discovery in these cases.  *See* Civil L.R. 3-12(a)(2).  That over-lapping discovery will likely include the following common elements:

1. Official policies regarding racial profiling and discrimination;
2. Direct and indirect evidence of discriminatory animus by the City and police officials;
3. Data regarding disparate treatment of African-Americans and other racial groups, including relative number of stops, searches, arrests and convictions;
4. Official police policies regarding searches, stops and arrests;
5. Crime reports and their geographic distribution;
6. Racial demographics of the City of Antioch;
7. Training and supervision policies and practices within the police department;
8. City knowledge of disparate racial impact of its policies and practices, and steps taken (or not taken) to reduce racial disparities in police actions;
9. Other incidents of racially discriminatory police conduct.

Relief Sought:  All three cases seek injunctive and declaratory relief which may overlap. The three cases also seek damages from the City of Antioch.

RELATED CASES MOTION – C 08-01709          4

Accordingly, *Williams* plaintiffs respectfully request that the Court consider whether their case should be related to the earlier filed *DeArmand E.* case.

DATED: July 29, 2008

By ___/s/ *Brad Seligman*_____
Brad Seligman (State Bar No. 083838)
bseligman@impactfund.org
Jocelyn D. Larkin (SBN 110817)
Alvaro D. Soria (SBN 247532)
IMPACT FUND
125 University Ave., Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3654

Oren M. Sellstrom (SBN 161074)
osellstrom@lccr.com
Kendra Fox-Davis (SBN 248757)
Charles Forster (SBN 252826)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA
131 Steuart St., Suite 400
San Francisco, CA  94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296

Alan L. Schlosser (SBN 49957)
aschlosser@aclunc.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm St.
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Richard A. Marcantonio (SBN 139619)
Rmarcantonio@publicadvocates.org
Michelle Natividad Rodriguez (SBN 226683)
PUBLIC ADVOCATES, INC.
131 Steuart St., Suite 300
San Francisco, CA 94105
Telephone: (415) 431-7430
Facsimile: (415) 431-1048

Attorneys for Plaintiffs in *Williams v. City of Antioch*, No. 08-02301 SBA