1  TIMOTHY P. MURPHY, ESQ. (Bar No. 120920)
   DOLORES M. DONOHOE, ESQ. (Bar No. 111432)
2  EDRINGTON, SCHIRMER & MURPHY
   2300 Contra Costa Blvd., Ste 450
3  Pleasant Hill, CA 94523
   Telephone: (925) 827-3300
4
   Attorney for Defendants, ANTIOCH UNIFIED SCHOOL DISTRICT;
5  DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO,
   ANDY CANNON, RON LEONE, and BUKKY OYEBADE,
6  individually and in their official capacities.
   (CASE NO.: C08-01709 SI)
7
   Attorneys for Defendants
8  HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA, ELIZABETH
   CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ
9  (CASE NO.: C08-01914 JCS)

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12  DEARMAND E., a minor, by and through         CASE NO.: C08-01709 SI
    DEARMAND ELLIS, JR., his father/legal
13  guardian; MICHAEL H., a minor, by and        **OPPOSITION TO ADMINISTRATIVE
    through ONITA TUGGLES, his mother/legal      MOTION TO CONSIDER WHETHER
14  guardian; and NICHOLAS P., a minor, by and   CASES SHOULD BE RELATED (L.R.3-12)
    through BETTINA LAWRENCE, his                BY DEFENDANTS ANTIOCH UNIFIED
15  mother/legal guardian.                       SCHOOL DISTRICT; DEBORAH SIMS, JO
                                                 ELLA ALLEN, ROBERT BRAVO,
16                                               ANDY CANNON, RON LEONE, and BUKKY
              Plaintiffs,                        OYEBADE, individually and in their official
17                                               capacities**
    v.
18                                               (N.D. Local Rule No. 3-12(e))
    CITY OF ANTIOCH, ANTIOCH POLICE
19  DEPARTMENT, JAMES HYDE, Chief of
    Police, Antioch Police Department, in his
20  individual and official capacities; OFFICER
    JAMES VINCENT (#3747), OFFICER
21  LEROY BLOXSOM (#2083), OFFICER
    PFEIFFER (#3707), OFFICER M. ZEPEDA
22  (#4137), SERGEANT KEVIN ROGERS
    (#2464), OFFICER R. SOLARI (#2372), in
23  their individual and official capacities;
    ANTIOCH UNIFIED SCHOOL DISTRICT;
24  DEBORAH SIMS, JO ELLA ALLEN,
    ROBERT BRAVO, ANDY CANNON, RON
25  LEONE, and BUKKY OYEBADE,
    individually and in their official capacities.
26
              Defendants.                        /
                                         1
OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Defendants, ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE, (hereinafter "District Defendants") in *Dearmand E., et al v. City of Antioch, et al* case No. C08-01709 (hereinafter *"Dearmand E."*) and Defendants, HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA, ELIZABETH CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ in *Tuggles v. City of Antioch* (No. 08-01914 JCS) (hereinafter "Housing Authority Defendants") oppose the *Williams v. City of Antioch* (No. 08-02301 SBA) (hereinafter *"Williams"*) plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related for the reasons set forth below.

## I. INTRODUCTION

The *Williams* plaintiffs seek an order that the following three cases should be considered related:

1. *Williams v. City of Antioch* (No. 08-02301 SBA);
2. *DeArmand E. v. City of Antioch* (No. 08-01709 SI); and
3. *Tuggles v. City of Antioch* (No. 08-01914 JCS).

Pursuant to Northern District Local Rule No. 3-12(a) " [a]n action is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

**A. The actions do not concern the same parties, property, transaction or event.**

The *Williams* plaintiffs contend that the nature of the three actions, the discovery and the relief sought are similar enough to cause the three cases to be related and assigned to the same judge. The District Defendants and Housing Authority Defendants disagree.

//

OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

The *Williams* case is a <u>class action</u> suit filed on behalf of

> "[A]l African-American Section 8 households who have held, currently hold, may hold or are erroneously regarded by the City and officers of the Antioch Police Department as holding, Section 8 housing vouchers and all members of their household who reside, have resided or will reside, in the City Antioch." (*Williams*, First Amended Complaint, paragraph 3.)

In *Williams*, plaintiffs allege that the City and its police department have somehow engaged in a "concerted campaign" to reduce the African-American Section 8 population of the City. Conduct is alleged to include focusing investigations of tenant-caused disturbances on African-American households, soliciting complaints from neighbors of African-American households, and conducting unlawful searches of these residences. The City is the only defendant (*Williams*, First Amended complaint, paragraph 2.)

In *Tuggles,* a single plaintiff has sued the City of Antioch and certain of its employees and the Housing Authority of Contra Costa County as well as some of its employees arising of Section 8 termination proceedings. The issues are specific to this plaintiff. The Housing Authority of Contra Costa County and its employees, represented by this law firm, are not parties in either of the other two actions.

*Dearmand E.* is brought by three African-American male students of Deer Valley High School in the Antioch Unified School District and relates solely to a single incident that occurred on March 7, 2007, at a shopping adjacent to Deer Valley High School. The plaintiffs were arrested by the Antioch Police Department and later expelled by the School District. The allegations in the First Amended Complaint against the District Defendants relate solely to the expulsions of the three students. The District Defendants are not parties in either of the other lawsuits.

//

//

**B. There is no likelihood of unduly burdensome duplication of effort should the cases not be related.**

The discovery in the cases will not be overlapping with respect to the District Defendants. As noted above, the allegations against the District Defendants have nothing to do with Section 8 housing, illegal searches or any claimed attempt to rid the City of African-Americans. Instead the discovery will be focused on whether the three students' rights were violated during the expulsion process. Discovery in the *Tuggles* case will be limited to the distinct claim for plaintiff's specific housing rights as opposed to the more general class allegations in *Williams*.

Not one of the nine "common elements" outlined by the *Williams* plaintiffs at page 4 of their motion is common to any proposed discovery against the District Defendants or Housing Authority Defendants. Yet, these Defendants would be obligated to spend time and money in this unnecessary discovery. The burden is obvious.

**C. The relief sought is different.**

Though there is injunctive relief sought in *Dearmand E.*, and *Tuggles* it is in no way similar to the injunction sought in the Williams case. In *Dearmand E.* and *Tuggles* no injunctive relief is sought against the District Defendants or the Housing Authority Defendants; rather, in *Dearmand E.* the injunction sought is to stop racial profiling of African-American students patronize businesses adjacent to the school and is sought against the City of Antioch's Police Department; in *Tuggles* the injuncetion sought is to stop copying and disseminating juvenile police reports without a court order. These are quite different from the injunction sought in *Williams*.

## II.     CONCLUSION

The District Defendants and Housing Authority Defendants see no valid basis for considering these three cases related and the *Williams* Plaintiffs have produced no evidence to support such a finding.

4
OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

     For the reasons set forth above, it is respectfully submitted that the moving parties have failed to establish the necessary elements to support a finding that these three cases, *Tuggles*, *Dearmand E.* and *Williams* are related pursuant to Local Rule 3-12.

DATED: August 1, 2008                    EDRINGTON, SCHIRMER & MURPHY

By   */s/ Dolores M. Donohoe*
Dolores M. Donohoe, ESQ.
Attorney for Defendants, ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE, individually and in their official capacities.
(CASE NO.: C08-01709 SI)

Attorneys for Defendants HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA, ELIZABETH CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ
(CASE NO.: C08-01914 JCS)