JAMES V. FITZGERALD, III (State Bar No. 55632)
THOMAS G. BEATTY (State Bar No. 75794)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT;
JAMES HYDE; OFFICER JAMES VINCENT; OFFICER
LEROY BLOXSOM; OFFICER PFEIFFER; OFFICER M.
ZEPEDA; SERGEANT KEVIN ROGERS; OFFICER R.
SOLARI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEARMAND E., a minor, by and through DEARMAND ELLIS, JR., his father/legal guardian; MICHAEL H., a minor, by and through ONITA TUGGLES, his mother/legal guardian; and NICHOLAS P., a minor, by and through BETTINA LAWRENCE, his mother/legal guardian,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT; JAMES HYDE, Chief of Police, Antioch Police Department, in his individual and official capacities; OFFICER JAMES VINCENT (#3747); OFFICER LEROY BLOXSOM (#2083); OFFICER PFEIFFER (#3707); OFFICER M. ZEPEDA (#4137); SERGEANT KEVIN ROGERS (#2464); OFFICER R. SOLARI (#2372), in their individual and official capacities; ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS; ROBERT BRAVO; RON LEONE, in their individual and official capacities; JO ELLA ALLEN; ANDY CANNON, and BUKKY OYEBADE, in their individual capacity,<br><br>Defendants. | Case No. C08-01709 SI<br><br>**DEFENDANT CITY OF ANTIOCH ET AL.'S OPPOSITION TO *WILLIAMS'* PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>(Per N.D.L.R. 3-12(a)) |

The undersigned Defendants in this action, CITY OF ANTIOCH, CHIEF JAMES HYDE, OFFICER JAMES VINCENT, OFFICER LEROY BLOXSOM, OFFICER PFEIFFER, OFFICER M. ZEPEDA, SERGEANT KEVIN ROGERS, and OFFICER R. SOLARI ("Defendants"), hereby oppose the *Williams* Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related for the following reasons.[1]

## I. INTRODUCTION

The *Williams* Plaintiffs, without any warning or discussion with Defendants, now seek to convince the Court to relate several very different and distinct actions (*Williams*, *DeArmand* and *Tuggles*), relation of which would be an error. In other words, Plaintiffs seek to mix apples with cucumbers (not even oranges), a mixture that has not been adequately demonstrated by Plaintiffs and a mixture of which would create numerous discovery and evidentiary issues that would seriously undermine the efficient handling and defense of these actions. Overall, these three cases should not be related as the actions (1) do not concern substantially the same parties, property, transaction or event; and (2) failure to relate these cases will not cause an unduly burdensome duplication of labor and expense or conflicting results if the case are conducted before different Judges per Northern District Local Rule ("N.D.L.R"). 3-12(a). In essence, it is apparent that the *Williams* Plaintiffs are attempting to forum shop by trying to get these three unrelated matters in front of the judge of their choosing. This improper motive should not be sanctioned by relating these three very different matters.

## II. OPPOSITION ARGUMENTS

A. **Legal Standard**

Per N.D.L.R. 3-12(a), for a party to prove that cases are related, that party needs to sufficiently demonstrate both of the following elements:

(1) The actions concern substantially the same parties, property, transaction or event; **and**

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

---

[1] At the outset, Plaintiffs' motion is faulty and improper as the motion is not accompanied by a proposed order and, more importantly, also does not include a stipulation or a declaration as to why a stipulation could not be obtained to relate these cases, in direct violation of NDLR 7-11(a) "Form and Content of Motions."

DEFENDANT CITY OF ANTIOCH ET AL.'S OPPOSITION     1
TO *WILLIAMS'* PLAINTIFFS ADMIN. MOTION TO
CONSIDER RELATING CASES – C08-01709 SI

See N.D.L.R. 3-12(a). (emphasis added). Neither of these elements are adequately demonstrated by Plaintiffs here.

