Jivaka Candappa (SBN 225919)
LAW OFFICE OF JIVAKA CANDAPPA
46 Shattuck Square, Suite 15
Berkeley, California 94704
Telephone: (510) 981-1808
Facsimile: (510) 981-1817

Attorney for Plaintiffs DEARMAND E., MICHAEL H., and NICHOLAS P.

Jenny C. Huang (SBN 223596)
JUSTICE FIRST, LLP
2831 Telegraph Avenue
Oakland, CA 94609
Telephone: (510) 628-0695
Facsimile: (510) 272-0711

Attorneys for Plaintiffs DEARMAND E., MICHAEL H., and NICHOLAS P.

James V. Fitzgerald, III (SBN 55632)
Noah G. Blechman (SBN 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Walnut Creek, California 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, OFFICER JAMES VINCENT, OFFICER LEROY BLOXSOM, OFFICER PFEIFFER, OFFICER M. ZEPEDA, SERGEANT KEVIN ROGERS, and OFFICER R. SOLARI

Timothy P. Murphy (SBN 120920)
Dolores M. Donohoe (SBN 111432)
EDRINGTON, SCHIRMER & MURPHY LLP
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, California 94523
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendants ANTIOCH UNIFIED SCHOOL DISTRICT, DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DEARMAND E., a minor, by and through DEARMAND ELLIS, JR., his father/legal guardian; MICHAEL H., a minor, by and through ONITA TUGGLES, his mother/legal guardian; and NICHOLAS P., a minor, by and through BETTINA LAWRENCE, his mother/legal guardian,

Plaintiffs,

vs.

CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, Chief of Police, Antioch Police Department, in his

Case No.: C08-01709 SI

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

DATE: August 22, 2008
TIME: 2:00 p.m.
CTRM: 10
JUDGE: Hon. Susan Illston

individual and official capacities; OFFICER JAMES VINCENT (#3747), OFFICER LEROY BLOXSOM (#2083), OFFICER PFEIFFER (#3707), OFFICER M. ZEPEDA (#4137), SERGEANT KEVIN ROGERS (#2464), OFFICER R. SOLARI (#2372), in their individual and official capacities; ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS, ROBERT BRAVO, RON LEONE, in their individual and official capacities; JO ELLA ALLEN, ANDY CANNON, and BUKKY OYEBADE, in their individual capacity,

Defendants.

**1. Jurisdiction and Service**

All named Parties are subject to the Court's jurisdiction pursuant to 28 U.S. C. §§ 1331 and 1343, and 28 U.S.C. § 1367(a). The Parties do not believe any issues exist with respect to personal jurisdiction or venue. All Parties have been served.

**2. Facts**

Plaintiffs Michael H. ("Michael"), Nicholas P. ("Nicholas"), and DeArmand E. ("DeArmand"), all of whom are African-American males, were enrolled as students at Deer Valley High School in the Antioch Unified School District during the 2006-2007 school year. On March 7, 2007, Plaintiffs allege that they were racially profiled, physically attacked and unlawfully arrested by officers of the Antioch Police Department.

The incident in question began when Officer James Vincent of the Antioch Police Department stopped Plaintiffs Michael and Nicholas, and a third African-American juvenile male, Victor F., while they were walking through the parking lot of Deer Valley Plaza ("Plaza"), a shopping center in the City of Antioch. Plaintiffs allege that Officer Vincent falsely accused the three young men of blocking traffic in the Plaza, unlawfully prevented Plaintiffs from patronizing the restaurants in the Plaza and ultimately attempted to assault Michael. Michael ran away from Officer Vincent and a foot pursuit ensued.

The pursuit ended at Gas City, a gas station and convenience store located across the street from the Plaza, when Michael was pepper-sprayed, knocked to the ground and arrested by Officer

Leroy Bloxsom, a regular-duty officer of the Antioch Police Department and a "school resource officer" assigned to Deer Valley High School ("DVHS"). Nicholas who had followed Michael to Gas City was also pepper sprayed by Officer Bloxsom and arrested.

As the incident with the students unfolded, a group of observers began to gather around the public sidewalk on the periphery of Gas City. Plaintiff DeArmand E. was part of the group of observers. Shortly after the arrest of Michael, Nicholas and others, one of the Antioch Police Department officers who had responded to Gas City directed his attention towards the group that was gathered on the periphery of Gas City. The officer, Defendant Solari, pointed towards the group and directed another officer, Defendant Officer Zepeda, to apprehend an unidentified person. Officer Zepeda walked towards the group holding his canister of pepper spray. As Officer Zepeda walked towards the group, DeArmand started to back away and crossed the street fearing that he would be pepper sprayed by the Officer. Officer Zepeda chased after him. DeArmand ran a short distance and stopped. Officer Zepeda pursued DeArmand, tackled him to the ground and arrested him.

