IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DeARMAND E., *et al.*,

        Plaintiffs,

  v.

CITY OF ANTIOCH, *et al.*,

        Defendants.

No. C 08-1709 SI

**ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The parties have submitted letter briefs regarding plaintiffs' motion to compel defendants to respond to numerous requests for production of documents.[1]

**I.    Requests Nos. 1-8, 12, 13, 21-24, and 32**

These requests seek documents relating to any meetings of the Antioch Unified School District or Deer Valley High School about the March 7, 2007 incident and/or plaintiffs' suspensions and expulsions. Defendants object that the requests are compound and overbroad, and seek privileged information. Defendants also respond that to the extent these subjects were discussed at an open session of a board meeting, minutes and agendas for the School District board meetings are available online. Defendants also state that if plaintiffs' counsel identifies any specific meeting at which this incident was discussed, defendants will attempt to locate and produce the agenda packages for that particular meeting. Plaintiffs respond that it is defendants' responsibility to identify responsive documents, and also that

---

[1] Defendants' response addresses a number of requests for production of documents that do not appear to be at issue (i.e., they were not raised in plaintiffs' motion to compel). This order only addresses the requests raised in the plaintiffs' letter brief. The letter briefs are found at Docket Nos. 50-52.

plaintiffs' requests are not limited to publicly-available information.

The Court finds that defendants' objections are not well-taken, and directs defendants to respond to the requests. Defendants have greater access to information than plaintiffs, and thus defendants will be better able to determine at which meetings the incident was discussed. In addition, as plaintiffs note, the requests are not limited to publicly-available documents. If defendants contend that any specific documents are privileged, they must provide a privilege log.

**II.     Requests Nos. 11, 14-20, 46, 53-56, 87-97, 107, 108, 129, 143, 147 and 151**

Many of these requests (such as 11, 14-20, 46, 53-56) are similar to those listed in Section I; to the extent that defendants have raised similar objections and directed plaintiffs to websites and/or requested that plaintiffs identify particular meetings, the Court finds that response insufficient and directs defendants to respond to the document requests. Defendants also respond that for certain requests there are no responsive documents; where that is the case, defendants should confirm that in a supplemental response.

With regard to Requests Nos. 87-97, defendants state that they have located responsive electronic files and will produce them. Defendants also direct plaintiffs to the www.cde.ca.gov website and provide specific instructions regarding how to find the requested expulsion data. The Court finds that defendants' response is sufficient.

Defendant objects to Request No. 107 as being overbroad, vague and ambiguous. The Court agrees. Request No. 107 seeks "Any documents that refer or relate to measures taken with respect to complaints from parents or others about policies, practices, or incidents in the Antioch Unified School District concerning school discipline, student harassment (based on race, ethnicity, national origin, or other factors), and student interactions with law enforcement, including but not limited to referral, arrest, citation, questioning, search, or use of force on students. Please include complaints and reports of both individual instances and allegations of pervasive conditions." This request is overbroad and vague because complaints about "school discipline" and "student harassment" based on a number of factors, including "other," could potentially encompass a wide range of documents, many of no relevance to this case. The Court DENIES plaintiffs' motion to compel responses to this request.

Request No. 108 seeks "Any documents that refer or relate to complaints made to or investigated by the United States Department of Education, Office of Civil Rights." Defendants raise a number of objections, including that the request is overbroad and seeks irrelevant, privileged and private information. The Court finds that as framed, the request is overbroad. The Court directs plaintiffs to narrow the request to documents related to OCR complaints about issues similar to those alleged here (i.e., alleged excessive force, racial profiling). If defendants contend any documents are privileged, they shall produce a privilege log. If defendants have specific privacy concerns that are not addressed by the protective order, they may renew those objections in connection with specific documents with the Court.

Request No. 129 seeks documents related to defendants' affirmative defenses. Defendants state that they are willing to supplement their answers in light of the discovery to date. The Court directs defendants to provide a supplemental response. If plaintiffs remain dissatisfied with the supplemental response, the parties shall meet and confer prior to any renewed motion to compel.

Requests Nos. 143, 147 and 151 seek documents related to complaints filed against the School District regarding racism, racial profiling, and disparate treatment. Defendants do not address their objections to these requests, and instead only state that they are willing to provide a list of complaints, if any, filed against the District relating to racial profiling alleged against defendant Bloxsom. Absent a specific showing from defendants that complying with these requests would be unduly burdensome, the Court finds that these requests seek potentially relevant information, and directs defendants to comply with the requests as written.

**III.     Requests Nos. 48 and 50**

Defendants have agreed to provide a response stating that there are no responsive documents other than those that have been produced.

**IV.     Requests Nos. 109 and 110**

Defendants state that they have produced all responsive documents.

3

**V.   Request No. 128**

Defendants state that they will determine if there are any additional documents responsive to this request. If there are any additional responsive documents, defendants are directed to produce them.

**VI.   Requests Nos. 80-83, 85 and 86**

Plaintiffs seeks the employment records of defendants Allen, Bravo, Leone, Cannon and Sims in order to learn whether the School District took any corrective action against these individuals for unlawfully suspending and expelling plaintiffs. Plaintiffs also assert that they need these records in order to discover if complaints were made against these individuals for unlawfully suspending or expelling students in other instances. Defendants object to producing the records, but state that they are willing to provide a declaration that neither Allen nor Leone, who have both left the District's employment, were terminated or separated their employment as a result of the incident.

