IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeARMAND E., *et. al.* | No. C 08-1709 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| CITY OF ANTIOCH, *et. al.* | |
| Defendants. | |

The parties have submitted letter briefs regarding plaintiffs' motion to compel defendants to respond to numerous requests for production of documents.[1]

**I.   Requests Nos. 15, 16, and 20**

These requests seek records relating to Antioch City Council and Police Department meetings at which population or demographic changes in the City were discussed, as well as City Council and Police Department meetings, or meetings attended by any City employee or official, at which the provision of police or security services for businesses in the vicinity of Deer Valley High School was discussed. Defendants agreed to provide the requested documents relating to the City's Quality of Life Forums and Deer Valley Plaza Safety meetings. In their reply letter brief, plaintiffs state that as a result of the production of other documents pursuant to the Court's Order of April 6, 2009 (Docket No. 54), they have learned of a joint meeting of the City of Antioch and Antioch Unified School District on April 26, 2007, and a Joint Task Force created by the City and School District. Plaintiffs now seek the

---

[1] The letter briefs are found at Docket Nos. 58-60. This order addresses the requests plaintiffs address and identify as still at issue in their May 12 reply letter brief.

production of records relating to this meeting and to the task force, contending that documents relating to the meeting are particularly probative because Chief of Police James Hyde presented a status report on Deer Valley Plaza and Gas City at the meeting. The Court directs defendants to produce these documents because they fit within the category of requests that the Court directed defendants to respond to in its April 6, 2009 order. As the Court stated in that order, if defendants contend that there are no responsive documents, they should confirm that in a supplemental brief.

## II.     Requests Nos. 56 and 57

These requests seek documents relating to City communications and meetings regarding any incident at Deer Valley Plaza or Gas City involving the Antioch Police Department and African-Americans. Plaintiffs state that these requests pertain to plaintiffs' *Monell* claim of "racial profiling, racial animus, and joint action involving the School District and City." Defendants object that producing all documents involving African-Americans would invade the privacy rights of third parties who are not part of this litigation. Defendants also object that these requests are burdensome because they are not sufficiently clear to guide the City in its attempt to respond. Defendants state that they have produced documents regarding incidents at both locations, but contend that trying to determine if any of these incidents involved African-Americans would be oppressive. In their reply, plaintiffs state that defendant produced documents relating to an incident on February 19, 2006 at Deer Valley Plaza involving the Antioch police and several juveniles, whom plaintiffs believe were African-American. Plaintiffs therefore request production of all documents relating to this incident without redaction. Plaintiffs also maintain their request for production of documents relating to all incidents and citations involving African-Americans at Deer Valley Plaza and Gas City, and respond to defendants' objection that it is burdensome to sort documents by race by requesting all documents relating to any incidents without redactions.

The Court agrees with defendants that plaintiffs' requests raise potential privacy concerns. Both federal and state courts have held that third party individuals have a privacy interest in not having their names and personal information disclosed. *See Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Under federal law,

resolution of a privacy objection requires the Court to balance the need for the information sought against the privacy right asserted. *See Soto*, 162 F.R.D. at 616. Here, plaintiffs have not shown that their need for all documents relating to any incident involving African-Americans is so strong that it outweighs the privacy interests of third party individuals whose names and personal information would be disclosed by the production of such documents. Plaintiffs' alternative request for documents relating to all incidents without redaction would not solve this problem, as it would require the disclosure of even more names and personal information of third party individuals.

The Court agrees with defendants that the requests as framed are overly broad and do not provide defendants with adequate guidance as to how to go about producing such documents. To compel production, plaintiffs must narrow their requests to render them more specific with regard to time frame and the type of incident for which they seek documents. In contrast, plaintiffs' request for documents relating to the February 19, 2006 incident without redaction is specific enough to appropriately guide defendants in responding to the request, and plaintiffs have shown that their need for such documents is strong enough to outweigh the privacy rights of the third party individuals involved in that incident. Therefore, the Court directs defendants to comply with plaintiffs' request to produce all documents relating to the February 19, 2006 incident without redaction.

## III.    Requests Nos. 70, 71, and 74-81

These requests seek documents relating to the employment histories of (1) officers who were present at the March 7, 2007 incident, (2) officers who authored incident reports, and (3) six specifically named officers and of Chief Hyde.[2] Defendants object that the requests violate the officers' privacy rights, which they claim are protected by federal and California law. Defendants agree to submit the relevant parts of the records of officers who made arrests and drafted police reports to the Court for an in camera review. Defendants object, however, that the records of the officers who read the reports or

---

[2] Although plaintiffs includes requests nos. 111, 135, 136, 138-41, and 143-145 in the heading of their letter brief and reply, they do not present any arguments in support of these requests, which seek documents related to allegations of misconduct, racial profiling, excessive force, racism, and disparate treatment by the Antioch Police Department, as well as investigations of these complaints. The Court therefore does not address these requests.

