**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  DeARMAND E., *et al.*,                          No. C 08-1709 SI

9              Plaintiffs,                          **ORDER DENYING CONTRA COSTA
                                                    COUNTY'S MOTION TO QUASH**
10    v.                                            **SUBPOENAS**

11  CITY OF ANTIOCH, *et al.*,

12              Defendants.
                                        /
13

14        Contra Costa County, a non-party, has moved to quash two subpoenas served by plaintiffs on

15  the County.[1]  One subpoena is directed to Dan Cabral, Supervising Attorney of the Juvenile Division

16  for the Contra Costa County District Attorney's Office, and requests that Mr. Cabral be produced for

17  a deposition and bring six categories of documents to the deposition.  The second subpoena is

18  directed to the Custodian of Records, District Attorney's Office, Contra Costa County.

19        Contra Costa asserts a limited objection to both subpoenas to the extent that they seek

20  documents or testimony that is directly or indirectly related to a confidential juvenile case file for

21  "Victor F."  Contra Costa asserts that if this case were in state court, Cal. Welf. & Inst. Code § 827

22  would require a court order in order to release the information sought by plaintiffs' subpoenas.

23  Contra Costa acknowledges that this provision is not controlling in federal court.  Contra Costa

24  states that "[w]ithout more information regarding the specifics of the instant litigation, it is difficult

25  for the County to effectively argue that the confidentiality of Mr. Cabral's testimony and the

26  documents sought overrides the need for relevant evidence," and that "plaintiff should be forced to

27

28        [1] The letter briefs are found at Docket Nos. 69 and 70.

**United States District Court**
For the Northern District of California

1  prove that the relevance is significant and outweighs the privacy interest of the juvenile." Docket

2  No. 69 at 3.

3        Plaintiffs respond that the documents and testimony are highly relevant to plaintiffs' claims

4  of malicious prosecution, due process, and abuse of process claims against the City of Antioch.

5  Plaintiffs wish to depose Mr. Cabral about, *inter alia*, the decision not to prosecute Victor F., a

6  minor who was also involved in the March 7, 2007 incident at Gas City and who, according to

7  police records, was charged with more serious charges than plaintiffs. Plaintiffs state that the

8  Juvenile Division of the Contra Costa County District Attorney's Office did not pursue juvenile

9  delinquency charges against Victor F., but that the office did pursue such charges against plaintiffs,

10  and only after "it became clear that the City of Antioch would be sued for violating Plaintiffs' rights

11  under federal and state law." Docket No. 70 at 3. The Court agrees that this information could be

12  relevant to plaintiffs' malicious prosecution and abuse of process claims, as well as possible

13  impeachment of the defendant police officers.

14        The Court also finds that the document requests, which are limited to "documents relating to

15  communications with [Victor F.'s attorney] relating to the March 7, 2007 incident at Deer Valley

16  Plaza and Gas City," and "documents relating to the decision by the Contra Costa County District

17  Attorney's Office to not file a juvenile delinquency petition against [Victor F.] in connection with

18  the March 7, 2007 incident at Gas City," are narrowly tailored so as not to unduly infringe Victor

19  F.'s privacy rights. Further, plaintiffs state that they agree to designate as "highly confidential" any

20  documents produced by the County that contain information about juveniles, and that any documents

21  or deposition testimony regarding juveniles that is filed with the Court shall be done so under seal.

22        Accordingly, the Court DENIES the County's motion to quash. The parties shall meet and

23  confer regarding the scheduling of Mr. Cabral's deposition.

24

25      **IT IS SO ORDERED.**

26  Dated: July 17, 2009

27                                    SUSAN ILLSTON
                                  United States District Judge

28