IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeARMAND E., *et al.*, | No. C 08-1709 SI |
|     Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL FURTHER DEPOSITION ANSWERS** |
|   v. | |
| CITY OF ANTIOCH, *et al.*, | |
|     Defendants. | |

Plaintiffs have moved to compel the City Attorney for the City of Antioch, Lynn Nerland, to answer questions that she refused to answer at her deposition.[1] The questions asked for Ms. Nerland's "understanding" or "rationale" regarding disclosure of juvenile records and police officers' testimony at plaintiffs' expulsion hearings, and all of the questions at issue referenced emails between Ms. Nerland and the attorney for the Antioch Unified School District. The emails were produced by the School District. Ms. Nerland's attorney at the deposition instructed her not to answer the questions based on attorney-client privilege.

Plaintiffs contend that the attorney-client privilege is inapplicable because the School District is not Ms. Nerland's client. Plaintiffs also contend that to the extent the emails or communications were based on confidential communications between Ms. Nerland and her client (the City), the privilege has been waived because Ms. Nerland discussed these matters with persons other than her clients (School District personnel), and such discussions took place with the knowledge and consent of her clients.

The City responds that information sought is protected by the attorney-client privilege because

---

[1] The letter briefs are found at Docket Nos. 74 and 75.

the deposition questions asked for Ms. Nerland's "understanding" and "rationale" as to decisions or interpretation made by the City, which may have come after discussions with city employees. The City also argues that the privilege has not been waived under an exception to the waiver rule known as the "common interest doctrine." Under that doctrine,

> Participants in a joint or common defense or individuals with a community of interests may communicate among themselves and with the separate attorneys on matters of common legal interest, for the purpose of preparing a joint strategy, and the attorney-client privilege will protect those communications to the same extent as it would communications between each client and his own attorney.

*Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (quoting 1 Paul R. Rice, Attorney-Client Privilege in the United States § 4:35, at 192 (1999 ed.)). The City argues that the common interest doctrine applies here because Ms. Nerland and the School District's attorney were discussing strategies and legal issues pertaining to expulsion hearings involving both of their clients, and whether or not officers would testify at those hearings in light of pending criminal charges against plaintiffs. The City contends that the email communications were exchanged to further the City's and School District's interests and the attorneys' predecisional process to give legal advice to their clients. The City also states that it did not consent to the School District's production of the emails, and directs the Court to the City's standing objection made at the beginning of Ms. Nerland's deposition.

The Court finds that the information sought is protected by the attorney-client privilege. The questions asked for Ms. Nerland's "understanding" or "rationale" for certain decisions or opinions based on her communications with the School District's attorney and her own client. For example, Ms. Nerland was asked "What was your motivation or rationale for including protocol number three as part of the protocols relating to expulsion hearings?" The email referenced in the question, Ms. Nerland's April 23, 2007 email to Ms. Sacks, states, *inter alia*, "For all of these reasons, I have discussed with the Police Department establishing the following protocols for police officers testifying at expulsion (or any disciplinary) hearings . . . ." AUSD007785.

The Court also agrees with the City that the common interest doctrine applies and thus that the City did not waive the attorney-client privilege. The emails attached to plaintiffs' motion to compel discuss how the School District and the City will cooperate with regard to presenting police officers' testimony at plaintiffs' expulsion hearings. The emails were "made in the course of formulating a

2

common legal strategy, or otherwise furthering the parties' joint interest in this litigation." *Nidec*, 249 F.R.D. at 579 (internal citation and quotations omitted).  Accordingly, the Court DENIES plaintiffs' motion to compel.

**IT IS SO ORDERED.**

Dated: July 24, 2009

SUSAN ILLSTON
United States District Judge