| | |
|---|---|
| Jivaka Candappa (SBN 225919)<br>LAW OFFICE OF JIVAKA CANDAPPA<br>46 Shattuck Square, Suite 15<br>Berkeley, California 94704<br>Telephone: (510) 981-1808<br>Facsimile: (510) 981-1817<br><br>Attorney for Plaintiffs DEARMAND E., MICHAEL H., and NICHOLAS P. | Jenny C. Huang (SBN 223596)<br>JUSTICE FIRST, LLP<br>2831 Telegraph Avenue<br>Oakland, CA 94609<br>Telephone: (510) 628-0695<br>Facsimile: (510) 272-0711<br><br>Attorneys for Plaintiffs DEARMAND E., MICHAEL H., and NICHOLAS P. |
| Timothy P. Murphy (SBN 120920)<br>Dolores M. Donohoe (SBN 111432)<br>Nancy A. McPherson (SBN 129464)<br>EDRINGTON, SCHIRMER & MURPHY LLP<br>2300 Contra Costa Blvd., Suite 450<br>Pleasant Hill, California 94523<br>Telephone: (925) 827-3300<br>Facsimile: (925) 827-3320<br><br>Attorneys for Defendants<br>ANTIOCH UNIFIED SCHOOL DISTRICT, DEBORAH SIMS, JO ELLA ALLEN, ROBERT BRAVO, ANDY CANNON, RON LEONE, and BUKKY OYEBADE | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEARMAND E., a minor, by and through DEARMAND ELLIS, JR., his father/legal guardian; MICHAEL H., a minor, by and through ONITA TUGGLES, his mother/legal guardian; and NICHOLAS P., a minor, by and through BETTINA LAWRENCE, his mother/legal guardian,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, Chief of Police, Antioch Police Department, in his individual and official capacities; OFFICER JAMES VINCENT (#3747), OFFICER LEROY | Case No.: C 08-01709 SI<br><br>**SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND THE ANTIOCH UNIFIED SCHOOL DISTRICT DEFENDANTS REGARDING PLAINTIFFS' PATTERN AND PRACTICE CLAIMS**<br><br>Complaint Filed: March 28, 2008<br>Judge: Hon. Susan Illston |

| | |
|---|---|
| BLOXSOM (#2083), OFFICER PFEIFFER (#3707), OFFICER M. ZEPEDA (#4137), SERGEANT KEVIN ROGERS (#2464), OFFICER R. SOLARI (#2372), in their individual and official capacities; ANTIOCH UNIFIED SCHOOL DISTRICT; DEBORAH SIMS, ROBERT BRAVO, RON LEONE, in their individual and official capacities; JO ELLA ALLEN, ANDY CANNON, and BUKKY OYEBADE, in their individual capacity, <br><br>　　　　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

This Agreement ("Agreement") is made and entered into by and between Plaintiffs, DeArmand E., Nicholas P. and Michael H. ("Plaintiffs"), through their attorneys of record, and Defendants, the Antioch Unified School District ("District"). The Plaintiffs and the District hereinafter shall be collectively referred to as the "Parties."

## I.　　PURPOSE

A.　　This Agreement constitutes a material part of the overall settlement agreement between Plaintiffs and the Antioch Unified School District Defendants in the case of *DeArmand E. et al. v. City of Antioch et al.*, case number C 08-01709 (SI).

B.　　The Parties share a mutual interest in improving the various policies, procedures, and practices relating to students who are enrolled in the District, in fostering a school environment that engenders respect for and equal treatment of all students regardless of race or ethnicity, in ensuring that all students are disciplined in a just and lawful manner, and in preventing identity-based harassment of students.

C.　　Subject to Plaintiffs settling their monetary damage claims against the District, this Agreement resolves Plaintiffs' claims for injunctive and declaratory relief against the District. Upon termination of this Agreement, as set forth in Section III, paragraph F (1) below, Plaintiffs agree to dismiss such claims with prejudice.

D.　　This Agreement is binding upon and enforceable against all parties to this Agreement, their officials, principals, agents, employees, successors, assignees, and representatives in their official capacity.

