IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEARMAND E., et al.,

      Plaintiffs,

  v.

CITY OF ANTIOCH, et al.,

      Defendants.
                                      /

No. C 08-1709 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On November 5, 2009, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning November 16, 2009. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel. The jury will be selected on Thursday, November 12, 2009 at 9:30 a.m., but the trial will commence on Monday, November 16, 2009.

3. **Jury instructions**: Counsel have submitted joint proposed jury instructions. Their final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 13 (windows) on or before November 16, 2009.

4. **Trial exhibits**: No later than November 13, 2009, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Bifurcation:** Defendants have moved to bifurcate trial of the individual liability claims from the *Monell*-related claims, and liability claims from compensatory damage claims, and compensatory damage claims from punitive damage claims, resulting in four potential mini-trials before the same jury. The motion is DENIED, with the exception of punitive damages. As to liability, the *Monell*-related evidence will overlap in substantial part with other liability evidence and will have to be presented in any event. While the Second Cause of Action against the City depends on the outcome of the § 1983 claims against the individual officers in the First Cause of Action, some claims against the City are not so dependent (e.g., Fifth, Sixth and Sixteenth Causes of Action). Thus the proposed bifurcation could cause duplication of testimony and delay. Any potential prejudice to the individual officers can be controlled by appropriate limiting instructions. The Court will bifurcate trial of the question of punitive damages if requested.

6. **Timing of trial**: The parties originally estimated that the trial will take from 8 to 12 trial days including jury selection. Jury selection will be completed in advance of trial, and the Court finds that 9 additional days should be ample to complete the trial. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 20 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

7. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. Because of the Thanksgiving holiday, the court is closed on November 26 and 27, 2009.

8. **Motions in limine**: The parties filed numerous motions in limine, as follows:

**Plaintiffs' motion No. 1: to admit prior judicial and administrative agency findings re: expulsions and plaintiffs' request for judicial notice:** Plaintiffs seek to inform the jury that plaintiffs' expulsions were reversed; this request is GRANTED and, to this extent, the administrative and judicial findings about the expulsions will be judicially noticed. The parties are ordered to draft a neutral stipulation or instruction which will inform the jury of this fact. Since plaintiffs have settled

their claims against the school district, the validity of the expulsion proceedings will not be relitigated in this action. Admissibility of testimony about specific actions taken by individual defendants or witnesses will be addressed as the evidence is presented at trial.

**Plaintiffs' motion No. 2: to exclude testimony by defendants' non-retained experts:** Defendants have designated various of their employee/witnesses as "non-retained experts." Plaintiffs seek to exclude their testimony for violation of F.R.Civ.P. 26(a), since they did not provide reports. This motion is DENIED, without prejudice to specific objections to specific questions at trial.

**Plaintiffs' motion No. 3: to exclude lay witnesses disclosed by defendants:** Plaintiffs object to testimony by witnesses disclosed by defendants in their second supplemental disclosure on May 18, 2009. This motion is DENIED. Plaintiffs also object to testimony by Lt. R. Kelley because she was not previously disclosed as a witness, and they have not had an opportunity to depose her. This motion is GRANTED unless Lt. Kelley is made available for deposition before trial.

**Plaintiffs' motion No. 4: to exclude evidence of plaintiff Michaels' prior detentions and arrests by the Antioch Police Department:** DENIED, without prejudice to specific objections to specific questions at time of trial. Further, the Court will give appropriate limiting instructions should they be requested.

**Defendants' motion No. 1: to exclude evidence of personnel related issues of the individual defendants:** The motion seeks to exclude all information about the individual defendants' prior "personnel issues" gleaned from records of citizen complaints, internal investigations and/or potential disciplinary records. As such it is overbroad and DENIED. However, it is ORDERED that no such "personnel issues" shall be discussed in the jury's presence (through opening statements or witness questioning) unless the offering party makes an offer of proof to the Court out of the presence of the jury and receives permission from the Court to proceed.

**Defendants' motion No. 2: to exclude all evidence concerning the school district, its settlement, plaintiffs' expulsions, and communications with Lynn Nerland**: This motion is overbroad and is DENIED. As discussed in Plaintiffs' motion No. 1, the jury may be informed that the plaintiffs were expelled and that the expulsions were reversed. They jury may also be informed that plaintiffs settled their claims with the school district; the parties are ordered to draft a neutral stipulation

or instruction which will inform the jury of this fact. Communications with Lynn Nerland will be allowed consistent with the Court's prior Order (Docket 78). California Civil Code § 47(b) is inapplicable in federal § 1983 claims.

**Defendants' motion No. 3: to exclude evidence of other incidents between the Antioch Police Department and plaintiffs or other juveniles:** This motion is overbroad and is DENIED, without prejudice to specific objections to specific questions at trial. If requested, appropriate limiting instructions will be given.

**Defendants' motion No. 4: to exclude evidence involving the prosecution of plaintiffs and/or other juveniles involved in the Gas City incident:** Plaintiffs seek to introduce evidence that the defendants referred plaintiffs for further prosecution eight months after the Gas City incident, in retaliation for plaintiffs' having filed claims/complaints about the incident. Defendants move to exclude all such evidence, based on absolute immunity, relevance and undue prejudice. The motion is DENIED. There is no absolute immunity when a police officer also functions as a complaining witness. *Harris v. Roderick*, 126 F.3d 1189, 1199 (9th Cir. 1997), and the evidence may be relevant. If requested, appropriate limiting instructions will be given.

**Defendants' motion No. 5: to exclude testimony of expert Walser**: DENIED. Objections go to weight of testimony and may be explored through cross-examination.

9. **Further Settlement Conference:** The parties are ordered to report to the chambers of Magistrate Judge James Larson to attend a **settlement conference at 2:00 p.m. on Thursday, November 12, 2009**, immediately after jury selection.

**IT IS SO ORDERED.**

Dated: November 7, 2009

SUSAN ILLSTON
United States District Judge