### B. These Three Matters Should Not Be Deemed Related As They Do Not Concern Substantially The Same Parties, Property, Transaction Or Event

When looking to the facts and allegations surrounding these three cases, it is apparent that these matter are not related.[2] In short, this DeArmand action involves allegations that three African-American juveniles were racially profiled, physically attacked and unlawfully arrested by officers of the Antioch Police Department ("APD"). In actuality, these three Plaintiffs were arrested in the area of Deer Valley Plaza in the City of Antioch on March 7, 2007, for disturbing and defiant behavior by interfering with APD Officers in the performance of their duties. Two of these juveniles had to be pepper sprayed to be controlled and one juvenile was taken to the ground for interfering with and resisting a police officer. These juveniles were then expelled by Deer Valley High School after hearings as a result of this incident, but later readmitted. This case is essentially an alleged police excessive force case based on a single incident, along with attendant allegations of procedural misconduct by the high school and the school district. The named Defendants are listed above in the caption and involve several individual APD officers, the school district and individual school district employees.

Williams, on the other hand, is a claimed and pled "class action" case that essentially alleges that the City of Antioch and the APD have specifically and systematically targeted law enforcement efforts towards Section 8 tenants within the City as a concerted effort to reduce the African-American population and discourage other Section 8 tenants from moving to Antioch. Plaintiffs allege intentional discrimination and the creation and enforcement of polices and practices of the City of Antioch that have an unjustified impact against African-Americans. The only Defendant named in this case is the City of Antioch. Discovery in this case will focus on Section 8 tenants, police reports related to calls for service, City of Antioch related policies and procedures, City Council meeting minutes and other documents that will consist of an extensive

---

[2] The undersigned counsel are intimately familiar with all three cases as we are counsel of record for the City of Antioch in all three of them.

DEFENDANT CITY OF ANTIOCH ET AL.'S OPPOSITION  2
TO *WILLIAMS'* PLAINTIFFS ADMIN. MOTION TO
CONSIDER RELATING CASES – C08-01709 SI

amount of documents and electronic data. For example, attached as **Exhibit A** is a letter from Plaintiffs' counsel in <u>Williams</u> to defense counsel requesting that the City to preserve all sorts of hard copy and electronic discovery for this plead class action matter. This case will involve widespread and significant discovery.

In <u>Tuggles</u>, the City of Antioch received a complaint from a citizen which led them to begin investigating the residence at 1933 Paradise Peak Court. Their investigation revealed that two juveniles living at that address had been involved in recent and multiple violent assaults in the City of Antioch. The Housing Authority instituted proceedings to terminate Ms. Tuggles' Section 8 housing benefits voucher program for non-compliance with the program and/or breach of family obligations. The Defendants are CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE (Chief), CORPORAL STEVE BIAS, OFFICER DESMOND BITTNER, AND OFFICER WILLIAM DILLARD, II. These individually named officers are different than the individually named officers involved in <u>DeArmand</u>. In addition, the Housing Authority of Contra Costa County and several of its employees are named as Defendants in this case, but are not named in the Williams case and are certainly not involved in the <u>DeArmand</u>. case.. The <u>Tuggles</u> case involves alleged due process and equal protection claims, discrimination and other attendant state law claims arising out of the Section 8 termination proceedings.

Now that these claims and parties have been summarized for the Court, it is apparent that these matters should not be deemed related. Each of these cases involve differing trigger events that generated the litigation, such as the arrests in <u>DeArmand</u>; the claimed concerted effort by the City of Antioch to interfere with the general rights of Section 8 tenants in <u>Williams</u> for discriminatory purposes; and then the personal termination of Ms. Tuggles' Section 8 housing benefits in <u>Tuggles</u>. Though <u>Williams</u> and <u>Tuggles</u> may, at first blush, seem to be somewhat related, <u>Tuggles</u> has independent and distinct claims for alleged interference with her specific housing rights and includes personal allegations different from those claimed in the more general class allegations in <u>Williams</u>.

In addition, there are different individual officers of the APD named in two of the three cases as well as different individual officers involved in all three cases. Further, the Housing

DEFENDANT CITY OF ANTIOCH ET AL.'S OPPOSITION       3
TO *WILLIAMS'* PLAINTIFFS ADMIN. MOTION TO
CONSIDER RELATING CASES – C08-01709 SI

1   Authority and its employees are only named in the Tuggles case (not Williams or DeArmand) and
2   the Antioch Unified School District and its employees are only named in the DeArmand case (not
3   Williams or Tuggles). Though some of the attorneys for the Plaintiffs and the Defendants may be
4   similar in these cases, the parties are clearly not the same or even substantially the same, nor are
5   the triggering events and occurrences, as mandated by N.D.L.R. 3-12(a)(1).