Plaintiffs DeArmand, Michael and Nicholas and at least four other minors, including Victor F., were arrested in connection with the Gas City incident. All of the arrestees were African-American. Michael alleges he suffered a shoulder separation as a result of the police assault, and alleges he was denied emergency medical attention by the police to treat that injury and the effects of the pepper spray. Nicholas alleges he was also denied emergency medical attention to treat the effects of the pepper spray. Plaintiffs were transported to the Antioch Police Department, interrogated, booked and charged with violating California Penal Code section 148(a)(1) - delaying and obstructing a peace officer. Plaintiffs were released several hours after their arrest.

Plaintiffs allege that in order to cover up their misconduct, the involved police officers made numerous false statements in their incident reports. The officers contended that Plaintiffs had blocked traffic, incited the crowd, that a crowd in excess of 50 chased the officers, and that the crowd encroached on the officers in an apparent attempt to free the arrestees. Plaintiffs further contend that officers of the Antioch Police Department made numerous false statements to the press. Captain Steve McConnell of the Antioch Police Department was quoted as saying in the

Contra Costa Times of March 9, 2007, that the officers had to deal with a violent mob and a large crowd of angry adolescents. The press report also quoted the Antioch Police as stating that one of Michael's friends tried to free him from police custody, another grabbed for an officer's taser, and a third tried to punch an officer.

After the incident at Gas City, Officer Bloxsom contacted administrators at DVHS. Plaintiffs and other DVHS students who had been arrested were suspended from school for five days effective March 9, 2007. Subsequently, by memorandum dated March 14, 2007, DVHS Principal Jo Ella Allen recommended their expulsion. After the expulsion hearings, which Plaintiffs allege were replete with due process violations and other legal errors, the administrative hearing panel issued written decisions recommending Plaintiffs' expulsions for the remainder of the 2006-07 school year and the first semester of the 2007-08 school year. The governing board of the School District adopted the administrative hearing panel's recommendations and expelled Plaintiffs.

Plaintiffs appealed their expulsions to the Contra Costa County Office of Education ("County Board"). The County Board reversed the District's ruling as to DeArmand finding that the School District did not have jurisdiction in the matter and that the School District abused its discretion in expelling DeArmand. However, one month later, the County Board affirmed the School District's decision to expel Michael and Nicholas. Michael and Nicholas filed writs of mandate in the Superior Court appealing the County Board's decision. On April 18, 2008, the Superior Court of Contra Costa County overturned the expulsions of Michael and Nicholas finding, *inter alia*, that the School District's decision to expel Michael and Nicholas was not supported by the weight of the evidence.

**3. <u>Legal Issues</u>**

Plaintiffs allege a total of seventeen causes of action against the various Defendants. Plaintiffs allege that Defendants violated and conspired to violate Plaintiffs' civil rights under federal and state law, and further violated legal duties owed to Plaintiffs under state law.

The principal legal issues in dispute include whether Officer Vincent had reasonable suspicion to detain Plaintiffs at Deer Valley Plaza, whether there was probable cause to arrest

Plaintiffs; whether the School District had jurisdiction to suspend and expel Plaintiffs; whether any state or federal constitutional rights were violated; whether there is any policy, pattern or practice on the part of the City of Antioch to violate civil rights, *i.e*., *Monell* liability; whether any individual defendants are entitled to qualified immunity; whether there was any conspiracy to violate civil rights; whether any state civil rights laws were violated; and whether any state torts were committed.

**4. Motions**

Plaintiffs anticipate filing a motion for summary adjudication against the School District Defendants at the close of discovery. Defendants anticipate filing motions for summary judgment/summary adjudication at the close of discovery.

**5. Amendment of Pleadings**

Plaintiffs filed a First Amended Complaint on April 25, 2008.

**6. Evidence Preservation**

All Parties have taken measures necessary to preserve evidence in this action, including any electronic data.

**7. Disclosures**

All parties intend to exchange initial disclosures identifying witnesses and evidence known to the parties, and produce all relevant insurance policies by the date this Joint Case Management Conference Statement is filed.