The Court finds that plaintiffs' requests are reasonable and defendants' privacy concerns are addressed by the protective order. Defendants shall either produce the requested employment records, or provide a declaration(s) stating (1) whether the School District took any corrective action against the individual defendants for suspending and expelling plaintiffs, and if so, information about that corrective action to the extent such information is contained in the requested employment records, and (2) if any complaints had been made against the individual defendants for suspending or expelling students in other instances, including information about those complaints to the extent such information is contained in the requested employment records.

**VII.   Requests Nos. 99-102 and 104**

Requests 99-102 seek documents relating to other off-campus incidents that resulted in suspensions or expulsions of students in the Antioch Unified School District and Deer Valley High School specifically. For example, Request No. 99 seeks "All documents related to or concerning, in whole or in part, the suspension of Antioch Unified School District students for conduct that occurred outside of school premises." Request No. 104 seeks "All documents that refer or relate to incidents involving student harassment based on race, ethnicity, national origin, or other factors, including but

4

not limited to complaints, complaint forms, memoranda, correspondence with parents or other parties, and individual cases of harassment, and any documents relating or referring to aggregate data on harassment-related discipline."

Plaintiffs contend that these documents are necessary to establish their claims of racial profiling and § 1983 violations pursuant to a "joint action" theory. Plaintiffs also argue that they are entitled to discover whether the School District had notice of "similar incidents of misconduct" by the Antioch Police Department officers. Defendants object that the requests are overbroad and would require defendants to search through every document in their possession to determine whether it is responsive to the requests. Defendants also raise a host of privilege and privacy objections not tailored to any specific document.

The Court agrees with defendants that, as framed, these requests are overbroad. With respect to Requests Nos. 99-102, the parties should be able to focus the search through the meet and confer process, since documents regarding suspensions or expulsions due to off-campus incidents should be relatively easy to identify. Even if defendants do not maintain a database of such information, presumably defendants do have information regarding students who have been suspended or expelled, and the reasons for the suspensions and expulsions. The Court directs the parties to further meet and confer regarding these requests by **April 20, 2009**, and encourages the parties to resolve this dispute. If defendants identify particular documents which defendants contend are privileged, defendants shall produce a privilege log. If defendants have specific privacy concerns that are not addressed by the protective order, they may renew those objections in connection with specific documents.

With regard to Request No. 104, the Court agrees with defendants that this request is extremely broad in that it seeks all documents related to "incidents involving student harassment" and also uses vague terms such as harassment based on "other factors." The Court DENIES plaintiffs' motion to compel a response to this request as phrased.

**VIII.   Requests Nos. 124 and 146**

Request No. 124 seeks "All documents relating to judicial or administrative actions filed against the Antioch Unified School District or any of its officials (whether elected or not), employees,

5

representatives, or agents, alleging misconduct of any kind, including misconduct by School Resource Officers." Defendants object on numerous grounds, including that the request seeks privileged and irrelevant information. The Court agrees with defendants that the request is overbroad to the extent it seeks documents relating to allegations of "misconduct of any kind." Plaintiffs shall narrow the request to specify types of misconduct similar to that alleged here. Defendants' other objections, such as that the request is compound, are generally not well-taken. If defendants contend that any responsive documents are privileged, they shall produce a privilege log to plaintiffs. If defendants have specific privacy concerns that are not addressed by the protective order, they may renew those objections in connection with specific documents.

Request No. 146 seeks "All documents related to or concerning any complaints filed with or against you involving allegations of racism by Antioch Unified School District personnel, including but not limited to complaints against the School Resource officers assigned to the Antioch Unified School School District." Defendants' letter brief does not address this request. The Court finds this request is appropriate, and GRANTS plaintiffs' motion to compel further responses to this request.

## IX.    Request Nos. 134-142

Defendants state that they have no additional documents to produce at this time. As with all discovery requests, defendants shall supplement their responses as necessary.

## X.    Requests Nos. 144, 145, 148-150 and 152

These requests seek documents relating to joint action between the School District and the City of Antioch, including documents regarding complaints of excessive force, racism and racial profiling by School Resource Officers, and impeachment evidence against defendants. Defendants object that the requests are vague, and seek irrelevant, privileged and private information. The Court overrules these objections, and finds that the requests are sufficiently specific such that defendants can reasonably search for responsive documents, and the requests seek information that is relevant and likely to lead to admissible evidence. Again, if defendants contend any documents are privileged, they shall produce a privilege log, and if defendants have specific privacy concerns that are not addressed by the protective

order, they may renew those objections in connection with specific documents.

## CONCLUSION

The Court directs defendants to produce documents in response to this order by **April 20, 2009**. Where the Court has ordered the parties to further meet and confer, the parties shall do so immediately and if the parties are able to resolve their disputes, defendants shall produce documents by **April 27, 2009**.  If the parties are not able to resolve disputes after further meet and confer, plaintiffs may file another motion to compel.  The Court also GRANTS plaintiffs' request to continue the depositions of any current or former School District employees who have already been deposed should additional examination be required on the basis of defendants' supplemental response.

**IT IS SO ORDERED.**

Dated: April 6, 2009

SUSAN ILLSTON
United States District Judge