3

1 provided cover or crowd control are privileged. Plaintiffs argue that defendants' objections are
2 inapplicable because they are based on state law that is inconsistent with federal law. Plaintiffs also
3 challenge defendants' opposition to the request for the records of officers present at the scene.

4 The Court agrees with plaintiffs that defendants' privilege-based objection under California law
5 is inapplicable here. In a case involving a federal question, privileges are determined under federal law
6 and California statutory privileges are inapplicable. *See Kerr v. U.S. Dist. Ct. for N. Dist. of Ca.*, 511
7 F.2d 192, 197 (9th Cir. 1975); *Soto*, 162 F.R.D. at 609. The Court may consider applicable state law,
8 so long as it is not inconsistent with federal law. *See Soto*, 162 F.R.D. at 609, n. 2. In *Soto*, the Court
9 held that privileges under Cal. Evidence Code §§ 1043 and Penal Code § 832.5 are inapplicable in a case
10 involving a federal question. *Id.* Discovery is governed by a more liberal standard under federal law
11 than under California law, and the party resisting discovery bears the burden of proving that disclosure
12 is not required. *See id.* Therefore, the Court finds that plaintiffs are correct that defendants' privilege-
13 based objections under California law lack merit because California law is inapplicable in this federal
14 question case.

15 The Court also finds that plaintiffs are entitled to the requested records of the officers who
16 participated in the arrests of plaintiffs and are named as defendants. These include officers Vincent,
17 Bloxsom, Pfeiffer, Zepeda, Rogers, and Solari, as well as officer Augusta, who is not named as a
18 defendant, but who participated in the arrests and whose personnel files defendants concede are thus at
19 issue. In civil rights cases, the Court has adopted a balancing test that is moderately pre-weighted in
20 favor of disclosure. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987). Under this
21 balancing test, the public interests in favor of disclosure, such as civil rights and justice in individual
22 cases, "clearly outweigh" the public interests in favor of secrecy, such as the privacy rights of officers.
23 *Id.* In *Kelly*, the Court noted that the harm to law enforcement by limited disclosure has been
24 substantially exaggerated. *Id.* Such harm is rarely threatened by disclosure, and is generally limited
25 to cases involving confidential informants and imminent police operations. *Id.* In *Soto*, the court
26 balanced the privacy interests of police officers against "the great weight afforded to federal law in civil
27 rights cases against police departments." *Soto*, 162 F.R.D. at 616. The court noted that in similar cases,
28 "district courts in the Ninth Circuit have found that the privacy interests police officers have in their

4

personnel files do not outweigh the civil rights plaintiff's need for the documents," and the court thus granted the plaintiff's request for all relevant documents in the defendants' personnel files, subject to a protective order. *Soto*, 162 F.R.D. at 617.

Here, defendants' objections to disclosure of the personnel records of these seven officers do not meet the burden defendants face under federal law because they have not presented an argument to overcome the pre-weighted preference for disclosure in civil rights cases. Contrary to defendants' arguments, *Soto* authorizes the discovery sought here because the civil rights plaintiffs' need for the documents outweighs the police officers' privacy interests in their personnel files. The Court therefore directs defendants to produce the responsive personnel related documents for officers Vincent, Bloxsom, Pfeiffer, Zepeda, Rogers, Solari, and Augusta. To the extent defendants have privacy concerns, the documents may be produced pursuant to the Stipulated Protective Order agreed upon by all parties and approved by the Court on March 12, 2009. Docket No. 49.

The Court agrees with defendants that *Soto* does not require disclosure of the personnel records of the officers who were at the scene of the incident but did not make arrests and are not named as defendants. Although *Soto* holds that the internal affairs records of all officers at the scene are relevant, *Soto*, 162 F.R.D. at 611, it also makes clear that internal affairs records are different than personnel records to which the standard already discussed applies, *id.* at 614. Plaintiffs have not shown that their need for the personnel files of these officers outweighs the officers' privacy concerns in their personnel files.

With regard to Chief Hyde's records, plaintiffs state that they recently learned defendants produced these same records in *Santeya Williams v. City of Antioch et al.*, Case No. C 08-02301 SBA, without an in camera review. The Court agrees that Chief Hyde's records are relevant given his alleged role in devising strategies for policing students at Deer Valley Plaza. As in the case of the defendant officers' records, the privacy concerns are outweighed by the civil rights plaintiffs' need for the documents. The Court directs defendants to produce all responsive records for Chief Hyde. To the extent defendants have privacy concerns, the documents may be produced pursuant to the Stipulated Protective Order agreed upon by all parties and approved by the Court on March 12, 2009. Docket No. 49.

**IV.    Requests Nos. 113 and 114**

These requests seek documents describing the funding that the Antioch Police Department receives from the federal government and the State of California. Defendants state that they have agreed to provide such records and will produce them. According to plaintiffs, defendants have only produced documents relating to federal funding received by the City for 2008. The Court directs defendants to produce the responsive documents for all requested years and sources of funding.

**V.     Request No. 117**

This request seeks documents relating to the City of Antioch's insurance coverage. Defendants agreed to produce the actual coverage documents. Plaintiffs state that defendants produced the relevant memorandum of coverage, but did not produce certificate(s) of coverage, declarations evidencing limits of liability/coverage and related endorsements, if any. The Court directs defendants to produce the other materials, if available.

**VI.    Requests Nos. 122, 123, and 129-132**

These requests seek documents related to the detention and arrest of plaintiffs on March 7, 2007, records of any statements by (1) witnesses to the incidents, (2) plaintiffs while they were in custody, and (3) any person arrested in connection with the incident, as well as entries made in law enforcement databases relating to the incident. Defendants have produced several redacted documents from their Master Name Summary, but have not stated a reason to support these redactions. Plaintiffs state that the redactions appear to contain information pertaining to plaintiffs, and thus request the documents without redactions. Because defendants have failed to justify the redaction, the Court directs defendants to produce these documents without redaction.

**VII.   Request No. 58**

This request seeks documents relating to communications with and meetings attended by City employees concerning United Citizens for Better Neighborhoods ("UCBN"), any member or office holder of UCBN, or Gary Gilbert. Defendants object that UCBN has no affiliation with the City and/or

6

its employees, and that plaintiffs should subpoena such records directly from UCBN. The Court agrees with plaintiffs that the City's relationship with UCBN may be relevant given that the police department and UCBN have worked together on several prior occasions regarding incidents involving the police and African-Americans, including the March 7, 2007 incident. The Court therefore directs defendants to produce any responsive documents in defendants' possession relating to the City's own communications with UCBN or UCBN meetings attended by City employees.

**VIII.  Request No. 82**

This request seeks reports involving the Police Department's use of intermediate force, disaggregated by the race of the subject arrested or detained. Plaintiffs argue that these reports are relevant to their *Monell* claim. Defendants object that no such statistics are kept by race, and that it would be extremely burdensome and economically impossible to compile such statistics. Federal Rule of Civil Procedure 34(b)(2)(E)(i) states that "a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." The Court agrees that it would be burdensome for defendants to compile statistics based on race when the Police Department does not ordinarily keep such statistics. However, the Court agrees with plaintiffs that it is not burdensome for defendants to produce records relating to the intermediate use of force because Police Department policy requires such record keeping. Therefore, the Court directs defendants to provide reports involving the Police Department's use of intermediate force as they are ordinarily kept. If plaintiffs require these records to be sorted in a different manner, it is reasonable for defendants to require that plaintiffs pay for this sorting.

**IX.    Requests Nos. 85-88**

Requests 86 and 88 seek data, disaggregated by race, for the number of "persons detained, cited, cite released, or arrested for violations or alleged violations" of Penal Code sections 148(a)(1) and 69. Defendants have produced the requested data that was available from June 1, 2004 through December 14, 2007. Defendants state that no data past December 14, 2007 currently exists, and object that any such data would be irrelevant to the March 7, 2007 incident and burdensome to produce. The Court

agrees with defendants that plaintiffs have not shown that post-incident data is reasonably likely to lead to the discovery of admissible evidence and therefore no further production is required unless plaintiffs can narrow their request.

Requests 85 and 87 seek all incident reports relating to "persons detained, cited, cite released, or arrested for violations or alleged violations" of Penal Code sections 148(a)(1) and 69. Defendants object that producing all reports for the large number of arrests referenced in the statistical data they have provided would be burdensome and would result in significant privacy violations. The Court agrees that the burden posed to defendants by these requests outweighs their reasonableness in light of the fact that defendants have provided the statistical data for these incidents.

## X.   Requests Nos. 133 and 134

These requests seek all records of internal affairs investigations concerning the March 7, 2007 incident. Plaintiffs contend these records are relevant to plaintiffs' *Monell* claims. Defendants object that internal affairs records are personnel records under California law and that there are significant privacy protections for such records under California law. This privilege assertion based on California law is the same that defendants made with respect to police officer records, and which the Court has stated is inapplicable here. In *Soto*, the Court held that "the internal affairs history and statements of *any* police officer on the scene are relevant, regardless of whether or not those officers are named parties to the action." *Soto*, 162 F.R.D. at 611(emphasis original) (citations omitted); *see also Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (finding that internal investigation documents and statements by officers at the scene of the alleged incident were relevant to a claim under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). The Court finds that these requests seek potentially relevant information and therefore directs defendants to produce these documents. To the extent defendants have privacy concerns, the documents may be produced pursuant to the Stipulated Protective Order agreed upon by all parties and approved by the Court on March 12, 2009. Docket No. 49.

8

**CONCLUSION**

The Court directs defendants to produce documents in response to this order by **June 30, 2009.**

**IT IS SO ORDERED.**

Dated: June 17, 2009

SUSAN ILLSTON
United States District Judge