*DeArmand E. v. City of Antioch et al.*　　　　　2　　　　　Case No. C 08-01709 SI
SETTLEMENT AGREEMENT RE.
PATTERN & PRACTICE CLAIMS

E.   This Agreement is not intended in any way to impair the rights of the parties to this Agreement to seek relief under applicable federal, state or local law for any reason whatsoever, and accordingly, any proceeding that is brought to enforce the terms of this Agreement shall not be deemed to limit thereby the rights and remedies of any of the parties to this Agreement.

## II.   DEFINITIONS

### A.   Antioch Unified School District

The "Antioch Unified School District" or the "District" includes the entity itself, the Board of Trustees, elected officials, principals, agents, employees, representatives, and any person acting on behalf of the Antioch Unified School District in their official capacity.

### B.   Education Code

The Education Code referenced in this Agreement is the California Education Code.

### C.   Administrative Hearing Panels

Administrative hearing panels are three-member panels established by the District pursuant to the relevant provisions in the Education Code to hear evidence and make recommendations concerning the expulsion of students from the District.

## III.   AGREEMENT

### A.   Policies and Handbooks

(1)   Anti-discrimination Policies

No later than the beginning of the Fall 2009 semester, the District will revise its anti-discrimination policies and its student handbooks so that they state in a clear, conspicuous, and easily accessible manner, that harassment, discrimination, and discriminatory discipline based on any protected category, including race, are expressly prohibited.

(2)   Discipline Policies

No later than the beginning of the Fall 2009 semester, the District will revise its discipline policies, including the discipline policies of each school within the District to ensure compliance with all legal requirements, including:

(i) removing suspension as a potential consequence for a first offense for conduct other than that listed in section 48900(a)-(e) of the Education Code;

(ii) providing students with written notice of suspensions;

(iii) specifying that students may only be suspended or expelled for the offenses listed in section 48900(a)-(r), 48900.2, 48900.3, and 48900.4 of the Education Code; and

(iv) stating that suspension and expulsion are not available consequences for truancy, tardiness, or unexcused absences.

(3) <u>Expulsion Procedures</u>

No later than the beginning of the Fall 2009 semester, the District agrees to draft a policy setting forth the procedures that should be followed when a school elects to pursue an expulsion, including a clear, practical, and complete explanation of students' legal rights in expulsion proceedings, which incorporates the applicable provisions of the Education Code. The policy to be drafted shall, at the very minimum, include the following:

(i) that students shall have the right to question and cross examine all adult witnesses;

(ii) the evidence to be introduced at expulsion hearings shall comply with the relevant provisions set forth in the Education Code;

(iii) that evidentiary hearings will be heard by the School Board, a panel of three certificated persons <u>or</u> an independent hearing officer (hereinafter "fact finder") as provided for in the relevant provisions of the Education Code;

(iv) that all rulings on the admissibility of evidence and other legal issues shall be made by the fact finder only;

(v) that students shall not be expelled solely on the basis of hearsay evidence even if such hearsay evidence would be admissible under an exception to the hearsay rule.

(4) <u>Discipline for Conduct after School Hours</u>

The District agrees not to take disciplinary action against any student for conduct that occurs after school at private business establishments, and to include a statement to that effect in its discipline policies.

(5) <u>Complaint Procedures</u>

No later than the beginning of the Fall 2009 semester, the District agrees to revise its policies and its student handbooks so that they explain, in a clear and practical manner, the

procedures for reporting harassment, discrimination, and discriminatory discipline based on any protected category, including race. Specifically, these revisions shall:

(i) ensure that the Uniform Complaint Procedure is included in all student handbooks and parents rights handbooks;

(ii) clarify how investigations involving allegations of harassment and discrimination will be conducted by the District, and at the very minimum provide a) a time frame during which the District will investigate and respond to such allegations, b) that the District, pursuant to state and federal law, prohibits retaliation and will not retaliate against any person who complains of or reports allegations of harassment and discrimination, and c) an assurance that the District will promptly address any alleged retaliation.

(6) <u>Publication and Dissemination of Complaint Procedures</u>

No later than the beginning of the Fall of 2009 semester, the District shall ensure that its Uniform Complaint Procedures and the District's revised complaint procedures are posted in plain view in the office at every school site and on the District's website.

(7) <u>Revision of the Memorandum of Understanding ("MOU") between the District and the City of Antioch and/or the Antioch Police Department regarding School Resource Officers</u>

The District agrees that, no later than the beginning of the Fall of 2009 semester, it will revise its MOU with the City of Antioch and/or the Antioch Police Department regarding School Resource Officers ("SROs"). Specifically, the revised MOU shall provide that:

(i) SROs are not responsible for enforcing school rules and should not become involved in responding to non-criminal discipline code violations unless specifically called upon by a school official to do so;

(ii) routinely, rule violations will not be handled as violations of law, but instead will be referred to the principal or the principal's agent for action;

(iii) any questions related to enforcement of rules versus laws within the school should be discussed with the Principal;

(iv) SROs shall not become involved in administrative (school-related) searches of students unless specifically requested by the school to provide security or protection, or for handling of

contraband;

(v) searches by SROs must be conducted under the direction and control of a school official;

(vi) at no time shall the SRO request that an administrative search be conducted for law enforcement purposes or have the school official act as his or her agent;

(vii) Any search of a student by the SRO shall be based upon probable cause and, when required, a search warrant should be obtained.

### B.      Staff Development

The District agrees to implement a Professional Development Program for the District's high school administrators, high school teachers, and other staff who are responsible for disciplining high school students ("Qualified Staff"). Specifically, the District agrees to provide training relating to the scope and application of the relevant provisions of the Education Code to all Qualified Staff who would be assigned to serve on administrative hearing panels in connection with expulsion proceedings.

### C.      Statistical Reporting

(1)     Student Discipline

The District agrees to maintain data regarding school discipline in a form disaggregated by race, grade, type of offense, discipline imposed, referring teacher, and school through its student information system. The District also agrees to train site staff on the inclusion of such information in all disciplinary entries made to the information system. The District agrees to ensure that referrals for discipline, in addition to actual disciplinary actions, are also recorded in the system. The District shall ensure that its computerized records are stored and maintained in a manner that would permit compliance with this provision.

(2)     Complaints

The District agrees to maintain a written record ("Incident Report") of the following complaints, whether written or verbal, made by parents, guardians or students:

(i) complaints of physical harassment;

(ii) complaints of verbal harassment or discrimination;

  (iii) complaints of discriminatory discipline.

  (3)   Content of Incident Reports

Each Incident Report shall include:

  (i) the name of the person making the allegation;

  (ii) the nature of the allegation and the date of the alleged allegation, and, if different, the name of the alleged victim;

  (iii) the race and grade of all persons alleged to have committed violations;

  (iv) the race and grade of all persons alleged to have been victims of the alleged violations;

  (v) the names of all persons who may have relevant information about the incident;

  (vi) any written statements regarding the complainant, the victim (if different from the complainant), and the alleged perpetrator;

  (vii) the outcome of the investigation, including any action taken by the District;

  (viii) copies of any documents supplied to the District or created by the District during the investigation or complaint process to be affixed as attachments to the Incident Report.

  **D.**   **Monitoring and Compliance**

The Parties stipulate that this Agreement shall be monitored by the ACLU of Northern California ("ACLU") in conjunction with the District's separate Settlement Agreement with the ACLU, which is attached hereto as Exhibit 1.

Pursuant to this Agreement and consistent with the District's separate settlement agreement with the ACLU, which is attached hereto as Exhibit 1, the District agrees to produce to the ACLU a copy of all of the policies, handbooks, and MOUs that will be revised pursuant to this Agreement with sufficient time for them to revised in part on feedback from the ACLU before they are reproduced or distributed in anticipation of the beginning of the Fall 2009 semester.

Pursuant to this Agreement and consistent with the District's separate settlement agreement with the ACLU, which is attached hereto as Exhibit 1, the District agrees to make available to the ACLU all statistical reporting relating to student discipline, as set forth in Section III, paragraph C (1) above, within two weeks of such information being requested.

The District agrees to provide the ACLU with a mid-year status report by February 15,

2010, setting forth the District's progress in complying with the provisions of this Agreement requiring action on the part of the District before and during the 2009-2010 school year.

The District further agrees to furnish the ACLU with annual updates on its progress in implementing the provisions of this Agreement set forth above. Each annual update shall take the form of a memorandum setting forth 1) the efforts undertaken by the District during the previous academic year with respect to the section set forth above, 2) the results of those efforts, and 3) the District's plan to continue those efforts in the coming academic year. To each such memorandum the District will attach supporting documentation evidencing the efforts described in the memorandum. The first annual update, reporting on the 2009-2010 academic year, shall be delivered to the ACLU no later than July 1, 2010. Each subsequent update shall be delivered to the ACLU no later than the first day of July after the academic year on which it reports.

The District also agrees that Plaintiffs' counsel shall be entitled to obtain copies of the relevant reports furnished to the ACLU by the District pursuant to this Agreement for the limited purpose of verifying the District's compliance with this Agreement. The District agrees that Plaintiffs' counsel may obtain the relevant reports from the ACLU or the District without obtaining prior permission from the District.

### E. Breach or Default

Should the District fail to implement any of the provisions set forth in this Agreement, Plaintiffs shall have the right to bring an appropriate action for relief stemming from the District's failure to perform, including but not limited to an action seeking specific performance, subject to the limitations set forth in the Section III, paragraph D, "Monitoring and Compliance."

In the event of an alleged default or breach of any terms or conditions of this Agreement, the party alleging such default or breach shall give the other party not less than thirty (30) days notice in writing specifying the nature of the alleged default or breach and the manner in which said default or breach may be cured. During any such thirty (30) day period, the party charged shall not be considered in default or breach for purposes of institution of legal proceedings.

The parties to this Agreement through their respective signatories agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the

purpose of enforcing the terms of this Agreement.

F. **Miscellaneous**

(1) <u>No Admission of Liability</u>

The Parties agree that this Agreement shall not constitute an admission of any violation of any provision of federal, state or local law or any liability or fault by either party.

(2) <u>Effective Period</u>

The effective period of this Agreement is August 15, 2009, through August 31, 2014, during which time the United States District Court for the Northern District of California shall retain jurisdiction over this action.

(3) <u>Attorneys' Fees</u>

The Parties each agree to bear their own attorneys' fees and costs in connection with this Agreement, not including any future action to enforce the terms of this Agreement.

(4) <u>Counterparts</u>

This Agreement may be signed in counterparts, which shall constitute a single document when executed by the Parties. Signatures transmitted via facsimile shall have the same force and effect as the originals.

DATED: August 19, 2009   Defendant, ANTIOCH UNIFIED SCHOOL DISTRICT

By: _____
WALTER RUEHLIG, President Board of Trustees

DATED: August 19, 2009   Defendant, ANTIOCH UNIFIED SCHOOL DISTRICT

By: _____
DONALD GILL, Acting Superintendent

DATED: ~~August~~ September 4, 2009    EDRINGTON, SCHIRMER & MURPHY LLP

By: /s/ Dolores M. Donohue
TIMOTHY P. MURPHY
DOLORES M. DONOHOE
NANCY McPHERSON
Attorneys for Defendants
ANTIOCH UNIFIED SCHOOL DISTRICT,
DEBORAH SIMS, JO ELLA ALLEN, ROBERT
BRAVO, ANDY CANNON, RON LEONE, and
BUKKY OYEBADE

DATED: August 22, 2009    LAW OFFICE OF JIVAKA CANDAPPA

By: /s/
JIVAKA CANDAPPA
Attorney for Plaintiffs
DEARMAND E., MICHAEL H., and NICHOLAS P.

DATED: August 22, 2009    JUSTICE FIRST LLP

By: /s/ Jenny Huang
JENNY HUANG
Attorneys for Plaintiffs
DEARMAND E., MICHAEL H., and NICHOLAS P.

**ORDER**

Pursuant to the agreement of the parties,

**IT IS SO ORDERED.**

DATED: 9/8/09

/s/ Susan Illston
HON. SUSAN ILLSTON, JUDGE
UNITED STATES DISTRICT COURT