      C.    **Failure To Relate These Cases Will Not Cause An Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results If The Cases Are Conducted Before Different Judges**

8   Each of these three cases involve distinct claims concerning discrete discovery and
9   evidentiary issues. Obviously, per the extensive First Amended Complaint and Exhibit A, the
10  claimed class action Williams case will involve significant discovery efforts by the City of
11  Antioch wholly unrelated to the issues raised in the police excessive force/wrongful expulsion
12  case of DeArmand and personal and independent Section 8 housing violation case of Tuggles.
13  Though there may be some minimal overlap of discovery in Williams that may relate to the
14  Tuggles case, there will not be a significant duplication of efforts, labor, or expenses for those
15  cases, and certainly not with the more simplistic and distinctive DeArmand matter. As part of the
16  second element per N.D.L.R. 3-12(a)(2), Plaintiffs need to prove that there not only is a potential
17  duplication of labor and expense, but it has to be shown to be unduly burdensome and "likely" to
18  occur. N.D.L.R. 3-12(a)(2). Plaintiffs have not proven so on this record, nor can they based upon
19  these divergent matters. No likely unduly burdensome duplication has been demonstrated by
20  Plaintiffs as is mandated by N.D.L.R. 3-12(a)(2) for cases to be deemed related.

21  Further, Plaintiffs have not demonstrated how these matters may lead to problematic
22  conflicting results if the cases are conducted before different judges per N.D.L.R. 3-12(a)(2).
23  These cases each have distinct issues and claims that will be better served by being handled by
24  separate judges. Each party in each case is entitled to its own due process by having each case
25  evaluated on its own merits, as opposed to all three being lumped in together in terms of handling,
26  case management, and discovery, despite differing parties, claims and proof issues.

27  Overall, it would be patently unfair for the Housing Authority to have to deal with
28  discovery issues in an alleged police excessive force case and also to have the Antioch Unified

DEFENDANT CITY OF ANTIOCH ET AL.'S OPPOSITION     4
TO *WILLIAMS'* PLAINTIFFS ADMIN. MOTION TO
CONSIDER RELATING CASES – C08-01709 SI

1  School District have to similarly deal with the anticipated large discovery matters involving
2  Section 8 tenants and claimed class certification issues. Further, it is unjust to force various
3  individual officers of the APD to deal with discovery and other issues involving separate
4  incidents, allegations and parties, including the likely extensive Williams claimed class action
5  matter. Discovery and case management in these three cases will not be overlapping in any
6  significant fashion.

### III. CONCLUSION

It is readily apparent that these three different and distinct lawsuits should not be deemed related per N.D.L.R. 3-12(a). Plaintiffs have not adequately demonstrated that these three cases concern the same parties, issues, events and also that it would be likely to be unduly burdensome with a potential for conflicting results if these matters were conducted by different judges. Not only is Plaintiffs' motion procedurally deficient per Footnote 1 above, but Plaintiffs have failed to satisfy either of the necessary elements of N.D.L.R. 3-12(a). Due to the complexity of these three individual cases and the anticipated significant discovery, with regard specifically to the Williams case, having these cases conducted by the same judge would impose a massive and impractical burden on that judge, his or her resources and the Court in general, likely leading to an obstacle to efficiency in these individual cases. The more prudent course would be to keep these distinct matters separate for all purposes, which would also remove any prejudice to the differing Defendants. Plaintiffs' administrative motion should be denied in its entirety.

Dated: August 1, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Thomas G. Beatty
Noah G. Blechman
Attorneys for Defendants
CITY OF ANTIOCH; ANTIOCH POLICE
DEPARTMENT; JAMES HYDE; OFFICER JAMES
VINCENT; OFFICER LEROY BLOXSOM; OFFICER
PFEIFFER; OFFICER M. ZEPEDA; SERGEANT
KEVIN ROGERS; OFFICER R. SOLARI

# EXHIBIT A

18-07-2008  09:58   From-The Impact Fund          5108453654           T-490   P.001/002   F-566

# IMPACT FUND

125 University Avenue, Suite 102, Berkeley, CA 94710-1616
Tel 510.845.3473 | Fax 510.845.3654 | impactfund@impactfund.org | www.impactfund.org

July 18, 2008                                                    <u>VIA FAX</u>

James V. Fitzgerald, III
Thomas G. Beatty
McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers, LLP
1211 Newall Ave.
Walnut Creek, CA 94596-5331
Fax No. 925-939-0203

Re: *Williams v. City of Antioch* (No. C 08-02301)

Gentlemen:

As you know, I represent the plaintiffs in *Williams v. City of Antioch* (formerly known as *Antioch Section 8 Families for Fair Housing v. City of Antioch*). As I indicated in our telephone call this morning, I am writing to ask the City and its police department to take immediate steps to preserve all relevant documents, whether they be in hard copy, electronic, audio, video or other format. The City has a duty to preserve all relevant documents including drafts and compilations of data, emails, websites, photographs, voice mail, and text messages. This duty extends to all officials and employees of the City, including elected and appointed officials and police officers. Any destruction, overwriting, purging or deletion programs and systems must be immediately put on hold.

While we do not know the universe of documents the City possesses, at minimum, the following categories of documents must be preserved in whatever form they are in:

1. All records of City Council meetings, including minutes, agendas, reports and hearings.
2. All Police records, including but not limited to those of the Community Action Team, that relate to investigations, stops, searches, citizen complaints or reports of alleged criminal activity, interrogations, witness statements, communications to property owners and landlords, and communications with the County of Contra Costa (including its County Counsel and District Attorney), the Housing Authority of Contra Costa County or any other local, state or federal agency concerned with the Section 8 housing program.
3. All statements, reports, studies, or presentations by any City official, including, without limitation, the Mayor, Council Members, Police Chief, police officers and the City Attorney, regarding the Section 8 program and/or its recipients, crime and the cause of it in Antioch, race relations or issues, or population and demographic changes.

Strategic Litigation for Social Justice

4. Records relating to meetings or communications with any community group or individuals which relate in whole or in part to Section 8 recipients or other tenants, crime, or race relations in Antioch.
5. Records relating to meetings or communications with United Citizens for Better Neighborhoods (UCBN), Gary Gilbert, or any member of UCBN.
6. Records regarding any complaints of police misconduct, including any investigation or disposition thereof.
7. Records or reports of regarding the location and nature of criminal activity and the disposition of police resources in Antioch.
8. Records that relate to any administrative or judicial action that asserts police misconduct, racial discrimination, or harassment of section 8 recipients.
9. All documents that relate or respond to the December 18, 2007 report by Public Advocates entitled "Policing Low-Income African-American Families in Antioch".
10. All documents that relate to any of the named plaintiffs in the *Williams* case.
11. All documents that concern communications with Bay Legal Aid, Public Advocates, ACLU or the Lawyers Committee for Civil Rights of the San Francisco Bay Area regarding the issues addressed in the December 18, 2007 report, the initial and amended complaint in the *Williams* or *Antioch Section 8 Families for Fair Housing*, or any individual proceedings before the Housing Authority of Contra Costa County regarding any of the named plaintiffs in the *Williams* case.
12. All documents that concern communications with the media which relate in whole or in part to Section 8 recipients or other tenants, crime, or race relations in Antioch, the December 18, 2007 report by Public Advocates entitled "Policing Low-Income African-American Families in Antioch," or the *Williams* lawsuit.

As you know, we are required by Federal Rules of Civil Procedure 16 and 26, as well as the standing order of Judge Zimmerman and the Local Rules of the Northern District of California, to meet and confer about issues, including document preservation. To that end, I ask that you promptly indicate if you have any dispute regarding your duty to preserve documents. Moreover, in order to allow for a constructive discussion, please identify all electronic databases, messaging systems, and audio or visual recording systems maintained by the City and its Police Department.

Thank you for your cooperation on these matters. Please let me know when you are available to discuss these matters.

Sincerely,

Brad Seligman