**8. Discovery**

Plaintiffs anticipate taking more than fifteen (15) depositions and will be in a better position to address this issue at the second case management conference. Defendants anticipate taking at least fifteen (15) depositions. With regard to interrogatories, defendants propose the following: All Antioch defendants propound up to 65 interrogatories per plaintiff; the individual District related defendants propound up to 60 interrogatories per plaintiff; and, the District propound the number of interrogatories permitted by FRCP. Plaintiffs request that, with the exception of the school district, each defendant be limited to 50 interrogatories per plaintiff.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There is an administrative motion pending before the Court to consider whether the matter of *Williams v. City of Antioch*, Case Number C 08-02301 (SBA) is related to this case and *Onita Tuggles v. City of Antioch et al*., Case Number C 08-01914 (JCS). Defendants filed oppositions to the motion brought by the *Williams* plaintiffs pursuant to Civil Local Rule 3-12(a).

**11. Relief**

Plaintiffs allege the following damages according to proof: general damages, special damages, punitive damages, and statutory damages and penalties. Plaintiffs have also requested injunctive relief against Defendants.

**12. Settlement and ADR**

The Parties stipulated to early mediation through the Court's ADR program. City of Antioch Defendants believe that they would have to take the deposition of Plaintiff Michael H. in order to meaningfully mediate this matter, and in light of the pending juvenile charge against Michael (*see* section 20 *infra*) request that the Court stay mediation proceedings until the resolution of the juvenile case.

**13. Consent to Magistrate Judge For All Purposes**

Defendants declined to have this case heard by a magistrate for all purposes, including trial and entry of judgment.

**14. Other References**

The Parties do not believe this case should be referred to binding arbitration, a special master, or JPML.

**15. Narrowing of Issues**

Plaintiffs believe that the doctrine of collateral estoppel could apply with respect to the following findings in favor of Plaintiffs and against the School District Defendants: (a) the Contra Costa County Office of Education ruling that the School District did not have jurisdiction to expel Plaintiff DeArmand E.; and (2) the Contra Costa County Superior Court's ruling that the School

District's decision to expel Plaintiffs Michael and Nicholas was not supported by the weight of the evidence. The School District Defendants deny that the doctrine of collateral estoppel applies in favor of Plaintiffs.

**16. Expedited Schedule**

None requested at this time.

**17. Scheduling**

The Parties request a mid-March 2010 trial date and the assignment of other, related dates to be set as convenient to the Court's schedule.

**18. Trial**

Plaintiff and some Defendants have requested a jury trial. The Parties anticipate that the length of the trial will be 10-12 days, including jury selection.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed a Certification of Interested Entities or Persons in compliance with Civil Local Rule 3-16. Plaintiffs certify that as of this date, other than the named Parties, there is no such interest to report.

//

//

//

//

//

//

//

//

//

//

//

//

**20. Other Matters**

Charges remain pending in juvenile court against Plaintiff Michael H. Defendants assert that the matter pending against Plaintiff Michael H. in juvenile court potentially implicates the *Younger* abstention doctrine. Plaintiffs recognize that taking of Michael's deposition by Defendants would be delayed pending resolution of his juvenile case, but do not believe that the ongoing juvenile case warrants abstention on the basis of *Younger* and its companion cases.

DATED: August 15, 2008

By: /s/ Jivaka Candappa
JIVAKA CANDAPPA
Attorney for Plaintiffs
DEARMAND E., MICHAEL H., and NICHOLAS P.

DATED: August 15, 2008

JUSTICE FIRST LLP

By: /s/ Jenny Huang
JENNY HUANG
Attorneys for Plaintiffs
DEARMAND E., MICHAEL H., and NICHOLAS P.

DATED: August 15, 2008

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES, & BROTHERS LLP
By: /s/ James Fitzgerald
JAMES V. FITZGERALD, III
NOAH G. BLECHMAN
Attorneys for Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, OFFICER JAMES VINCENT, OFFICER LEROY BLOXSOM, OFFICER PFEIFFER, OFFICER M. ZEPEDA, SERGEANT KEVIN ROGERS, and OFFICER R. SOLARI

DATED: August 15, 2008

EDRINGTON, SCHIRMER & MURPHY LLP

By: /s/ Dolores Donohoe
TIMOTHY P. MURPHY
DOLORES M. DONOHOE
Attorneys for Defendants
ANTIOCH UNIFIED SCHOOL DISTRICT, DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE